**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**CEDAR RAPIDS DIVISION**

| | |
|---|---|
| ANTHONY CERVANTES and MIKE CROSS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CRST INTERNATIONAL, INC. and CRST EXPEDITED, INC.,<br><br>Defendants. | Case No. 1:20-cv-00075-CJW-KEM<br><br>Honorable Judge C.J. Williams<br><br>PLAINTIFFS' MOTION TO CERTIFY COUNTS 2, 3, 4, 5, AND 6 AS RULE 23 (B)(3) CLASS ACTIONS |

**DECLARATION OF MICHAEL J.D. SWEENEY**

I, Michael J.D. Sweeney, declare under penalty of perjury as follows:

1. I make these statements based on personal knowledge and would so testify if called as a witness at trial.

2. I am a member of the firm of Getman, Sweeney & Dunn, PLLC ("GSD") in Kingston, New York, Plaintiffs' counsel herein.

3. I have been co-lead attorney primarily responsible for the prosecution of Named Plaintiffs' and opt-in Plaintiffs' claims against Defendants. This case presents issues similar to other large class cases previously handled jointly by Getman, Sweeney & Dunn, PLLC, Martin & Bonnett, P.L.L.C., and Edward Tuddenham as co-lead counsel, including *Cilluffo v. Central Refrigerated Serv., Inc.*, No. 12-cv-886-VAP (OPx) (C.D. Cal. 2018) (Rule 23 and FLSA classes certified; settlement approved) and *Van Dusen v. Swift Transp. Co., Inc.*, No. 2:10-cv-899 JWS (D. Ariz.) (Rule 23 and FLSA classes certified; $100M class settlement approved). GSD, Martin & Bonnett, P.L.L.C., and Edward Tuddenham also serve as co-lead counsel in another action

currently pending in the Central District of California, where they have been approved as Class Counsel: *Canava v. Rail Delivery Serv. Inc.*, No. 5:19-cv-401-JGB (KK) (C.D. Cal. 2019) (Rule 23 and FLSA classes certified).

4. In addition to the two Named Plaintiffs, there are 631 Opt-In Plaintiffs in this case to date.

5. Attached to Plaintiffs' Motion to Certify are true and correct copies of the following documents, which were produced by Defendants in discovery:

a. Ex. 1: Lease Purchase Ad Copy, CRST004355

b. Ex. 2: CRST's Website (excerpt), CRST009805 (from CRST009802–CRST009809)

c. Ex. 3: Ad Copy, CRST004354

d. Ex. 4: Ad Copy, CRST004356

e. Ex. 5: Ad Copy, CRST004357

f. Ex. 6: Screenshot of CRST's Website, PLT-MC-000012

g. Ex. 7: Screenshot of Ad, PLT-MC-000009

h. Ex. 8: Screenshot of Ad, PLT-MC-000011

i. Ex. 9: Automated Email, CRST010504

j. Ex. 10: Automated Email, CRST010506

k. Ex. 11: Lease Purchase Information Packet, CRST004240–CRST004246

l. Ex. 12: Recruiter Call Flow Chart, CRST010864

m. Ex. 13: Email to Cervantes Regarding Car Rental, PLT-AC-000106–PLT-AC-000107

n. Ex. 14: Orienation Agenda, PLT-AC-000180

o. Ex. 15: February 2018 Information Packet, CRST004254–CRST004262

p. Ex. 16: August 2018 Information Packet, CRST004263–CRST004271

q. Ex. 17: January 2019 Information Packet, CRST004272–CRST004280

r. Ex. 18: August 2019 Information Packet, CRST004281–CRST004289

s. Ex. 19: September 2019 Information Packet, CRST004290–CRST004298

t. Ex. 20: January 2020 Information Packet, CRST004299–CRST004305

u. Ex. 21 May 2020 Information Packet, CRST004306–CRST004313

v. Ex. 22 May 2021 Information Packet, CRST004314–CRST004320

w. Ex. 23 Cervantes Lease, CRST000125–CRST000147

x. Ex. 24 CRST Information Packet (excerpt), CRST010032, CRST010038 (from CRST010032–CRST010042)

y. Ex. 25: ICOA Summary Review (excerpt), CRST005006, CRST005012 (from CRST005006–CRST005069)

## A. QUALIFICATIONS OF GETMAN SWEENEY & DUNN, PLLC

6. GSD handles FLSA and other wage and hour litigation for employees throughout the United States. Most of the FLSA litigation handled by GSD is handled through collective actions and hybrid Rule 23 class and FLSA collective actions combined. All litigation of the firm is handled on a contingent basis.

7. GSD is regularly approved as class counsel and has never been rejected as class counsel in a certified class.

8. In addition to this case, GSD is currently handling litigation around the United States, including collective and class actions in the Central District of California, the Western District of Michigan, the District of New Jersey, the Southern District of New York, the Eastern District of Pennsylvania, the District of South Carolina, the Eastern District of Wisconsin (on appeal to the Seventh Circuit), the District of Arizona, the Middle District of Tennessee, and the District of Connecticut. The firm is also handling mass individual actions in arbitration against

numerous defendants. For a summary list of major litigation currently under litigation by GSD, see the firm's website at http://getmansweeney.com/current-cases. The firm has been lead counsel in two significant trucking misclassification cases which have resolved—*Cilluffo v. Central Refrigerated Serv., Inc*., No. 12-cv-00886-VAP (C.D. Cal.) (GSD approved as class counsel) and *Van Dusen v. Swift Transp. Co., Inc.*, No. 2:10–cv–899 JWS (D. Ariz.) (same)—and three others, which are currently pending—*Canava v. Rail Delivery Serv. Inc.*, No. 5:19-cv-401-JGB (KK) (C.D. Cal.) (class and collective actions certified); *Elmy v. Western Express, Inc.*, No. 3:17-cv-1199-WLC (M.D. Tenn.) (same); *Brant v. Schneider National Inc.*, No. 21-2122 (7th Cir.; on appeal from E.D. Wis. No. 1:20-cv-1049-WCG) (collective and class action status yet to be determined).

9. GSD's experience, qualifications, and performance has been repeatedly complemented by courts:

a. "The quality of representation for the class was excellent. It was a well litigated case and well-tried case at trial. . . . [and referring to both sides] the case was just terribly well done, it was hard-fought at every point, as it should be, and yet even though counsel were suitably aggressive, you were always respectful of the process, and it's a real pleasure for me to preside over it, and I want to thank you all." U.S. District Judge Denise L. Cote, *Roseman v. Bloomberg, L.P.*, 1:14-cv-02657-DLC (S.D.N.Y.), transcript of fairness hearing held Oct. 15, 2018 (approving $54.5M settlement reached mid-trial);

b. "The Court remains impressed by the result achieved in this case and the time and resources invested by Plaintiff's counsel." Chief U.S. District Judge Virginia A. Phillips in *Cilluffo v. Central Refrigerated Servs., Inc.*, 12-cv-886-VAP-OPx, ECF 298, at 18-19 (C.D. Cal. April 3, 2018);

c. GSD "performed ably, efficiently, and ethically, displaying admirable expertise, professionalism, and diligence in representing their many clients." Former Judge for

the Second Circuit Court of Appeals George C. Pratt, serving as Arbitrator in *Herrington v. Waterstone Mortg. Corp.*, AAA No. 01 14 0000 4860 (July 5, 2017);

d. "Class Counsel has extensive experience in litigating wage and hour collective and class actions. Numerous courts have recognized Class Counsel's extensive experience in successfully litigating wage and hour cases." U.S. Magistrate Lisa Margaret Smith in *Murphy, et al, v. Northern Dutchess Paramedics*, 7:11-cv-05661-LMS, ECF ¶ 15 (S.D.N.Y. Aug. 15, 2014);

e. "Defendants do not challenge the adequacy of the class counsel. They would be hard-pressed to; as another court recently noted, counsel's qualifications are 'stellar'". U.S. District Judge Brian M. Cogan in *Morangelli v. Chemed Corp.*, 275 F.R.D. 99, 119 (E.D.N.Y. 2011);

f. GSD "has brought to bear its considerable experience in handling class actions, and other complex litigation, particularly claims of the type asserted in the present action" Senior District Judge Jack B. Weinstein, in *Lewis v. Alert Ambulette Serv. Corp.*, No. 11-CV-442, 2012 WL 170049, at *15 (E.D.N.Y. Jan. 19, 2012);

g. "Both this Court and other district courts around the country have recognized Plaintiffs' counsel's experience and skill in prosecuting wage-and-hour class litigation." U.S. District Judge Jose Linares in *Brumley v. Camin Cargo Control, Inc.,* No. CIV.A. 08-1798 JLL, 2012 WL 1019337 (D.N.J. Mar. 26, 2012);

h. "[C]lass counsel is comprised of competent and experienced class action attorneys that are readily capable of prosecuting Plaintiffs' claims. Class counsel is highly experienced in wage-and-hour litigation . . . [possessing] 'stellar qualifications'. . . . Based on the Court's experience in supervising this litigation, [GSD] has demonstrated the utmost skill and professionalism in effectively managing these consolidated actions and bringing them to a successful conclusion." U.S. Magistrate Mark Falk in *Bredbenner v. Liberty Travel, Inc.,* No. CIV.A. 09-1248 MF, 2011 WL 1344745, at *7-8, 20 (D.N.J. Apr. 8, 2011);

i. GSD is "qualified, experienced, and able to conduct complex litigation." U.S. District Judge Denise L. Cote in *Roseman v. Bloomberg L.P.*, 1:14-cv-02657-DLC-KNF (S.D.N.Y. Sept. 21, 2017), Doc. 307;

j. GSD has a "high level of experience," U.S. District Judge Michael A. Telesca, in *Salazar-Martinez v. Fowler Bros*., No. 10-CV-6257, 2012 WL 4062582, at *2 (W.D.N.Y. Sept. 14, 2012);

k. "You guys . . . make my job enjoyable. They were tough issues. They were well-presented, articulated. You made me all proud to be a lawyer." U.S. District Judge Ronald B. Leighton, in *Thomas v. Kellogg Company*, No. 13-cv-5136-RBL (W.D. Wash. May 18, 2018) (referring to both GSD and defense counsel).

10. GSD consists of eight full-time attorney positions: three members of the firm—Matthew Dunn, Artemio Guerra, and me; and five associates—Lesley Tse, Meagan Rafferty, Rocio Topete, Emily Sullivan, and Rebecca King.

11. I graduated *cum laude* from Fordham Law School in June 1996. I joined the Law Office of Dan Getman in September 2004. I became a partner in the firm on January 1, 2009, and the firm became Getman & Sweeney, PLLC. Since then, I have litigated many wage-and-hour cases in federal court. The vast majority of those cases have involved class litigation, either as a FLSA collective action, a Fed. R. Civ. P. 23 class action or a hybrid of the two. I have also lectured on wage and hour issues and authored amici briefs and commentary on wage and hour issues on behalf of National Employment Lawyers Association and the National Employment Law Project. I am admitted to practice in The Supreme Court of the State of New York; the United States Court of Appeals for the Second Circuit; the U.S. District Courts for the Southern, Northern, and Eastern Districts of New York and the Central District of Illinois; and the U.S. Court of Federal Claims.

12. Mr. Dunn graduated from Lewis and Clark Law School (Portland, Oregon) and received his Juris Doctor in May 2003. During law school he worked as an intern with Magistrate

Judge Dennis J. Hubel in the District Court for the District of Oregon. Mr. Dunn joined Getman & Sweeney as an associate attorney in January 2007 and became a partner in January 2016, at which time the firm became Getman, Sweeney & Dunn. Since joining the firm, he has handled a continuous caseload involving matters brought under the FLSA, New York State Labor Laws, and other state labor laws. In addition to cases on behalf of individual plaintiffs, he has worked on a variety of class and collective action cases. Mr. Dunn is admitted to practice in the states of New York and Oregon, and the U.S. District Courts for the Southern, Eastern, and Northern Districts of New York and the Western District of Michigan.

13. Mr. Guerra graduated from Fordham Law School in May of 2010. He received an M.S. from Hunter College in Urban Studies in 2005 and received a B.S. from Toccoa Falls College in Philosophy and Religion in 1996. Mr. Guerra joined GSD as an associate attorney in 2012 and became a partner in October 2020. Before joining GSD, he was the coordinating attorney of the Immigrant Worker Rights Project at Catholic Migration Services in Queens, New York, where he represented low-wage workers in wage and hour litigation and managed a collaborative effort with the Occupational Safety and Health Administration and the U.S. Department of Labor to educate workers about their rights. At GSD, Mr. Guerra has also handled a continuous caseload involving matters brought under the FLSA, New York State Labor Laws, and other state labor laws and has worked on a variety of class and collective action cases. Mr. Guerra is admitted to practice in the state of New York, and the U.S. District Courts for the Southern and Eastern Districts of New York.

14. GSD currently employs seven paralegals. GSD paralegals perform sophisticated case teamwork—involving regular client communications, discovery production with clients, explaining complex case-related information, and perform document management and retrieval.

This work requires complete familiarity with the facts of the case, parties' legal positions, procedural measures, and litigation posture. GSD paralegals are unique insofar as the firm exclusively hires highly-educated individuals to perform the role—all at a far lower cost than could be done had their work been done by junior attorneys. GSD paralegals all have postgraduate degrees; they have a cumulative total of eight masters, or higher, degrees.

15. GSD also employs three data scientists (specialized paralegals). The data scientists have four advanced degrees among them and significant experience in data analysis. Their work focuses on development of programming techniques utilizing languages such as Java, Python, SQL, and VBA, which are necessary to accommodate the millions of data points that are generated in GSD's cases. These advanced analytical techniques allow GSD to create the complex damage models, scour and clean data from seemingly incoherent sources, perform in-depth data driven forensic investigations, and create user friendly tools to explore data trends—which ensure that our clients receive fair and equitable recoveries.

16. For a fuller summary of the qualifications of Getman, Sweeney & Dunn's attorneys, paralegals, and data scientists, please see the firm's website at: https://getmansweeney.com/our-team/.

**B. QUALIFICATIONS OF MARTIN & BONNETT, P.L.L.P.**

17. Susan Martin of Martin & Bonnett has worked as co-counsel in this case, along with the partners, associates and paralegals in her firm. She has more than 40 years of experience litigating class action cases. She received her J.D. from the New York University School of Law in 1976 and was admitted to practice law in the State of New York in 1977 and the State of Arizona in 1992.

18. Ms. Martin has represented retirees and plaintiffs in employment litigation in both individual cases and as class counsel throughout her career. She and the firm have served as lead counsel or been extensively involved in the following class action cases brought in multiple jurisdictions involving the FLSA and state wage claims, ERISA and public employee pension benefits and multiple other areas of employment law brought on behalf of classes of employees or retirees: *Cilluffo v. Central Refrigerated Serv., Inc.*, No. 12-cv-886-VAP (OPx) (C.D. Cal. 2018) (settlement approved); *Wade v. Ariz. State Ret. Sys.*, 390 P.3d 799 (Ariz. 2017) (ruling for plaintiffs); *Tom v. Com Dev USA, LLC*, No. 16-cv-1363-PSG-GJSX, 2017 WL 10378629 (C.D. Cal. Dec. 4, 2017) (approving settlement); *Shaw et al v. Terrace Mgmt., LLC*, No. 16-cv-65-PHX-DCB (D. Ariz.) (FLSA); *Russell et al v. Swick Mining Servs.* (USA), Inc., No. 16-cv-2887-JTT (D. Ariz.) (FLSA); *Bryant v. Ariz. Pipe Trades Pension Tr. Fund*, No. 13-cv-1563-PHX-GMS, 2015 WL 300385 (D. Ariz. Jan. 22, 2015) (granting class certification); *Collinge v. IntelliQuick Delivery, Inc.*, No. 2:12-cv-824-JWS, 2018 WL 1088811 (D. Ariz. Jan. 9, 2018) (summary judgment in FLSA collective/class action); *Valdez v. Merle's Auto. Supply Inc.*, No. 4:14-cv-1935-TUC-DCB (D. Ariz.) (FLSA); *Am. Fed'n of State Cnty & Mun. Emps. Local 2384 v. City of Phoenix*, No. CV 2014-011788 (Ariz. Super.); *Allbaugh v. Cal. Field Ironworkers Pension Tr.*, No. 2:12-cv-561-JAD, 2014 WL 3814026, at *3 (D. Nev. Aug. 4, 2014) (granting class certification); *Dusik v. Holsum Bakery, Inc.*, No. 12-cv-648-PHX-NVW (D. Ariz.) (FLSA); *Piccioli v. City of Phoenix*, No. CV 2012-010330 (Ariz. Super.); *Burns v. Gatekeeper*, No. CV 2010-022262 (Ariz. Super.); *Frazier v. Honeywell Int'l, Inc.*, No. 2:10-cv-1618-PHX-DJH (D. Ariz.); *Rose v. Wildflower Bread Co.*, No. 09-cv-1348-PHX-JAT, 2011 WL 196842 (D. Ariz. Jan. 20, 2011) (granting certification in FLSA action); *Becker v. W. Conf. of Teamsters Pension Fund*, No. 08-cv-2130-PHX-FJM (D. Ariz.); *Traylor v. Avnet, Inc.*, 257 F.R.D. 521, 529 (D. Ariz. 2009)

(granting class certification); *Brubaker v. Deere & Co.*, No. 08-cv-113 (S.D. Iowa); *Allen v. Honeywell Ret. Earnings Plan*, 382 F. Supp. 2d 1139, 1143 (D. Ariz. 2005) (granting in part summary judgment for plaintiffs); *Loewy v. Ret. Comm.*, No. 03-cv-2284-PHX-FJM (D. Ariz.); *Johnson v. Buckley*, 356 F.3d 1067 (9th Cir. 2004); *Noriega v. City of Scottsdale*, No. CV 2002-013500 (Ariz. Super.); *Klement v. Sierra Vista Cmty. Hosp.*, No. 99-cv-101-TUC-ACM (D. Ariz.) (FLSA); *Gould v. Loral Corp.*, No. 97-cv-2168-PHX-RCB (D. Ariz.); *Johnson v. Ga. Pacific Corp.*, 19 F.3d 1184 (7th Cir. 1994); and *Ivelich v. W. Grower's Pension Tr.*, No. 97-cv-20649 (N.D. Cal.). Within the past several years, several of the recent class cases resulted in favorable rulings and/or settlements that were approved by courts.

19. Ms. Martin is active in the American Bar Association's Labor and Employment Law Section, has authored papers and lectured frequently at ABA LEL national and mid-winter meetings and served as Co-Chair for the ABA's Employee Rights and Responsibilities Committee. She has also written papers and presented lectures at numerous conferences including of the AFL-CIO Lawyers' Coordinating Committee, the Arizona Employment Lawyers Association and the Arizona State Bar Association.

20. Ms. Martin's partner, Daniel Bonnett, also performed work in this case. Mr. Bonnett has been practicing law for 40 years. He was admitted to practice law in Illinois in 1978 and in Iowa in 1986 where he practiced in Rock Island County, Illinois and Scott County, Iowa. In 1991, Mr. Bonnett moved to Arizona. He passed the Arizona Bar and was admitted to practice law in Arizona in 1992. Together with Ms. Martin he founded the firm of Martin & Bonnett in 1994. The firm practices exclusively on behalf of employees, retirees and unions and brings litigation under a wide variety of employment or employee benefits related statutes. Mr. Bonnett

has also been directly involved as co-counsel or lead counsel along with his partner, Susan Martin, in the class and collective action cases identified in paragraph 18.

21. Mr. Bonnett graduated from Augustana College (Ill.) with a B.A. in 1975 and received his J.D. from Drake University School of Law in 1978 after which he was admitted to the Illinois Bar and began immediately litigating cases as an Assistant State's Attorney in Rock Island County, Illinois. Mr. Bonnett is admitted in the United States District Courts for the Northern District of Iowa, Central District of Illinois, District of Connecticut, and District of Arizona, as well as the United States Courts of Appeals for the Sixth, Seventh, Eighth, and Ninth Circuits.

22. Mr. Bonnett is a Fellow in the College of Labor and Employment Laws and is active in the American Bar Association's Labor and Employment Law (LEL) Section. He has authored papers and lectured frequently at ABA LEL national and mid-winter meetings and has served as Co-Chair for the ABA LEL Section's Employee Rights and Responsibilities Committee. He has written papers and presented lectures at multiple conferences including regular presentations at the ALE-CLE (formerly, ALI-ABA) Annual Current Developments in Employment Law, Santa Fe Conference. Mr. Bonnett is rated AV-Preeminent – Judicial Edition by Martindale Hubbell and is a member of the Illinois, Arizona, and Maricopa County Bar Associations and serves on the board of directors of the Arizona Employment Lawyers Association.

**C. QUALIFICATIONS OF EDWARD TUDDENHAM**

23. Edward Tuddenham serves as of counsel with GSD in this case.

24. Mr. Tuddenham graduated from Harvard Law School *magna cum laude* with his J.D. in June 1978, and he received a B.A. from Cornell University in 1974.

25. Mr. Tuddenham has been practicing law for over 40 years. He was admitted to practice in Texas in 1979 and in New York in 1981. He is a member of the bars of the U.S. Supreme

Court; the Courts of Appeals for the Second, Third, Fifth, Ninth Eleventh and D.C. Circuits; the U.S. District Courts for the Southern, Eastern, and Western Districts of New York and the Eastern, Western, and Northern Districts of Texas, as well as numerous other district courts throughout the United States.

26. Mr. Tuddenham started his legal career in 1979 as a staff attorney for Texas Rural Legal Aid in Hereford, Texas. From 1985 until 1989 he was employed by the Migrant Legal Action Program, Washington, D.C. to litigate class action civil claims arising under the federal H-2 temporary guestworker program and to supervise and coordinate H-2 litigation filed by federally funded legal services offices throughout the country. From 1989 until 1999 he worked in private practice in Austin, Texas with the firm of Wiseman, Durst, Tuddenham & Owen doing plaintiff employment and civil rights litigation. Since 1999 he has been a solo practitioner primarily engaged in employment and civil rights litigation on behalf of low wage workers. Since entering private practice in 1989, the greater part of his time has been spent on litigating class action cases including cases involving violations of the FLSA and state wage and hour laws.

27. Mr. Tuddenham has litigated numerous class and collective wage and hour and civil rights actions. *See, e.g., Montelongo v. Meese,* 803 F.2d 1341 (5th Cir. 1986) (action by U.S. workers displaced by approval of H-2 visas for Presidio Valley farmers); *Marquis v. U.S. Sugar Corp.*, 652 F. Supp. 598 (S.D. Fla. 1987) (antitrust action against sugar cane industry for fixing the price of labor for U.S. and H visa workers and for blackballing U.S. workers in order to ensure access to H-2 workers); *Frederick Cnty. Fruit Growers Assn, Inc. v. Martin,* 968 F.2d 1265, (D.C. Cir. 1992) (H-2 and U.S. workers intervening in employer challenge to DOL wage regulations claim obtained back piece rate wages due pursuant to those regulations for class of more than 6,000 apple pickers from a defendant class of employers); *Okeelanta v. Bygrave*, 660 So. 2d 743 (Fla.

4th DCA 1995) (wage claim on behalf of class of 10,000 H-2A sugar cane cutters); *Sugar Cane Growers Cooperative of Florida v. Pinnock*, 735 So. 2d 530 (Fla. 4th DCA 1999) (action on behalf of class of sugarcane cutters for breach of H-2 contract guarantee); *Arriaga v. Fla. Pacific Farms*, 305 F.3d 1228 (11th Cir. 2002) (FLSA action to recover visa, transportation and recruitment costs incurred by H-2A workers); *Villanueva v. TruGreen Partners*, No. 1:06-cv-185-GMS (D. Del. 2006) (Breach of contract and RICO claim against employer that required workers to accept wage below DOL certified wage after they had traveled to U.S.); *Paulus v. RigStaff*, No. 08-cv-1104 (D.N.M. 2008) (breach of contract/quantum meruit/FLSA claim on behalf of Indonesian H-2B workers employed at wages and jobs in violation of labor certification); *Rivera v. Brickman*, 2008 WL 81570 (E.D. Pa. 2008) (holding that visa, transportation and recruitment expenses incurred by H-2B workers had to be reimbursed to the extent such expenses brought the workers' wages below the FLSA minimum).

Executed this fifteenth day of December, 2021
Kingston, New York.

*/s/ Michael J.D. Sweeney*

Michael J.D. Sweeney
Getman, Sweeney & Dunn, PLLC
260 Fair Street
Kingston, NY 12401
(845) 255-9370
msweeney@getmansweeney.com