# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| Anthony Cervantes and Mike Cross, individually and on behalf of all other similarly situated persons,<br><br>        **Plaintiffs,**<br>v.<br><br>CRST, International, Inc., and CRST Expedited, Inc.,<br><br>        **Defendants.** | CASE NO. 1:20-cv-75-CJW-KEM |

## PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO CRST EXPEDITED, INC.

### I. INSTRUCTIONS

A. In accordance with the provisions of Fed. R. Civ. P. Rule 34(b), Defendants are to organize and label these documents, records and data to correspond with the numbered paragraphs, subparagraphs, and categories in this request.

B. In all instances, the terms of these requests are to be interpreted broadly and expansively. These requests are to be read to apply to the broadest quantity of materials to which they could pertain.

C. If a document could be produced with respect to a narrow request or a more general request, it shall be organized and submitted with respect to the more narrow request.

D. Plaintiffs request a written response to the requests for production setting forth with respect to each request whether such documents exist, whether inspection will be permitted as requested, and if not, stating specifically Defendants' objections to inspection.

1

E.  Defendants are under a duty to produce any documents in their possession, custody or control, or in the possession, custody or control of any agent, attorney, accountant, partner, officer or employee of Defendants and all other from whom Defendants may reasonably secure these documents and things.

F.  Any objections on the basis of a privilege must be accompanied by a privilege log in accordance with Fed. R. Civ. P. Rule 26(b)(5)(A).

G.  If Defendants decline to produce any documents requested hereinafter on the basis of any asserted privilege, they shall, in their final response hereto, provide Plaintiffs with the following written information pertaining to such document, in order that the Court and Plaintiffs may determine the validity of the claim of privilege:

1. Its date or, if not dated, the date it was prepared or received,
2. The type of document or ESI (e.g., letter, e-mail, memorandum, telegram, photograph, reproduction, Word document, Excel spreadsheet),
3. Its author and addressee,
4. The present location,
5. The identity of the individual or person presently custodian or custodians thereof,
6. A general description of its contents,
7. The number of pages thereof,
8. The identity of each person who received a copy of the document and the relationship of such person to Defendants,
9. Whether such document or ESI contains or relates to facts or opinions, or both,
10. The nature of the privilege (e.g. work product, attorney-client) that Defendants claim with respect to such document.

H. If Defendants object to and refuse to answer any part of any request for production, they shall state their objection, identify the part to which they are objecting, and answer the remaining portion thereof. If they object to the scope or time period of any request, they shall state their objection, identify the scope or time period to which they are objecting, and answer the request for the scope or time period they believe is appropriate. If Defendants make an objection and provide an answer or response, the answer or response will be understood to waive the objection and it will be understood to be a full answer with no withholding based on the objection (unless the scope of withholding is fully specified).

I. If any of the following requests for production cannot be answered in full after exercising due diligence to secure the information, Defendants shall so state and answer to the extent possible, specifying Defendants' inability to answer the remainder, and state whatever information they have concerning the unanswered portions. If Defendants' answer is qualified in any particular manner, they shall set forth the details of such qualifications.

J. These requests shall be deemed to be continuing in the manner provided by law.

K. The use of the singular form of any word includes the plural and vice versa.

L. When responsive documents pertain to different individuals, the response shall segregate such documents by the individuals to which they pertain.

M. All documents produced shall be stamped with a Bates number.

N. Supplementation: This document and ESI request shall be deemed continuing in nature so as to require supplementary responses between the time the initial responses are served and the time of the trial, in accordance with Rule 26(e) of the Federal Rules of Civil Procedure. Such supplementary responses are to be served upon Plaintiffs by any deadline set by the

3

Court, or within fourteen (14) days after receipt of such information, whichever is sooner and, in no case, later than thirty (30) days before the trial.

O. Unless otherwise indicated in a request, the applicable time period for these requests is from October 10, 2014 to the present. This time period may be subject to expansion should the period of equitable estoppel be expanded.

## II. ADDITIONAL INSTRUCTIONS FOR THE PRODUCTION OF ELECTRONICALLY STORED INFORMATION (ESI)

A. **Bates Numbering:** All ESI produced shall be stamped with a Bates number in the filename.

B. **Format of Production:** ESI shall be produced in its native format, or if such information is kept in a proprietary format, it shall be produced where possible in a form readable, searchable and manipulable by off-the-shelf software. If compliance with these terms is not possible, Defendants shall confer with Plaintiffs' counsel prior to production to discuss the format of production.

C. **Production of Non-Structured Documents in TIFF/Text format:** If non-structured ESI, (e.g., Word or PDF documents, emails) is to be produced in TIFF/Text format, then a load file in Excel format shall be produced containing all columns of information set forth in Appendix A.

D. **Production of Non-Structured Documents in PDF format:** If non-structured ESI is to be produced in PDF format, the PDFs shall be searchable, and a load file, in Excel format, shall be produced containing all columns of information set forth in Appendix A.

E. **Production of Structured Data (e.g. Excel, Database output):**
   1. Production from databases up to one million rows can be produced in an Excel-compatible format.

2. The native software application and vendor shall accompany each produced dataset.

3. Production from databases greater than one million rows shall be produced in pipe delimited format with quoted cells and shall not include embedded new lines or embedded delimiters within cells.

4. Exported datasets should not unnecessarily be broken in subfiles; If this is necessary, a meet and confer should take place before production of the data.

5. Production of structed data which is split into multiple files shall contain a header rows in each file and shall be ordered consistently through the file set.

6. Each database row shall be unique.

7. Tables with relevant data shall be produced in entirety with all columns included.

8. Each table shall be identified and described.

9. Headers and header descriptions shall be provided for each table.

10. A description of the data and format of each column shall be provided.

11. All codes or shorthand designations within any table shall be described in an accompanying document.

12. The format, time zone, and daylight savings time information shall be provided for all date and time fields.

13. Unique employee identifiers shall be included in all rows of applicable tables.

F. **Metadata:** ESI document production shall include all metadata associated with the produced documents.

G. **Search Term Protocol**: Parties shall meet and confer to devise a search term protocol, should that be necessary in the course of email, messaging, and document production.

## III. DEFINITIONS

As used in these discovery requests, the following terms have the following meanings:

1. **Communication --** means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2. **Document --** is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term. The term "document" also includes electronically stored information (ESI).

3. **Identify (with respect to persons).** When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

4. **Identify (with respect to documents).** When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipients(s).

5. **Parties.** The term "Plaintiff(s)" and "Defendant(s)" as well as a party's full or abbreviated name or a pronoun referring to a party, mean the party, and where

applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates, and agents. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

6. **Person/Individual.** The term "person" is defined as any natural person or any business, legal or governmental entity or association.

7. **Concerning.** The term "concerning" means relating to, referring to, describing, evidencing or constituting.

9. **All/Each.** The terms "all" and "each" shall be construed as all and each.

10. **And/Or.** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

11. **Number.** The use of the singular form of any word includes the plural and vice versa.

12. **CRSTX --** means CRST Expedited, Inc.

13. **ICOA --** means any "Independent Contractor Operating Agreement" or other contract designed to comply with 49 C.F.R. §376.11(a) whereby an individual or business entity leases a truck ("equipment") to CRSTX and agrees to use it to haul freight for CRSTX.

14. **Driver(s) --** means any individual who signed an ICOA with CRSTX, whether the individual signed the agreement in his individual capacity or in the name of a business entity. Excluded from "Driver(s)" are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the relevant class period has had, a controlling interest in any Defendant. Also excluded

are Fleet Drivers—i.e., an individual who signed an ICOA(s) to lease two or more operational trucks to CRSTX at the same time. A Driver who leased one truck after another to CRSTX, but only one at a time, or who leased a second truck to CRSTX, while his or her original truck was being repaired or inoperative, but who only operated one truck at a time for CRSTX would be included in the definition of "Driver".

15. **Student Driver -** is defined the same way that as the term "Student Driver is defined in Doc 39-2 ¶1(B)(1) and Doc 39-4 ¶1(B)(1)

16. **Employee Driver -** means drivers who hauled freight for CRSTX that CRSTX classified as employees.

17. **Team Driver** is defined the same way that as the term "Team Driver" is defined in Doc 39-2 ¶1(B)(5) and Doc 39-4 ¶1(B)(5).

18. **Relevant Time Period--** means the time between the date that CRSTX first inserted provisions similar to ¶7(E) and/or 9(F) in Doc 39-2 and 39-4 into its ICOAs through the present.

19. Except as otherwise defined, words used herein shall have their common dictionary meaning.

**IV. THE DOCUMENTS AND THINGS TO BE PRODUCED ARE AS FOLLOWS:**

**Request for Production 1**

Please produce an exemplar of each non-identical version[1] of the following documents utilized by CRSTX at any time during the Relevant Time Period:

a. ICOAs;

b. Applications to become a Driver for CRSTX;

c. Documents provided to, or intended by CRSTX to be seen by, individuals as part of CRSTX's efforts to recruitment Drivers, including, but not limited to, advertisements, Lease Purchase and Owner Operator Information Packets, earnings calculators, testimonials, brochures, web pages, frequently asked question documents, power point slides, and documents provided or displayed to individuals during the application process to be a CRSTX driver;

d. Agenda, syllabi, course descriptions and other documents concerning matters discussed in any orientation or training program for Drivers, Driver recruits, or Driver applicants.

e. Employment agreements between CRSTX and Employee Drivers, including agreements with Student Drivers classified as employees together with any exhibits or attachments referenced in the employment agreements;

---

[1] Printed documents that only differ with respect to the way they are filled out should be considered identical for purposes of this Request. Thus, for example, if a particular printed application form is filled out individually for different applicants, only one exemplar of the form need be produced.

**Request for Production 2**

For the Relevant Time Period, all documents concerning authorizations for CRSTX to access driver files of a driver (other than the ICOA signatory) pursuant to ¶4(D) of ICOA forms like Doc 39-2 or Doc 39-4 or similar provisions in other form ICOAs, including requests that drivers (other than the ICOA signatory) take medical exams and charges made to a Driver for physical examination of Driver's driver(s) (Code PY).

**Request for Production 3**

For the relevant time period, all documents evidencing workers compensation coverage or occupational accident coverage for persons other than the Driver, approved by CRSTX pursuant to ¶10(C) of the ICOA filed at Doc 39-2 or similar provisions in other form ICOAs. This request does not seek documents concerning passenger insurance required by ¶10(B)(3) of Doc 39-2 or similar ICOA provisions.

**Request for Production 4**

For the Relevant Time Period, all documents containing or concerning requests by Drivers to haul freight for a motor carrier or entity other than CRSTX using Equipment leased to CRSTX pursuant to the Driver's ICOA. This request includes, but is not limited to, requests for CRSTX to consent to such use of the equipment, documents provided to CRSTX pursuant to ¶1(E) of ICOA forms such as those filed as Doc 39-2 or Doc 39-4, or similar provisions in other ICOA forms, and documents reflecting CRSTX's response to such requests.

**Request for Production 5**

Produce all documents concerning Plaintiff Anthony Cervantes including, but not limited to, all documents consisting of or concerning his application to work for CRSTX or the evaluation thereof, all documents provided or displayed to him during recruitment, hiring, or training, all weekly settlement documents, evaluations, personnel files, all documents reflecting warnings, discipline, or violation of the ICOA or CRSTX policies and procedures, documents containing or concerning communications with him by dispatchers or other CRSTX employees including qualcomm messages, all documents containing or concerning acceptance, rejection, or transportation of loads for CRSTX, all Drivers Log records and time of service records that have been certified to the Department of Transportation, and all documents containing or concerning his termination and final payments.

**Request for Production 6**

Produce all documents concerning Plaintiff Mike Cross, both as an Employee Driver or as a Driver working pursuant to an ICOA, including, but not limited to, all documents containing or concerning his application to work for CRSTX or the evaluation thereof, all documents provided or displayed to him during recruitment, hiring, or training, all weekly settlement documents, evaluations, personnel files, all documents reflecting warnings, discipline, or violation of the ICOA or CRSTX policies and procedures, documents containing or concerning communications with him by dispatchers or other CRSTX employees including qualcomm messages, all documents containing or concerning acceptance, rejection, or transportation of loads for CRSTX, all Drivers Log records and time of service records that have been certified to the Department of Transportation, and all documents containing or concerning his termination and final payments.

**Request for Production 7**

All qualcomm communications between CRSTX and the following opt-in Plaintiffs, both during their time as Employee Drivers, if any, and as Drivers working pursuant to ICOAs:

    a. Linda Gravelle,

    b. Adam St. Amour,

    c. Chris Fink, and

    d. Tommy Handley

**Request for Production 8**

All forms or other documents during the Relevant Time Period documenting or communicating any sanctions, discipline, warnings or notifications of violations of ICOA provisions or of CRSTX policies, procedures, or practices by Drivers, including, but not limited to, violations of speed, braking incidents, and late pick-up and deliveries.

**Request for Production 9**

All documents containing or concerning how the compensation rate for Drivers was determined or set including, but not limited to documents generated, reviewed or considered as part of that process.

**Request for Production 10**

For the Relevant Time Period, documents setting forth the terms of work, policies, procedures, rules, regulations, or directions, applicable to Student Drivers.

**Request for Production 11**

For the Relevant Time Period, documents setting forth the terms of work, policies, procedures, rules, regulations, or directions, applicable to Employee Drivers.

**Request for Production 12**

For the Relevant Time Period, documents setting forth the terms of work, policies, procedures, rules, regulations, or directions, applicable to Team Drivers.

**Request for Production 13**

For the Relevant Time Period, documents setting forth the terms of work, policies, procedures, rules, regulations, or directions, applicable to Drivers.

**Request for Production 14**

All financial reports, analyses, projections, studies or other documents prepared for, generated, reviewed or considered by CRSTX management containing information regarding the cost, profitability, and/or earnings of Employee Drivers and/or Drivers, including documents tracking, estimating or comparing miles driven, miles per gallon, per diem costs, operational or total cost per mile, miles per hour, miles driven per week, earnings per week or per mile, or average miles per load for loads by Drivers and/or Employee Drivers.

**Request for Production 15**

For the Relevant Time Period, all documents containing or concerning Student Driver training, including, but not limited to lead driver certification training materials, student evaluation forms,

pay policies for Student Drivers and for those Drivers who are training Student Drivers, and policies regarding supervision of Student Drivers.

**Request for Production 16**

For the Relevant Time Period, all documents concerning policies, practices, procedures or instructions provided to CRSTX officials, employees, or agents involved in the presentation, description, or signing of ICOAs concerning any or all of those tasks, including, but not limited to, instructions regarding how to respond to Driver questions about the ICOA, how to summarize the contents of the ICOA, characterize the ICOA provisions, or carry out the signing process.

**Request for Production 17**

For the Relevant Time Period, all documents concerning policies, practices, procedures, instructions, guidelines and/or suggestions provided to CRSTX officials, employees or agents involved in the recruitment of Drivers concerning recruitment, including, but not limited to, documents regarding how to respond to questions about earnings or mileage of Drivers, ICOA provisions, CRST Lincoln Sales Lease availability and provisions, and Driver turn-over rates.

**Request for Production 18**

For the Relevant Time Period, all Appendices A to ICOA forms such as those filed at Doc 39-2 and Doc 39-4 or similar provisions in other ICOA forms in which the Driver did NOT select the option: (a) for CRSTX to obtain base plates, (b) for CRSTX obtain the IFTA permit; (c) for CRSTX to arrange to have a communication system installed in the Equipment; (d) for non-trucking insurance coverage arranged or facilitated by CRSTX; (e) for Occupational Accident

Insurance arranged or facilitated by CRSTX; (f) for physical damage insurance arranged of facilitated by CRSTX; and/or (g) for insurance for cargo, Carrier's trailers and related expenses arranged of facilitated by CRSTX.

**Request for Production 19**

For the Relevant Time Period all "Carrier safety and equipment maintenance policies" referenced in ¶4(A) of the ICOA filed as Doc 39-2 and/or safety and equipment maintenance policies referenced in other ICOA forms utilized during the Relevant Time Period.

**Request for Production 20**

All documents generated, reviewed or considered concerning the drafting of, and/or CRSTX's decision to include, paragraph 7(E) and/or 9(F) in the ICOA forms filed as Doc 39-2 or Doc 39-4 or any similar provisions in other form ICOAs.

**Request for Production 21**

All documents containing or concerning any claim, complaint, worker compensation claim, governmental communication, audit, award, formal or informal opinion, legal opinion or investigation pertaining to the legality or propriety of:

   a. CRSTX's treatment of Drivers as independent contractors,
   b. CRSTX's non-payment of minimum wages, individually or collectively to any individual or class of worker.

**Request for Production 22**

All documents containing or concerning any formal or informal complaints or demands by any Owner Operator concerning or containing questions or assertions about the fairness of any contract term.

**Request for Production 23**

For the Relevant Time Period, organizational charts showing the structure of the Defendants, including the relation of the Defendants to one another, any overlap in directors or officers or shareholders, the relation of departments or functions to one another, the relation between job titles, and the relation of people to another within Defendants' organizations and departments or divisions.

**Request for Production 24**

All documents describing the support services that CRST International, Inc. provided during the Relevant Time Period to Admiralty Holdings, Inc. operating entities, including CRSTX.

**Request for Production 25**

All agreements under or by which any individual, insurer or entity may be liable for any part of a judgment entered herein.

**Request for Production 26**

Documents containing descriptions, keys, legends, or explanations of any codes used within the Defendants' payroll systems or modules at any time during the Relevant Time Period, including

pay type descriptions, deduction codes, shorthand designations, or any other data which is not explicitly identified within each database record.

**Request for Production 27**

A list and description of the utilization of all software modules, services, and databases systems used by Defendants at any time during the Relevant Time Period to track, document or record payroll, work time, loads, mileage hours of service, GPS data, fuel or any other regularly tracked metrics.

**Request for Production 28**

All GPS or Positioning data relating to Plaintiff Cervantes and Cross, including unique employee identifiers, timestamps, GPS information, and all other columns of data from sources such as Qualcomm/Omnitracs, Sensortracs, TMW or any other software, system or module used by Defendants.

**Request for Production 29**

All ELD tracked or documented metrics relating to the status of the truck or trailer leased to CRSTX pursuant to the ICOA signed by Plaintiff Cervantes and/or Plaintiff Cross including engine status, speed, idle time, any other regularly tracked or documented information from programs, modules, or services such as Sensortracs, TMW or any other software, system or module used by Defendants.

**Request for Production 30**

All Hours of Service data sent, received, or maintained by or for Plaintiff Cross and/or Cervantes from platforms such as TMW, Qualcomm, Omnitracs, Sensortracs, or any other systems used by Defendants to track, document or record hours of service or similar data.

**Request for Production 31**

All Macros, along with the associated metadata, sent and received by Plaintiff Cross and/or Cervantes through any Defendant's software modules.

**Request for Production 32**

Identification by name, job title, and address of individuals who communicate with, and whose IDs appear in any macro communication to Plaintiff Cross and/or Plaintiff Cervantes.

**Request for Production 33**

For the Relevant Time Period, descriptions of codes and forms utilized within the Defendants' data keeping systems and software modules including descriptions of macro codes, forms which are populated from database systems, payroll and deductions codes, Hours of Service designations, and any other codes or forms that appear within the Defendants' data keeping systems.

**Request for Production 34**

For the relevant time period, descriptions of any unique identifiers or codes appearing in communication between the Defendants and DOT.

Dated: December 22, 2020

> *Michael J.D. Sweeney*
>
> Michael J.D. Sweeney
> Getman, Sweeney & Dunn, PLLC
> 260 Fair Street
> Kingston, NY 12401
> Phone: (845) 255-9370
> Fax: (845) 255-8649
> msweeney@getmansweeney.com
>
> *Attorneys for Plaintiffs*