# EXHIBIT  2

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CEDAR RAPIDS DIVISION

| | |
|---|---|
| ANTHONY CERVANTES and MIKE CROSS, individually and on behalf of all other similarly situated persons, | |
| Plaintiffs, | Case No. 1:20-cv-00075-CJW-KEM |
| v. | Honorable Judge C.J. Williams |
| CRST INTERNATIONAL, INC., and CRST EXPEDITED, INC., | |
| Defendants. | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO CRST EXPEDITED, INC.

Defendant, CRST Expedited, Inc., for its response to Plaintiff's First Set of Request for Production to CRST Expedited, Inc. (Requests for Production), states as follows:

### I.    RESPONSES TO REQUESTS FOR PRODUCTION

1.    Please produce an exemplar of each non-identical version[1] of the following documents utilized by CRSTX at any time during the Relevant Time Period:

    a.    ICOAs;

    b.    Applications to become a Driver for CRSTX;

    c.    Documents provided to, or intended by CRSTX to be seen by, individuals as part of CRSTX's efforts to recruitment Drivers, including, but not limited to, advertisements, Lease Purchase and Owner Operator Information Packets, earnings calculators, testimonials, brochures, web pages,

---

[1] Printed documents that only differ with respect to the way they are filled out should be considered identical for purposes of this Request. Thus, for example, if a particular printed application form is filled out individually for different applicants, only one exemplar of the form need be produced.

frequently asked question documents, power point slides, and documents provided or displayed to individuals during the application process to be a CRSTX driver;

d.      Agenda, syllabi, course descriptions and other documents concerning matters discussed in any orientation or training program for Drivers, Driver recruits, or Driver applicants.

e.      Employment agreements between CRSTX and Employee Drivers, including agreements with Student Drivers classified as employees together with any exhibits or attachments referenced in the employment agreements;

**Response:**      Defendant objects to the definition of "Relevant Time Period" as overly broad. Plaintiffs have defined "Relevant Time Period" as "the time between the date that CRSTX first inserted provisions similar to ¶7(E) and/or 9(F) in Doc 39-2 and 39-4 into its ICOAs through the present." This definition is based on Plaintiffs' theory that putative class members' claims should be equitably tolled/Defendant should be equitably estopped from asserting a statute of limitations defense from the date these provisions were inserted. In granting conditional certification, the Court declined to find a basis for equitable estoppel to extend the time period for the putative collective. Defendant has limited its search for documents to the period January 17, 2017 to present (3 years prior to the filing of the initial complaint in this case). Defendant will produce responsive documents in its possession in response to subpart (a).

Defendant objects to subpart (b) as vague, overly burdensome, and not proportional to the needs of the case. Defendant's third-party service provider that runs the online application process does not have a way of identifying every non-identical version of applications that have been used as its online platform does not preserve this information. Defendant is working with its provider

3

to instead produce examples of completed applications used at various points in time between January 2017 and present and will produce those examples which Plaintiffs can compare.

Defendant objects to subpart (c) of the request as vague and overly burdensome insofar as it seeks every advertisement or document ever provided or displayed in any form to potential drivers. The burden of searching for every document that might fall within the extensive scope of the request in subpart (c) exceeds the benefit. Defendant has limited its search to (i) Lease-Purchase and Owner-Operator Information Packets; (ii) webpages that have provided information related to lease purchase or owner-operator compensation; and (iii) advertisements for Lease-Purchase or Owner-Operators between January 17, 2017 and present. Defendant will produce all responsive documents from this search.

Defendant objects to subpart (d) of the request as overbroad and vague as it requests "other documents concerning matters discussed in any orientation or training program." Documents "concerning matters discussed" could conceivably be any document. Defendant has limited its search for responsive documents to orientation course materials used or distributed during contractor orientation from January 17, 2017 to present. Defendant will produce all responsive documents from this search.

Defendant objects to the request in subpart (e) for employment agreements between Defendant and "Employee Drivers" as irrelevant to any claim or defense in this case and not proportional to the needs of the case. A party may only seek discovery of information that is "relevant to any party's claim or defenses." Fed. R. Civ. P. 26(b)(1). Plaintiffs and the putative class/collective action members they seek to represent are only those individuals who entered ICOAs with Defendant. Employment agreements with employee drivers have no bearing on the independent contractor relationship Defendant had with Plaintiffs and putative class members.

Defendant has not searched for exemplar versions of employment agreements with Employee or Student Drivers.

       2.      For the Relevant Time Period, all documents concerning authorizations for CRSTX to access driver files of a driver (other than the ICOA signatory) pursuant to ¶4(D) of ICOA forms like Doc 39-2 or Doc 39-4 or similar provisions in other form ICOAs, including requests that drivers (other than the ICOA signatory) take medical exams and charges made to a Driver for physical examination of Driver's driver(s) (Code PY).

**Response:**     Defendant objects to the definition of "Relevant Time Period" as overly broad. Plaintiffs have defined "Relevant Time Period" as "the time between the date that CRSTX first inserted provisions similar to ¶7(E) and/or 9(F) in Doc 39-2 and 39-4 into its ICOAs through the present." This definition is based on Plaintiffs' theory that putative class members' claims should be equitably tolled/Defendant should be equitably estopped from asserting a statute of limitations defense from the date these provisions were inserted. In granting conditional certification, the Court declined to find a basis for equitable estoppel to extend the time period for the putative collective. Defendant and has limited its search for documents to the period January 17, 2017 to present (3 years prior to the filing of the initial complaint in this case).

       Defendant objects to this request insofar as it seeks pre-certification discovery related to all putative class members to which Plaintiffs are not entitled. *See, e.g., Larson v. Burlington N. & Santa Fe Ry. Co.*, 210 F.R.D. 663, 665-66 (D. Minn. 2002) (citing Manual for Complex Litigation, Third Ed., Section 30.12); *Jefferson v. Walgreen Co.*, 2010 WL 11629287, at *7 (M.D. Fla. Dec. 30, 2010). Defendant further objects to this request as vague, ambiguous, and unintelligible. The referenced provisions of the ICOA authorize Defendant to access driver files for a contractor and

a contractor's drivers. Given the context of the provisions referenced, Defendant does not understand what this request seeks and has not searched for documents responsive to this request.

3.      For the relevant time period, all documents evidencing workers compensation coverage or occupational accident coverage for persons other than the Driver, approved by CRSTX pursuant to ¶10(C) of the ICOA filed at Doc 39-2 or similar provisions in other form ICOAs.  This request does <u>not</u> seek documents concerning passenger insurance required by ¶10(B)(3) of Doc 39-2 or similar ICOA provisions.

**Response:** Defendant objects to the definition of "Relevant Time Period" as overly broad. Plaintiffs have defined "Relevant Time Period" as "the time between the date that CRSTX first inserted provisions similar to ¶7(E) and/or 9(F) in Doc 39-2 and 39-4 into its ICOAs through the present." This definition is based on Plaintiffs' theory that putative class members' claims should be equitably tolled/Defendant should be equitably estopped from asserting a statute of limitations defense from the date these provisions were inserted. In granting conditional certification, the Court declined to find a basis for equitable estoppel to extend the time period for the putative collective. Defendant and has limited its search for documents to the period January 17, 2017 to present (3 years prior to the filing of the initial complaint in this case).

Defendant objects to this request insofar as it seeks pre-certification discovery related to all putative class members to which Plaintiffs are not entitled. *See, e.g., Larson v. Burlington N. & Santa Fe Ry. Co.*, 210 F.R.D. 663, 665-66 (D. Minn. 2002) (citing Manual for Complex Litigation, Third Ed., Section 30.12); *Jefferson v. Walgreen Co.*, 2010 WL 11629287, at *7 (M.D. Fla. Dec. 30, 2010). The ICOA describes the nature of insurance policies that independent contractors need to procure and obligates the contractor to provide a copy of such policies to Defendant. The burden

of searching for documents reflecting approvals of insurance outweighs the benefit as it would require Defendant to search through every putative class/collective action member's contractor file when those individuals are not presently and may never become parties to this case. Defendant searched for responsive documents related to Plaintiffs Cervantes and Cross and has no documents responsive to this request.

4.      For the Relevant Time Period, all documents containing or concerning requests by Drivers to haul freight for a motor carrier or entity other than CRSTX using Equipment leased to CRSTX pursuant to the Driver's ICOA.  This request includes, but is not limited to, requests for CRSTX to consent to such use of the equipment, documents provided to CRSTX pursuant to ¶1(E) of ICOA forms such as those filed as Doc 39-2 or Doc 39-4, or similar provisions in other ICOA forms, and documents reflecting CRSTX's response to such requests.

**Response:** Defendant objects to the definition of "Relevant Time Period" as overly broad. Plaintiffs have defined "Relevant Time Period" as "the time between the date that CRSTX first inserted provisions similar to ¶7(E) and/or 9(F) in Doc 39-2 and 39-4 into its ICOAs through the present." This definition is based on Plaintiffs' theory that putative class members' claims should be equitably tolled/Defendant should be equitably estopped from asserting a statute of limitations defense from the date these provisions were inserted. In granting conditional certification, the Court declined to find a basis for equitable estoppel to extend the time period for the putative collective. Defendant and has limited its search for documents to the period January 17, 2017 to present (3 years prior to the filing of the initial complaint in this case).

Defendant objects to this request insofar as it seeks pre-certification discovery related to all putative class members to which Plaintiffs are not entitled. *See, e.g., Larson v. Burlington N. &*

*Santa Fe Ry. Co.*, 210 F.R.D. 663, 665-66 (D. Minn. 2002) (citing Manual for Complex Litigation, Third Ed., Section 30.12); *Jefferson v. Walgreen Co.*, 2010 WL 11629287, at *7 (M.D. Fla. Dec. 30, 2010). Defendant will produce all documents in its possession concerning the named Plaintiffs and Linda Gravelle which would include any such requests made by them. The burden of searching for documents concerning requests made by other independent contractors outweighs the benefit as it would require Defendant to search through every putative class/collective action member's contractor file and communications when those individuals are not presently and may never become parties to this case. Defendant has not searched for documents responsive to this request.

5.     Produce all documents concerning Plaintiff Anthony Cervantes including, but not limited to, all documents consisting of or concerning his application to work for CRSTX or the evaluation thereof, all documents provided or displayed to him during recruitment, hiring, or training, all weekly settlement documents, evaluations, personnel files, all documents reflecting warnings, discipline, or violation of the ICOA or CRSTX policies and procedures, documents containing or concerning communications with him by dispatchers or other CRSTX employees including qualcomm messages, all documents containing or concerning acceptance, rejection, or transportation of loads for CRSTX, all Drivers Log records and time of service records that have been certified to the Department of Transportation, and all documents containing or concerning his termination and final payments.

**Response:** Defendant objects to the request for all documents provided or displayed to Plaintiff during recruitment, hiring, or training as vague. Defendant has limited its search to emails sent to or received from Plaintiff, files maintained on Plaintiff, contracts signed by Plaintiff, settlement statements and data, trip inquiry reports, driver log records, GPS data, and Qualcomm

messages. Defendant has already produced the majority of the requested documents with its Initial Disclosures and will produce all documents in its possession, custody, or control responsive to this request.

6. Produce all documents concerning Plaintiff Mike Cross, both as an Employee Driver or as a Driver working pursuant to an ICOA, including, but not limited to, all documents containing or concerning his application to work for CRSTX or the evaluation thereof, all documents provided or displayed to him during recruitment, hiring, or training, all weekly settlement documents, evaluations, personnel files, all documents reflecting warnings, discipline, or violation of the ICOA or CRSTX policies and procedures, documents containing or concerning communications with him by dispatchers or other CRSTX employees including qualcomm messages, all documents containing or concerning acceptance, rejection, or transportation of loads for CRSTX, all Drivers Log records and time of service records that have been certified to the Department of Transportation, and all documents containing or concerning his termination and final payments.

**Response:** Defendant objects to the request for all documents provided or displayed to Plaintiff during recruitment, hiring, or training as vague. Defendant has limited its search to emails sent to or received from Plaintiff, files maintained on Plaintiff, contracts signed by Plaintiff, settlement statements and data, trip inquiry reports, driver log records, GPS data, and Qualcomm messages. Defendant has already produced the majority of the requested documents with its Initial Disclosures and will produce all documents in its possession, custody, or control responsive to this request.

7.    All qualcomm communications between CRSTX and the following opt-in Plaintiffs, both during their time as Employee Drivers, if any, and as Drivers working pursuant to ICOAs:

      a.     Linda Gravelle,

      b.     Adam St. Amour,

      c.     Chris Fink, and

      d.     Tommy Handley

**Response:** Defendant objects to the request insofar as it seeks Qualcomm communications during the time the individuals listed above may have provided services as employee drivers. Such communications are irrelevant to the claims in the case as the claims relate only to the time the individuals provided services as independent contractors. Defendant has limited its search and is producing all Qualcomm communications for the requested individuals related to the time they provided services as independent contractor owner-operators under an ICOA.

8.    All forms or other documents during the Relevant Time Period documenting or communicating any sanctions, discipline, warnings or notifications of violations of ICOA provisions or of CRSTX policies, procedures, or practices by Drivers, including, but not limited to, violations of speed, braking incidents, and late pick-up and deliveries.

**Response:** Defendant objects to the definition of "Relevant Time Period" as overly broad. Plaintiffs have defined "Relevant Time Period" as "the time between the date that CRSTX first inserted provisions similar to ¶7(E) and/or 9(F) in Doc 39-2 and 39-4 into its ICOAs through the present." This definition is based on Plaintiffs' theory that putative class members' claims should be equitably tolled/Defendant should be equitably estopped from asserting a statute of limitations

defense from the date these provisions were inserted. In granting conditional certification, the Court declined to find a basis for equitable estoppel to extend the time period for the putative collective. Defendant and has limited its search for documents to the period January 17, 2017 to present (3 years prior to the filing of the initial complaint in this case).

Defendant objects to this request insofar as it seeks pre-certification discovery related to all putative class members to which Plaintiffs are not entitled. *See, e.g., Larson v. Burlington N. & Santa Fe Ry. Co.*, 210 F.R.D. 663, 665-66 (D. Minn. 2002) (citing Manual for Complex Litigation, Third Ed., Section 30.12); *Jefferson v. Walgreen Co.*, 2010 WL 11629287, at *7 (M.D. Fla. Dec. 30, 2010). Defendant objects to the request as overly broad, vague and ambiguous as to what it means by "other documents." Defendant has limited its search to form documents related to safety violations or performance issues. Defendant has no documents responsive to this request.


9.      All documents containing or concerning how the compensation rate for Drivers was determined or set including, but not limited to documents generated, reviewed or considered as part of that process.

**Response:** Defendant objects to this request to the extent it seeks documents protected by the attorney-client privilege or work-product doctrine. Defendant will produce a privilege log in accordance with the Federal Rules of Civil Procedure identifying any documents withheld on the basis of privilege. Defendant objects to the request as overly broad, vague and ambiguous as it seeks all documents containing or concerning how the "compensation rate" for independent contractors was set and is not limited to any time period. Defendant has limited its search to documents generated or analyzed between January 17, 2017 and present used to determine the percentage of Adjusted Gross Revenue paid to independent contractors.   Defendant is still

conducting its search and will produce any responsive documents from that search.

10.   For the Relevant Time Period, documents setting forth the terms of work, policies, procedures, rules, regulations, or directions, applicable to Student Drivers.

**Response:** Defendant objects to the definition of "Relevant Time Period" as overly broad. Plaintiffs have defined "Relevant Time Period" as "the time between the date that CRSTX first inserted provisions similar to ¶7(E) and/or 9(F) in Doc 39-2 and 39-4 into its ICOAs through the present." This definition is based on Plaintiffs' theory that putative class members' claims should be equitably tolled/Defendant should be equitably estopped from asserting a statute of limitations defense from the date these provisions were inserted. In granting conditional certification, the Court declined to find a basis for equitable estoppel to extend the time period for the putative collective. Defendant and has limited its search for documents to the period January 17, 2017 to present (3 years prior to the filing of the initial complaint in this case).

Defendant objects to this request as it does not seek information relevant to Plaintiffs' case or proportional to the needs of the case. Plaintiffs seek to certify a class/collective consisting of independent contractors alleging misclassification and failure to pay minimum wage, among other claims. Policies, procedures, rules, etc. applicable to employee student drivers are not relevant to these claims and the burden of searching for these documents outweighs the benefit. Defendant has not searched for documents responsive to this request.

11.   For the Relevant Time Period, documents setting forth the terms of work, policies, procedures, rules, regulations, or directions, applicable to Employee Drivers.

**Response:** Defendant objects to the definition of "Relevant Time Period" as overly broad.

Plaintiffs have defined "Relevant Time Period" as "the time between the date that CRSTX first inserted provisions similar to ¶7(E) and/or 9(F) in Doc 39-2 and 39-4 into its ICOAs through the present." This definition is based on Plaintiffs' theory that putative class members' claims should be equitably tolled/Defendant should be equitably estopped from asserting a statute of limitations defense from the date these provisions were inserted. In granting conditional certification, the Court declined to find a basis for equitable estoppel to extend the time period for the putative collective. Defendant and has limited its search for documents to the period January 17, 2017 to present (3 years prior to the filing of the initial complaint in this case).

Defendant objects to this request as it does not seek information relevant to Plaintiffs' case or proportional to the needs of the case. Plaintiffs seek to certify a class/collective consisting of independent contractors alleging misclassification and failure to pay minimum wage, among other claims. Policies, procedures, rules, etc. applicable to employee drivers are not relevant to these claims and the burden of searching for these documents outweighs the benefit. Defendant has not searched for documents responsive to this request.

12.    For the Relevant Time Period, documents setting forth the terms of work, policies, procedures, rules, regulations, or directions, applicable to Team Drivers.

**Response:** Defendant objects to the definition of "Relevant Time Period" as overly broad. Plaintiffs have defined "Relevant Time Period" as "the time between the date that CRSTX first inserted provisions similar to ¶7(E) and/or 9(F) in Doc 39-2 and 39-4 into its ICOAs through the present." This definition is based on Plaintiffs' theory that putative class members' claims should be equitably tolled/Defendant should be equitably estopped from asserting a statute of limitations defense from the date these provisions were inserted. In granting conditional certification, the

Court declined to find a basis for equitable estoppel to extend the time period for the putative collective. Defendant and has limited its search for documents to the period January 17, 2017 to present (3 years prior to the filing of the initial complaint in this case).

Defendant objects to this request as it does not seek information relevant to Plaintiffs' case or proportional to the needs of the case. Plaintiffs seek to certify a class/collective consisting of independent contractors alleging misclassification and failure to pay minimum wage, among other claims. Defendant has produced handbooks applicable to all drivers regardless of their election to operate as team or solo drivers. Defendant has not searched for additional documents responsive to this request.

13. For the Relevant Time Period, documents setting forth the terms of work, policies, procedures, rules, regulations, or directions, applicable to Drivers.

**Response:** Defendant objects to the definition of "Relevant Time Period" as overly broad. Plaintiffs have defined "Relevant Time Period" as "the time between the date that CRSTX first inserted provisions similar to ¶7(E) and/or 9(F) in Doc 39-2 and 39-4 into its ICOAs through the present." This definition is based on Plaintiffs' theory that putative class members' claims should be equitably tolled/Defendant should be equitably estopped from asserting a statute of limitations defense from the date these provisions were inserted. In granting conditional certification, the Court declined to find a basis for equitable estoppel to extend the time period for the putative collective. Defendant and has limited its search for documents to the period January 17, 2017 to present (3 years prior to the filing of the initial complaint in this case).

Defendant objects to the request as vague and ambiguous as to what is meant by "procedures", "regulations", and "directions" applicable to drivers. This request could contemplate

every communication regarding every load hauled by any putative class or collective members. Defendant objects to this request insofar as it seeks pre-certification discovery related to all putative class members to which Plaintiffs are not entitled. *See, e.g., Larson v. Burlington N. & Santa Fe Ry. Co.*, 210 F.R.D. 663, 665-66 (D. Minn. 2002) (citing Manual for Complex Litigation, Third Ed., Section 30.12); *Jefferson v. Walgreen Co.*, 2010 WL 11629287, at *7 (M.D. Fla. Dec. 30, 2010).

Defendant has limited its search to handbooks, form policy documents, handouts, and memoranda distributed to independent contractors between January 17, 2017 and present and will produce all documents in its possession responsive to this request.

14.     All financial reports, analyses, projections, studies or other documents prepared for, generated, reviewed or considered by CRSTX management containing information regarding the cost, profitability, and/or earnings of Employee Drivers and/or Drivers, including documents tracking, estimating or comparing miles driven, miles per gallon, per diem costs, operational or total cost per mile, miles per hour, miles driven per week, earnings per week or per mile, or average miles per load for loads by Drivers and/or Employee Drivers.

**Response:** Defendant objects to this request to the extent it seeks documents protected by the attorney-client privilege or work-product doctrine. Defendant will produce a privilege log in accordance with the Federal Rules of Civil Procedure identifying any documents withheld on the basis of privilege. Defendant objects to the request as vague and ambiguous as to the terms "other documents," "considered," and "CRSTX management." Defendant objects to the request as overly broad, unduly burdensome, and not proportional to the needs of the case. The request is not limited in scope as to time period.

Defendant is identifying individuals and data sources that may have responsive financial reports, analyses, or projections comparing the cost, profitability, and/or earnings of independent contractors versus employee drivers that were generated, analyzed or reviewed between January 17, 2017 and present and will produce any non-privileged documents from that search.

15.     For the Relevant Time Period, all documents containing or concerning Student Driver training, including, but not limited to lead driver certification training materials, student evaluation forms, pay policies for Student Drivers and for those Drivers who are training Student Drivers, and policies regarding supervision of Student Drivers.

**Response:** Defendant objects to the definition of "Relevant Time Period" as overly broad. Plaintiffs have defined "Relevant Time Period" as "the time between the date that CRSTX first inserted provisions similar to ¶7(E) and/or 9(F) in Doc 39-2 and 39-4 into its ICOAs through the present." This definition is based on Plaintiffs' theory that putative class members' claims should be equitably tolled/Defendant should be equitably estopped from asserting a statute of limitations defense from the date these provisions were inserted. In granting conditional certification, the Court declined to find a basis for equitable estoppel to extend the time period for the putative collective. Defendant and has limited its search for documents to the period January 17, 2017 to present (3 years prior to the filing of the initial complaint in this case).

Defendant objects to the request as vague and overly broad insofar as it seeks "all documents containing or concerning" student driver training. Documents concerning driver training could potentially include thousands of documents irrelevant to and not proportional to the needs of the case. Defendant objects to this request insofar as it seeks pre-certification discovery related to all putative class members to which Plaintiffs are not entitled. *See, e.g., Larson v.*

*Burlington N. & Santa Fe Ry. Co*., 210 F.R.D. 663, 665-66 (D. Minn. 2002) (citing Manual for Complex Litigation, Third Ed., Section 30.12); *Jefferson v. Walgreen Co.*, 2010 WL 11629287, at *7 (M.D. Fla. Dec. 30, 2010).

Defendant has limited its search to form documents distributed to Lead Drivers (later referred to as Driver Mentors) related to the Lead Driver/Driver Mentor program utilized between January 17, 2017 to present and will produce all responsive documents from that search.

16.    For the Relevant Time Period, all documents concerning policies, practices, procedures or instructions provided to CRSTX officials, employees, or agents involved in the presentation, description, or signing of ICOAs concerning any or all of those tasks, including, but not limited to, instructions regarding how to respond to Driver questions about the ICOA, how to summarize the contents of the ICOA, characterize the ICOA provisions, or carry out the signing process.

**Response:** Defendant objects to the definition of "Relevant Time Period" as overly broad. Plaintiffs have defined "Relevant Time Period" as "the time between the date that CRSTX first inserted provisions similar to ¶7(E) and/or 9(F) in Doc 39-2 and 39-4 into its ICOAs through the present." This definition is based on Plaintiffs' theory that putative class members' claims should be equitably tolled/Defendant should be equitably estopped from asserting a statute of limitations defense from the date these provisions were inserted. In granting conditional certification, the Court declined to find a basis for equitable estoppel to extend the time period for the putative collective. Defendant and has limited its search for documents to the period January 17, 2017 to present (3 years prior to the filing of the initial complaint in this case).

Defendant objects to the request for "all documents concerning" a variety of policies and

tasks as overly broad, vague, and not proportional to the needs of the case. Defendant has limited its search to documents provided to Defendant's employees between January 17, 2017 and present related to how to present and review the ICOA with potential contractors considering executing the agreement and will produce all responsive documents from that search.

17.     For the Relevant Time Period, all documents concerning policies, practices, procedures, instructions, guidelines and/or suggestions provided to CRSTX officials, employees or agents involved in the recruitment of Drivers concerning recruitment, including, but not limited to, documents regarding how to respond to questions about earnings or mileage of Drivers, ICOA provisions, CRST Lincoln Sales Lease availability and provisions, and Driver turn-over rates.

**Response:** Defendant objects to the definition of "Relevant Time Period" as overly broad. Plaintiffs have defined "Relevant Time Period" as "the time between the date that CRSTX first inserted provisions similar to ¶7(E) and/or 9(F) in Doc 39-2 and 39-4 into its ICOAs through the present." This definition is based on Plaintiffs' theory that putative class members' claims should be equitably tolled/Defendant should be equitably estopped from asserting a statute of limitations defense from the date these provisions were inserted. In granting conditional certification, the Court declined to find a basis for equitable estoppel to extend the time period for the putative collective. Defendant and has limited its search for documents to the period January 17, 2017 to present (3 years prior to the filing of the initial complaint in this case).

Defendant objects to the request for "all documents concerning" recruitment practices as overly broad, vague and not proportional to the needs of the case. Defendant has limited its search to form policies or guidance documents provided to recruiters about how to respond to inquiries from prospective independent contractors between January 17, 2017 and present. Defendant has

no responsive documents beyond the Lease Purchase and Owner-Operator Information Packets produced in response to Request for Production 1(c).

18.     For the Relevant Time Period, all Appendices A to ICOA forms such as those filed at Doc 39-2 and Doc 39-4 or similar provisions in other ICOA forms in which the Driver did NOT select the option: (a) for CRSTX to obtain base plates, (b) for CRSTX obtain the IFTA permit; (c) for CRSTX to arrange to have a communication system installed in the Equipment; (d) for non-trucking insurance coverage arranged or facilitated by CRSTX; (e) for Occupational Accident Insurance arranged or facilitated by CRSTX; (f) for physical damage insurance arranged of facilitated by CRSTX; and/or (g) for insurance for cargo, Carrier's trailers and related expenses arranged of facilitated by CRSTX.

**Response:** Defendant objects to the definition of "Relevant Time Period" as overly broad. Plaintiffs have defined "Relevant Time Period" as "the time between the date that CRSTX first inserted provisions similar to ¶7(E) and/or 9(F) in Doc 39-2 and 39-4 into its ICOAs through the present." This definition is based on Plaintiffs' theory that putative class members' claims should be equitably tolled/Defendant should be equitably estopped from asserting a statute of limitations defense from the date these provisions were inserted. In granting conditional certification, the Court declined to find a basis for equitable estoppel to extend the time period for the putative collective. Defendant and has limited its search for documents to the period January 17, 2017 to present (3 years prior to the filing of the initial complaint in this case).

Defendant objects to this request insofar as it seeks pre-certification discovery related to all putative class members to which Plaintiffs are not entitled. *See, e.g., Larson v. Burlington N. & Santa Fe Ry. Co.*, 210 F.R.D. 663, 665-66 (D. Minn. 2002) (citing Manual for Complex Litigation,

Third Ed., Section 30.12); *Jefferson v. Walgreen Co.*, 2010 WL 11629287, at *7 (M.D. Fla. Dec. 30, 2010).

Defendant further objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case as it has no way of searching the Appendix As of all contracts signed by independent contractors to determine whether they made the elections described. The burden of searching for such documents outweighs the benefit as it would require Defendant to search through every putative class/collective action member's contractor file when those individuals are not presently and may never become parties to this case. Defendant has not searched for documents responsive to this request.

19. For the Relevant Time Period all "Carrier safety and equipment maintenance policies" referenced in ¶4(A) of the ICOA filed as Doc 39-2 and/or safety and equipment maintenance policies referenced in other ICOA forms utilized during the Relevant Time Period.

**Response:** Defendant objects to the definition of "Relevant Time Period" as overly broad. Plaintiffs have defined "Relevant Time Period" as "the time between the date that CRSTX first inserted provisions similar to ¶7(E) and/or 9(F) in Doc 39-2 and 39-4 into its ICOAs through the present." This definition is based on Plaintiffs' theory that putative class members' claims should be equitably tolled/Defendant should be equitably estopped from asserting a statute of limitations defense from the date these provisions were inserted. In granting conditional certification, the Court declined to find a basis for equitable estoppel to extend the time period for the putative collective. Defendant and has limited its search for documents to the period January 17, 2017 to present (3 years prior to the filing of the initial complaint in this case).

Defendant has no documents responsive to this request.

19

20.     All documents generated, reviewed or considered concerning the drafting of, and/or CRSTX's decision to include, paragraph 7(E) and/or 9(F) in the ICOA forms filed as Doc 39-2 or Doc 39-4 or any similar provisions in other form ICOAs.

**Response:** Defendant objects to this request to the extent it seeks documents protected by the attorney-client privilege. Defendant will produce a privilege log in accordance with the Federal Rules of Civil Procedure identifying any documents withheld on the basis of privilege. Defendant objects to the request as vague and ambiguous as to the meaning of "concerning."

Defendant is identifying individuals and data sources that may have still have documents responsive to this request and will produce any non-privileged documents in its possession.


21.     All documents containing or concerning any claim, complaint, worker compensation claim, governmental communication, audit, award, formal or informal opinion, legal opinion or investigation pertaining to the legality or propriety of:

        a.  CRSTX's treatment of Drivers as independent contractors,

        b.  CRSTX's non-payment of minimum wages, individually or collectively to any individual or class of worker.

**Response:** Defendant objects to this request to the extent it seeks documents protected by the attorney-client privilege or work-product doctrine. Defendant will produce a privilege log in accordance with the Federal Rules of Civil Procedure identifying any documents withheld on the basis of privilege. Defendant objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case as it seeks "all documents containing or concerning" a broad category of documents not limited to any time period or to the proposed classes or collective in

this case. Subsection (b) is not proportional to the needs of the case as it seeks documents concerning Defendant's alleged non-payment of minimum wage to *any* individual or class of worker, including individuals and classes unrelated to this case.

Defendant objects to this request insofar as it seeks pre-certification discovery related to all putative class members to which Plaintiffs are not entitled. *See, e.g., Larson v. Burlington N. & Santa Fe Ry. Co.*, 210 F.R.D. 663, 665-66 (D. Minn. 2002) (citing Manual for Complex Litigation, Third Ed., Section 30.12); *Jefferson v. Walgreen Co.*, 2010 WL 11629287, at *7 (M.D. Fla. Dec. 30, 2010). Defendant objects to the request insofar as it seeks publicly available records equally accessible to Plaintiffs.

Defendant has limited its search to (1) documents constituting claims for workers' compensation or unemployment insurance benefits brought by independent contractors of Defendant between January 17, 2017 and present; (2) documents related to governmental audits examining Defendant's treatment of drivers as independent contractors between January 17, 2017 and present; and (3) legal opinions or memoranda provided to Defendant by outside counsel between January 17, 2017 and present concerning the legality of using independent contractors.

Defendant is still conducting its search and will produce all non-privileged documents that are responsive from this search.

22.    All documents containing or concerning any formal or informal complaints or demands by any Owner Operator concerning or containing questions or assertions about the fairness of any contract term.

**Response:**  Defendant objects to this request to the extent it seeks documents protected by the attorney-client privilege or work-product doctrine. Defendant will produce a privilege log in

accordance with the Federal Rules of Civil Procedure identifying any documents withheld on the basis of privilege. Defendant objects to this request insofar as it seeks pre-certification discovery related to "any Owner Operator" to which Plaintiffs are not entitled. *See, e.g., Larson v. Burlington N. & Santa Fe Ry. Co*., 210 F.R.D. 663, 665-66 (D. Minn. 2002) (citing Manual for Complex Litigation, Third Ed., Section 30.12); *Jefferson v. Walgreen Co.*, 2010 WL 11629287, at *7 (M.D. Fla. Dec. 30, 2010). Defendant further objects to the request as vague and not proportional to the needs of the case. It is not clear what "all documents containing or concerning any formal or informal complaints or demands" encompasses nor what qualifies as "questions or assertions about the fairness of any contract term." This request appears to require Defendant to search through every Qualcomm message, email, phone record, and driver file for every putative class or collective members – potentially millions of documents -- when those individuals are not presently and may never become parties to this case. The burden of such an extensive search outweighs any potential benefit. Defendant will produce all documents related to the named Plaintiffs and Linda Gravelle which may contain responsive documents. Defendant has not searched for additional documents potentially responsive to this request.

23.     For the Relevant Time Period, organizational charts showing the structure of the Defendants, including the relation of the Defendants to one another, any overlap in directors or officers or shareholders, the relation of departments or functions to one another, the relation between job titles, and the relation of people to another within Defendants' organizations and departments or divisions.

**Response:** Defendant objects to the definition of "Relevant Time Period" as overly broad. Plaintiffs have defined "Relevant Time Period" as "the time between the date that CRSTX first

inserted provisions similar to ¶7(E) and/or 9(F) in Doc 39-2 and 39-4 into its ICOAs through the present." This definition is based on Plaintiffs' theory that putative class members' claims should be equitably tolled/Defendant should be equitably estopped from asserting a statute of limitations defense from the date these provisions were inserted. In granting conditional certification, the Court declined to find a basis for equitable estoppel to extend the time period for the putative collective. Defendant and has limited its search for documents to the period January 17, 2017 to present (3 years prior to the filing of the initial complaint in this case). Defendant objects to the request as vague and ambiguous as to what is meant by "the relation of departments or functions to one another, the relation between job titles, and the relation of people to another within Defendants' organizations and departments or divisions."

Defendant has limited its search to organizational charts it has from January 2017 to present and will produce all responsive documents in its possession from that search.


24.     All documents describing the support services that CRST International, Inc. provided during the Relevant Time Period to Admiralty Holdings, Inc. operating entities, including CRSTX.

**Response:** Defendant objects to the definition of "Relevant Time Period" as overly broad. Plaintiffs have defined "Relevant Time Period" as "the time between the date that CRSTX first inserted provisions similar to ¶7(E) and/or 9(F) in Doc 39-2 and 39-4 into its ICOAs through the present." This definition is based on Plaintiffs' theory that putative class members' claims should be equitably tolled/Defendant should be equitably estopped from asserting a statute of limitations defense from the date these provisions were inserted. In granting conditional certification, the Court declined to find a basis for equitable estoppel to extend the time period for the putative

collective. Defendant and has limited its search for documents to the period January 17, 2017 to present (3 years prior to the filing of the initial complaint in this case).

Defendant objects to the request as vague and overly broad as it seeks "all documents describing" support services CRST International provides to all operating entities. Defendant has limited its search to the Management Services Agreement in place between CRST International and Defendant between January 17, 2017 and present and will produce all responsive documents from that search.

25. All agreements under or by which any individual, insurer or entity may be liable for any part of a judgment entered herein.

**Response:** Defendant has no documents responsive to this request.

26. Documents containing descriptions, keys, legends, or explanations of any codes used within the Defendants' payroll systems or modules at any time during the Relevant Time Period, including pay type descriptions, deduction codes, shorthand designations, or any other data which is not explicitly identified within each database record.

**Response:** Defendant objects to the definition of "Relevant Time Period" as overly broad. Plaintiffs have defined "Relevant Time Period" as "the time between the date that CRSTX first inserted provisions similar to ¶7(E) and/or 9(F) in Doc 39-2 and 39-4 into its ICOAs through the present." This definition is based on Plaintiffs' theory that putative class members' claims should be equitably tolled/Defendant should be equitably estopped from asserting a statute of limitations defense from the date these provisions were inserted. In granting conditional certification, the Court declined to find a basis for equitable estoppel to extend the time period for the putative

collective. Defendant and has limited its search for documents to the period January 17, 2017 to present (3 years prior to the filing of the initial complaint in this case).

Defendant objects to this request as vague as to what other modules for which Plaintiffs seek legends or keys. Defendant has limited its search to codes used in its compensation systems for owner-operators and will produce a document summarizing the standard codes used in its legacy AS400 system (which was in place through July 2019) and the codes used in its McLeod LME system which went into place thereafter for owner-operators.

27.    A list and description of the utilization of all software modules, services, and databases systems used by Defendants at any time during the Relevant Time Period to track, document or record payroll, work time, loads, mileage hours of service, GPS data, fuel or any other regularly tracked metrics.

**Response:** Defendant objects to the definition of "Relevant Time Period" as overly broad. Plaintiffs have defined "Relevant Time Period" as "the time between the date that CRSTX first inserted provisions similar to ¶7(E) and/or 9(F) in Doc 39-2 and 39-4 into its ICOAs through the present." This definition is based on Plaintiffs' theory that putative class members' claims should be equitably tolled/Defendant should be equitably estopped from asserting a statute of limitations defense from the date these provisions were inserted. In granting conditional certification, the Court declined to find a basis for equitable estoppel to extend the time period for the putative collective. Defendant and has limited its search for documents to the period January 17, 2017 to present (3 years prior to the filing of the initial complaint in this case).

Defendant objects to the request as vague as to what is meant by "description of the utilization" of software modules, services, and database systems. Defendant has no documents

responsive to this request.

28.    All GPS or Positioning data relating to Plaintiff Cervantes and Cross, including unique employee identifiers, timestamps, GPS information, and all other columns of data from sources such as Qualcomm/Omnitracs, Sensortracs, TMW or any other software, system or module used by Defendants.

**Response:** Defendant will produce in native form the GPS data extracted from the Qualcomm/Omnitracs systems in the trucks driven by Cervantes and Cross during the times they provided services to Defendant as independent contractors.

29.    All ELD tracked or documented metrics relating to the status of the truck or trailer leased to CRSTX pursuant to the ICOA signed by Plaintiff Cervantes and/or Plaintiff Cross including engine status, speed, idle time, any other regularly tracked or documented information from programs, modules, or services such as Sensortracs, TMW or any other software, system or module used by Defendants.

**Response:** Defendant will produce all responsive documents in its possession, custody or control responsive to this request related to the time periods during which Plaintiffs provided services to Defendant as independent contractors.

30.    All Hours of Service data sent, received, or maintained by or for Plaintiff Cross and/or Cervantes from platforms such as TMW, Qualcomm, Omnitracs, Sensortracs, or any other systems used by Defendants to track, document or record hours of service or similar data.

**Response:** Defendant will produce all responsive documents in its possession, custody or

control responsive to this request related to the time periods during which Plaintiffs provided services to Defendant as independent contractors.

31.     All Macros, along with the associated metadata, sent and received by Plaintiff Cross and/or Cervantes through any Defendant's software modules.

**Response:** Defendant objects to the request as vague as to the definition of "Macros" and associated metadata. Defendant will produce Plaintiffs' Qualcomm messaging data, which contains records of macros.

32.     Identification by name, job title, and address of individuals who communicate with, and whose IDs appear in any macro communication to Plaintiff Cross and/or Plaintiff Cervantes.

**Response:** Defendant objects to this request as vague, unduly burdensome, and not proportional to the needs of the case. Defendant is not going to review thousands of rows of data to identify every individual who ever communicated with Plaintiffs through the Qualcomm device and then create a document in response to the request. Defendant has no documents already in its possession containing such information. Defendant has not searched for documents responsive to this request.

33.     For the Relevant Time Period, descriptions of codes and forms utilized within the Defendants' data keeping systems and software modules including descriptions of macro codes, forms which are populated from database systems, payroll and deductions codes, Hours of Service designations, and any other codes or forms that appear within the Defendants' data keeping systems.

**Response:** Defendant objects to the definition of "Relevant Time Period" as overly broad. Plaintiffs have defined "Relevant Time Period" as "the time between the date that CRSTX first inserted provisions similar to ¶7(E) and/or 9(F) in Doc 39-2 and 39-4 into its ICOAs through the present." This definition is based on Plaintiffs' theory that putative class members' claims should be equitably tolled/Defendant should be equitably estopped from asserting a statute of limitations defense from the date these provisions were inserted. In granting conditional certification, the Court declined to find a basis for equitable estoppel to extend the time period for the putative collective. Defendant and has limited its search for documents to the period January 17, 2017 to present (3 years prior to the filing of the initial complaint in this case).

Defendant objects to this request as vague as to what is meant by "descriptions of codes and forms utilized within Defendant's data keeping systems." Defendant has already produced its Safety Handbooks which include descriptions of macro codes (see CRST002115-19, 2206-07) and will produce codes applicable to owner-operator settlements, for the period 2017 to present. Defendant has not searched for any other documents responsive to this request.

34.     For the relevant time period, descriptions of any unique identifiers or codes appearing in communication between the Defendants and DOT.

**Response:** Defendant objects to the definition of "Relevant Time Period" as overly broad. Plaintiffs have defined "Relevant Time Period" as "the time between the date that CRSTX first inserted provisions similar to ¶7(E) and/or 9(F) in Doc 39-2 and 39-4 into its ICOAs through the present." This definition is based on Plaintiffs' theory that putative class members' claims should be equitably tolled/Defendant should be equitably estopped from asserting a statute of limitations defense from the date these provisions were inserted. In granting conditional certification, the

Court declined to find a basis for equitable estoppel to extend the time period for the putative collective.

Defendant objects to this request as vague and unintelligible as to the meaning of "communication between Defendants and DOT." Defendant does not understand this request and has not searched for documents in response to this request.

Dated: February 16, 2021

Respectfully submitted,

/s/ James H. Hanson
James H. Hanson (admitted *pro hac vice*)
James T. Spolyar (admitted *pro hac vice*)
Elizabeth M. Bolka (admitted *pro hac vice*)
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204
P: 317-492-9205
F: 317-684-2414
jhanson@scopelitis.com
jspolyar@scopelitis.com
ebolka@scopelitis.com

Adam C. Smedstad (admitted *pro hac vice*)
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
3214 West McGraw Street, Suite 301F
Seattle, WA 98199
P: 206-288-6192
F: 206-299-9375
asmedstad@scopelitis.com

/s/ Kevin J. Visser
Kevin J. Visser
SIMMONS PERRINE MOYER BERGMAN PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401-1266
P: 319-366-7641
F: 319-366-1917
kvisser@spmblaw.com

Attorneys for Defendants,
CRST International, Inc. and CRST Expedited, Inc.

## CERTIFICATE OF SERVICE

I certify that on February 16, 2021, I served a true and correct copy of the forgoing document to the following via e-mail by agreement of the parties to the following counsel of record:

Michael J.D. Sweeney
Rebecca E. King
GETMAN, SWEENEY & DUNN PLLC
260 Fair Street
Kingston, NY 12401
(845) 255-9370
msweeney@getmansweeney.com
rking@getmansweeney.com

Edward Tuddenham
EDWARD TUDDENHAM
23 Rue du Laos
Paris
France
336 8479 8930
etudden@prismnet.com

Daniel L. Bonnett
MARTIN & BONNETT PLLC
3300 North Central Avenue, Suite 1720
Phoenix, AZ 85012
(602) 240-6900
dbonnett@martinbonnett.com

Jennifer Kroll
Michael M. Licata
Susan Martin
MARTIN & BONNETT PLLC
4647 North 32nd Street, Suite 185
Phoenix, AZ 85018
(602) 240-6900
jennifer@martinbonnett.com
mlicata@martinbonnett.com
smartin@martinbonnett.com

/s/James H. Hanson

4843-7587-1445, v. 9