# EXHIBIT 4

# GETMAN, SWEENEY & DUNN, PLLC

Getman, Sweeney, & Dunn PLLC
260 Fair Street
Kingston, NY 12401
845-255-9370
Fax 845-255-8649
www.getmansweeney.com

<u>VIA EMAIL</u>                                                                                                  June 4, 2021

James H. Hanson
Scopelitis, Garvin, Light, Hanson & Feary, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204
jhanson@scopelitis.com

Re: *Cervantes, et al. v. CRST International, Inc. et al*, 1:20-cv-00075-CJW-KEM

Dear Jim,

I am writing to address discovery deficiencies in CRST Expedited, Inc.'s and CRST International, Inc.'s February 16, 2021 responses to Plaintiffs' First Requests for Production, as well as CRST Expedited Inc.'s March 25, 2021 responses to Requests for Production for Mike Cross, Anthony Cervantes, and Linda Gravelle. As outlined in this letter, Defendants' responses are deficient in numerous ways.

Plaintiffs cannot accommodate these deficient responses and request that the parties schedule a meet and confer to further discuss these issues in accordance with Fed. R. Civ. P. Rule 37.

**I. GENERAL MATTERS**

Defendants have objected to many of the discovery requests on the basis that the requests seek information relating to individuals who have not filed consents to sue in this case, are not parties to this litigation and are not members of the class. While we believe that the requests are proper as propounded, for the time being we are willing to limit our requests to specific drivers, Named Plaintiffs, Mike Cross and Anthony Cervantes, and Opt-In Plaintiff, Linda Gravelle. (Discovery Plaintiffs). No such limitation applies to requests for information about Defendants or requests that specifically request information regarding other opt-in plaintiffs.

Defendants have also interposed various non-privileged based objections to discovery requests. In each case, Defendants are required to reveal whether they are withholding any responsive materials based on those objections. Fed. R. Civ. P. 34(b)(2)(C). We note that Defendants have not indicated that they are withholding any such material but it they are, they must disclose that fact.

1

Defendants have also objected to many of the discovery requests on the grounds that the definition of "Relevant Time Period" is overly broad. Given that the Court denied Plaintiffs' motion for equitable estoppel without prejudice to reassertion, Plaintiffs agree to adopt Defendants' revised definition of the "Relevant Time Period" for the time being. Accordingly, any reference in a request to the "Relevant Time Period" will be defined as the period from January 17, 2017 to present.

## II. CRST EXPEDITED, INC.'S RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO CRST EXPEDITED, INC.

**Request for Production 1**

In response to Plaintiffs' Request for Production 1, CRSTX limited its responses to RFP 1(c), (d), (e).

    **i. RFP 1(c)**

> An exemplar of each non-identical version of . . . Documents provided to, or intended by CRSTX to be seen by, individuals as part of CRSTX's efforts to recruitment Drivers, including, but not limited to, advertisements, Lease Purchase and Owner Operator Information Packets, earnings calculators, testimonials, brochures, web pages, frequently asked question documents, power point slides, and documents provided or displayed to individuals during the application process to be a CRSTX driver.

CRSTX objected to subpart (c) of the request, contending that the request is "vague and overly burdensome insofar as it seeks every advertisement or document ever provided or displayed in any form to potential drivers." In response to RFP 1(c), CRSTX limited its search to "(i) Lease-Purchase and Owner-Operator Information Packets; (ii) webpages that have provided information related to lease purchase or owner-operator compensation; and (iii) advertisements for Lease-Purchase or Owner-Operators between January 17, 2017 and present."

CRSTX's boilerplate objections lack the specificity required by Rule 34. Subpart (c) is a clear request for specific categories of documents. This information is highly relevant to the Plaintiffs' fraud claim and CRSTX fails to describe any burden that would outweigh the discovery's relevance. Further, the limited search CRSTX agreed to conduct omits responsive documents that Plaintiffs are aware exist, including materials sent via email, text message, and social media to recruit Drivers. See PLT-AC-000149-PLT-AC-000150, PLT-AC-000151-PLT-AC-000151, and PLT-MC-000014-PLT-MC-000014.

In the interest of moving the discovery process forward, Plaintiffs are willing to narrow RFP 1(c) in the following manner: An exemplar of each non-identical version of the form documents CRSTX sent to Drivers via text message and email as part of its recruitment efforts, as well as advertisements CRSTX posted on social media to recruit Drivers.

Plaintiffs request that CRSTX amend its response and produce the documents requested in Plaintiffs' revised RFP 1(c).

2

### iii. RFP 1(e)

> An exemplar of each non-identical version of . . . [e]mployment agreements between CRSTX and Employee Drivers, including agreements with Student Drivers classified as employees together with any exhibits or attachments referenced in the employment agreements."

In response, CRSTX refused to search for exemplar versions of employment agreements with Employee or Student Drivers, arguing that employment agreements with Employee Drivers are irrelevant to any claim or defense.

Contrary to CRSTX's argument, the employment agreements with employee drivers are relevant to Plaintiffs' FLSA claims to compare the provisions regarding Defendants' control over Employee Drivers and Student Drivers to the control provisions in the ICOAs. Accordingly, Plaintiffs request Defendants produce the requested documents.

**Request for Production 2**

Plaintiffs' RFP 2, requests:

> For the Relevant Time Period, all documents concerning authorizations for CRSTX to access driver files of a driver (other than the ICOA signatory) pursuant to ¶4(D) of ICOA forms like Doc 39-2 or Doc 39-4 or similar provisions in other form ICOAs, including requests that drivers (other than the ICOA signatory) take medical exams and charges made to a Driver for physical examination of Driver's driver(s) (Code PY).

CRSTX did not search for any documents responsive to this request, because CRSTX indicated it did not understand what this request seeks. Although Plaintiffs believe RFP 2 is clear as written, Plaintiffs will provide clarification. ICOA ¶4(D) states that Contractor's Drivers shall authorize CRST to access driver files, including ¶4(D)(1) Medical Examinations, ¶4(D)(2) Drug and Alcohol Testing, ¶4(D)(3) Driver Records, and ¶4(D)(4) Transportation Worker Identification Credential ("TWIC"). Accordingly, Plaintiffs request CRSTX produce the documents concerning any authorizations CRST sought to access these aforementioned files for non-ICOA signatory drivers. Plaintiffs will limit their request to any non-ICOA signatory drivers who drove with the Discovery Representatives for the time being.

**Request for Production 3**

> For the relevant time period, all documents evidencing workers compensation coverage or occupational accident coverage for persons other than the Driver, approved by CRSTX pursuant to ¶10(C) of the ICOA filed at Doc 39-2 or similar provisions in other form ICOAs. This request does not seek documents concerning passenger insurance required by ¶10(B)(3) of Doc 39-2 or similar ICOA provisions.

CRSTX objected to this request "insofar as it seeks pre-certification discovery related to all putative class members. . . ." As stated above, Plaintiffs are willing to limit their request to the

3

Named Plaintiffs, Anthony Cervantes and Mike Cross, and Opt-In Plaintiff Linda Gravelle. CRSTX indicated in its response to RFP 3 that it searched for responsive documents for Plaintiffs Anthony Cervantes and Mike Cross and did not find any responsive documents. Plaintiffs request that CRSTX conduct the same search for Opt-In Plaintiff Linda Gravelle and produce any responsive documents.

**Request for Production 4**

> For the Relevant Time Period, all documents containing or concerning requests by Drivers to haul freight for a motor carrier or entity other than CRSTX using Equipment leased to CRSTX pursuant to the Driver's ICOA. This request includes, but is not limited to, requests for CRSTX to consent to such use of the equipment, documents provided to CRSTX pursuant to ¶1(E) of ICOA forms such as those filed as Doc 39-2 or Doc 39-4, or similar provisions in other ICOA forms, and documents reflecting CRSTX's response to such requests.

In response, CRSTX agreed to produce all documents in its possession regarding "the named Plaintiffs and Linda Gravelle, which would include any such requests made by them." However, CRSTX confusingly concluded its response indicating that they have not searched for responsive documents to this request.

Plaintiffs agree to limit the scope of discovery to the Discovery Representatives for the time being. Plaintiffs request that CRSTX produce all documentation, if any, that Anthony Cervantes, Mike Cross, or Linda Gravelle provided to CRSTX pursuant to ¶1(E) of ICOA, indicating that they drove for another company. If CRSTX is withholding any documents based on any objections, CRSTX should notify Plaintiffs in accordance with Rule 34.

**Request for Production 6**

> Produce all documents concerning Plaintiff Mike Cross, both as an Employee Driver or as a Driver working pursuant to an ICOA, including, but not limited to, all documents containing or concerning his application to work for CRSTX or the evaluation thereof, all documents provided or displayed to him during recruitment, hiring, or training, all weekly settlement documents, evaluations, personnel files, all documents reflecting warnings, discipline, or violation of the ICOA or CRSTX policies and procedures, documents containing or concerning communications with him by dispatchers or other CRSTX employees including Qualcomm messages, all documents containing or concerning acceptance, rejection, or transportation of loads for CRSTX, all Drivers Log records and time of service records that have been certified to the Department of Transportation, and all documents containing or concerning his termination and final payments.

In response to RFP 6, CRSTX "limited its search to emails sent to or received from Plaintiff, files maintained on Plaintiff, contracts signed by Plaintiff, settlement statements and data, trip inquiry reports, driver log records, GPS data, and Qualcomm messages." However, CRSTX only

4

produced the documents requested for the time that Plaintiff Mike Cross worked as a Driver pursuant to an ICOA.

The requested documents concerning Plaintiff Mike Cross' time working as an Employee Driver pertain to Plaintiffs' FLSA claims as they show the control Defendants exerted over Cross as an Employee Driver as compared to that exercised over him as a Driver working pursuant to ICOAs. Plaintiffs request CRSTX amend its response and produce the requested documents for the time Plaintiff Mike Cross worked as an Employee Driver.

**Request for Production 7**

> All Qualcomm communications between CRSTX and the following opt-in Plaintiffs, both during their time as Employee Drivers, if any, and as Drivers working pursuant to ICOAs:
> a. Linda Gravelle,
> b. Adam St. Amour,
> c. Chris Fink, and
> d. Tommy Handley

In response to RFP 7, CRSTX limited its search to "all Qualcomm communications for the requested individuals related to the time they provided services as independent contractor owner-operators under an ICOA," contending that communications during the periods these individuals provided services as Employee Drivers are irrelevant.

The Qualcomm communications between the requested individuals and CRSTX during the time they provided services as Employee Drivers are relevant to the FLSA claims as they show the control Defendants exerted over these individuals as Employee Drivers as compared to the control Defendants exercised over them as Drivers working pursuant to ICOAs. Plaintiffs request CRSTX amend its responses and produce the requested documents.

**Request for Production 8**

> All forms or other documents during the Relevant Time Period documenting or communicating any sanctions, discipline, warnings or notifications of violations of ICOA provisions or of CRSTX policies, procedures, or practices by Drivers, including, but not limited to, violations of speed, braking incidents, and late pick-up and deliveries.

CRSTX objected to RFP 8 "insofar as it seeks pre-certification discovery related to all putative class members to which Plaintiffs are not entitled." CRSTX limited its search to "form documents related to safety violations or performance issues." CRSTX did not locate any responsive documents.

CRSTX's response is unclear about which Drivers CRSTX conducted its search for. In the interest of moving the discovery process forward, Plaintiffs narrow the scope of their request to documents related to safety violations or performance issues regarding the Discovery

5

Representatives. Plaintiffs request CRSTX clarify whether it searched for the requested documents for all the Discovery Representatives in its initial search, and if not, Plaintiffs request CRSTX conduct the revised search and produce responsive documents.

**Request for Production 9**

> All documents containing or concerning how the compensation rate for Drivers was determined or set including, but not limited to documents generated, reviewed or considered as part of that process.

CRSTX asserted insufficient boilerplate objections that RFP 9 is overbroad, vague, and ambiguous, providing no specific basis for these objections. CRSTX limited its search to documents generated or analyzed between "January 17, 2017 and present used to determine the percentage of Adjusted Gross Revenue paid to independent contractors." CRSTX did not produce any documents in response to RFP 9; instead, it indicated that it is "still conducting its search and will produce any responsive documents . . . ."

Further, CRSTX objected to RFP 9 to the extent it seeks documents protected by the attorney-client privilege or work-product doctrine. Where CRSTX believes that it is entitled to exert a privilege of responsive documents, it must produce a privilege log in accordance with the Federal Rules of Civil Procedure detailing any documents withheld on the basis of privilege.

To date, Plaintiffs have not received any supplemental responses. Further, CRSTX's limited search omits documents that were generated prior to 2017 but affected the 2017 compensation rates. In the interest of moving the discovery process forward, Plaintiffs narrow their request to documents that were generated or analyzed to determine and set the compensation rates applicable for Drivers from 2017 to present, including, but not limited to documents generated, reviewed, or considered as part of that process. Plaintiffs request that CRSTX amend its response, produce the requested documents, and produce a privilege log for any documents withheld due to a privilege.

**Request for Production 10**

> For the Relevant Time Period, documents setting forth the terms of work, policies, procedures, rules, regulations, or directions, applicable to Student Drivers.

CRSTX refused to search for documents based on its objection that documents applicable to Student Drivers are irrelevant to the claims and defenses in this case. CRSTX is incorrect. The requested documents are extremely relevant as Plaintiffs and the putative collective were required to supervise Student Drivers. The documents requested pertain to the FLSA claims as they show the control Defendants exerted over Student Drivers as compared to that exercised over Drivers working pursuant to ICOAs. Accordingly, Plaintiffs request CRSTX amend its response and produce the requested documents.

**Request for Production 11**

> For the Relevant Time Period, documents setting forth the terms of work, policies, procedures, rules, regulations, or directions, applicable to Employee Drivers.

Similar to RFP 10, CRSTX did not search for documents in response to RFP 11, contending that the requested documents applicable to Employee Drivers are irrelevant and not proportionate to the needs of the case. As stated above, the requested documents are relevant and pertain to Plaintiffs' FLSA claims as they show the control Defendants exerted over Employee Drivers as compared to that exercised over Drivers working pursuant to ICOAs. Accordingly, Plaintiffs request CRSTX amend its response and produce the requested documents.

**Request for Production 12**

> For the Relevant Time Period, documents setting forth the terms of work, policies, procedures, rules, regulations, or directions, applicable to Team Drivers.

In response to RFP 12, CRSTX refused to search for any additional responsive documents, other than "handbooks applicable to all drivers regardless of their election to operate as team or solo drivers." CRSTX improperly limited its search and production based on its insufficient boilerplate objections regarding proportionality and relevance, providing no specificity as to why this request is disproportionate.

The requested documents applicable to Team Drivers pertains to the FLSA claims to the extent they detail the difference, or lack thereof, in control Defendants exerted over Team Drivers. Further, to clarify, Plaintiffs are seeking documents applicable to any drivers hired by a Driver employed pursuant to an ICOA, as opposed to Drivers employed pursuant to an ICOA who also drive in teams, such as those driving with a Student Diver. Accordingly, Plaintiffs request CRSTX amend its response and produce the requested documents applicable to any drivers hired by a Driver employed pursuant to an ICOA.

**Request for Production 13**

> For the Relevant Time Period, documents setting forth the terms of work, policies, procedures, rules, regulations, or directions, applicable to Drivers.

In response to RFP 13, CRSTX asserted boilerplate objections, indicating that the terms "procedures," "regulations," and "directions," are vague and ambiguous, failing to provide the specific reasons why these terms are vague as required under Rule 34. Based on these insufficient objections, CRSTX limited its search to "handbooks, form policy documents, handouts, and memoranda distributed to independent contractors between January 17, 2017 and present and will produce all documents in its possession responsive to this request."

Plaintiffs do not object to CRSTX's limited request; however, CRSTX has only produced one document labeled CRST004369-CRST004551, CRST Safety Handbook. Plaintiffs request

CRSTX inform Plaintiffs whether it completed its search for the additional documents CRSTX indicated it would search for and produce. If CRSTX completed its search and identified more responsive documents, Plaintiffs request CRSTX timely amend its response and produce the responsive documents.

**Request for Production 14**

> All financial reports, analyses, projections, studies or other documents prepared for, generated, reviewed or considered by CRSTX management containing information regarding the cost, profitability, and/or earnings of Employee Drivers and/or Drivers, including documents tracking, estimating or comparing miles driven, miles per gallon, per diem costs, operational or total cost per mile, miles per hour, miles driven per week, earnings per week or per mile, or average miles per load for loads by Drivers and/or Employee Drivers.

CRSTX objected to RFP 14 to the extent the request seeks documents protected by the attorney-client privilege or work-product doctrine. Where CRSTX believes that it is entitled to exert a privilege of responsive documents, it must produce a privilege log in accordance with the Federal Rules of Civil Procedure detailing any documents withheld on the basis of privilege.

Further, CRSTX responded that it is, "identifying individuals and data sources that may have responsive financial reports, analyses, or projections comparing the cost, profitability, and/or earnings of independent contractors versus employee drivers that were generated, analyzed or reviewed between January 17, 2017 and present and will produce any non-privileged documents from that search."

To date, Plaintiffs have not received any responsive documents in response to RFP 14. Accordingly, Plaintiffs request that CRSTX amend its response, indicating whether CRSTX has completed its search, and if so, produce the responsive documents in a timely manner.

**Request for Production 15**

> For the Relevant Time Period, all documents containing or concerning Student Driver training, including, but not limited to lead driver certification training materials, student evaluation forms, pay policies for Student Drivers and for those Drivers who are training Student Drivers, and policies regarding supervision of Student Drivers.

In response to RFP 15, CRSTX objected that the request is disproportionate to the needs of the case in seeking "all documents containing or concerning Student Driver training." Based on this objection, CRSTX limited its search to "form documents distributed to Lead Drivers (later referred to as Driver Mentors) related to the Lead Driver/Driver Mentor program utilized between January 17, 2017 and present."

The requested documents are highly relevant and pertain to Plaintiffs' FLSA claims as they show the control Defendants exerted over Student Drivers as compared to that exercised over Drivers working pursuant to ICOAs, as well as the control Defendants exerted over Drivers' interactions with Student Drivers. Further, the limited search CRSTX agreed to conduct omits responsive

8

Case 1:20-cv-00075-CJW-KEM   Document 277-4   Filed 06/17/22   Page 9 of 20

documents that Plaintiffs are aware exist, including training guides Defendants provided Student Drivers, see PLT-LG-002775-PLT-LG-002801, and a Pre-Employment Driver Training Agreement, see CRST002877-CRST002879.

Accordingly, Plaintiffs request that in addition to the limited search CRSTX conducted, CRSTX further search for "documents distributed to Student Drivers related to the Lead Driver/Driver Mentor program utilized between January 17, 2017 to present." Plaintiffs request CRSTX amend its response and produce the requested documents.

**Request for Production 16**

> For the Relevant Time Period, all documents concerning policies, practices, procedures or instructions provided to CRSTX officials, employees, or agents involved in the presentation, description, or signing of ICOAs concerning any or all of those tasks, including, but not limited to, instructions regarding how to respond to Driver questions about the ICOA, how to summarize the contents of the ICOA, characterize the ICOA provisions, or carry out the signing process.

CRSTX asserted a boilerplate objection that RFP 16 is overbroad, vague, and not proportionate to the needs of the case without providing any support for these assertions. CRSTX limited its search to "documents provided to Defendant's employees between January 17, 2017 and present related to how to present and review the ICOA with potential contractors considering executing the agreement and will produce all responsive documents from that search."

To date, Plaintiffs have received one document in response to RFP 16, Bates stamped CRST005006-CRST005069, ICOA Summary Review. Plaintiffs are aware that Drivers were required to attend a three-day orientation that included multiple presentations and speakers. Plaintiffs request that CRSTX amend its response, indicating whether CRSTX completed its search, and if so, CRSTX should produce all the responsive documents, including, but not limited to, presentation materials, instructions, and scripts used by CRSTX's employees or officials.

**Request for Production 18**

> For the Relevant Time Period, all Appendices A to ICOA forms such as those filed at Doc 39-2 and Doc 39-4 or similar provisions in other ICOA forms in which the Driver did NOT select the option: (a) for CRSTX to obtain base plates, (b) for CRSTX obtain the IFTA permit; (c) for CRSTX to arrange to have a communication system installed in the Equipment; (d) for non-trucking insurance coverage arranged or facilitated by CRSTX; (e) for Occupational Accident Insurance arranged or facilitated by CRSTX; (f) for physical damage insurance arranged of facilitated by CRSTX; and/or (g) for insurance for cargo, Carrier's trailers and related expenses arranged of facilitated by CRSTX.

CRSTX objected to RFP 18 on the grounds that this request is unduly burdensome and not proportional to the needs of the case, because it would require CRSTX to search for the Appendix As of all ICOAs to determine whether drivers made the elections described.

9

The information sought in this request is highly relevant to the FLSA claims to the extent it shows whether Drivers turned down CRST's offer to advance these payments. Such information is highly relevant and would be available in Defendants' electronically stored information and can be being exported in a nonburdensome manner. Plaintiffs request that CRSTX amend its response and produce the requested information.

**Request for Production 20**

> All documents generated, reviewed or considered concerning the drafting of, and/or CRSTX's decision to include, paragraph 7(E) and/or 9(F) in the ICOA forms filed as Doc 39-2 or Doc 39-4 or any similar provisions in other form ICOAs.

CRSTX raised an objection to RFP 20 to the extent that it seeks documents protected by the attorney client privilege, indicating that it will produce a privilege log to identify any documents it withholds based on privilege. CRSTX further responded that it is "identifying individuals and data sources that may [] still have documents responsive to this request and will produce any non-privileged documents in its possession."

To date, CRSTX has not produced any documents or privilege logs in response. Plaintiffs request that CRSTX amend its response and inform Plaintiffs whether it has identified the requisite individuals and data sources, and if so, produce the responsive non-privileged documents. To the extent that CRSTX has identified documents it intends to withhold on the basis of privilege, Plaintiffs request CRSTX produce a privilege log, as it indicated it would.

**Request for Production 21**

> All documents containing or concerning any claim, complaint, worker compensation claim, governmental communication, audit, award, formal or informal opinion, legal opinion or investigation pertaining to the legality or propriety of:
>
> a. CRSTX's treatment of Drivers as independent contractors,
>
> b. CRSTX's non-payment of minimum wages, individually or collectively to any individual or class of worker.

CRSTX objected to RFP 21 to the extent the request seeks documents protected by the attorney-client privilege or work-product doctrine. CRSTX indicated it will produce a privilege log, identifying documents withheld on the basis of privilege. To date, CRSTX has not produced a privilege log. Where CRSTX believes that it is entitled to exert a privilege of responsive documents, it must produce a privilege log in accordance with the Federal Rules of Civil Procedure detailing any documents withheld on the basis of privilege.

Further, CRSTX objected to this request as "overly broad, unduly burdensome, and not proportional to the needs of the case as it seeks 'all documents containing or concerning' a broad category of documents not limited to any time period or to the proposed classes or collective in this case." CRSTX also objects to subpart (b) as seeking documents regarding individuals "unrelated to the case." Based on these objections, CRSTX improperly limited its search to "(1) documents constituting claims for workers' compensation or unemployment insurance benefits

brought by independent contractors of Defendant between January 17, 2017 and present; (2) documents related to governmental audits examining Defendant's treatment of drivers as independent contractors between January 17, 2017 and present; and (3) legal opinions or memoranda provided to Defendant by outside counsel between January 17, 2017 and present concerning the legality of using independent contractors."

Contrary to CRSTX's objection, the requested documents, including those preceding the limited time period CRSTX imposed on their search, are highly relevant to the claims in this case. The requested documents pertain to Defendants' scienter in its consideration, creation, and implementation of the Owner Operator Program, at least some of which must have occurred prior to the limited time period CRSTX imposed on its search.

In the interest of moving the discovery process forward, Plaintiffs narrow their request in the following manner:

> All documents containing or concerning:
>
> a. Any claim, complaint, governmental communication, governmental, internal, or third party audit, award, or legal opinion or memorandum pertaining to the legality or propriety of CRSTX's treatment of Drivers as independent contractors,
>
> b. Any claims filed in a court, arbitral forum, or other decision-making body; government audits; and legal opinions regarding CRSTX's non-payment of minimum wages, individually or collectively to any individual or class of worker.

CRSTX indicated in its response that CRSTX would produce responsive documents from its limited search. To date, Plaintiffs have not received any documents or privilege logs in response to RFP 21. Plaintiffs request CRSTX produce the responsive documents resulting from CRSTX limited search. In addition, because CRSTX's limited search omits highly relevant documents, Plaintiffs request CRSTX amend its response and produce documents responsive to Plaintiffs' revised RFP 21.


**Request for Production 27**

> A list and description of the utilization of all software modules, services, and databases systems used by Defendants at any time during the Relevant Time Period to track, document or record payroll, work time, loads, mileage hours of service, GPS data, fuel or any other regularly tracked metrics.

CRSTX objected to RFP 27 as "vague as to what is meant by 'description of the utilization' of software modules, services, and database systems." CRSTX further indicated that it does not have any responsive documents.

Given that CRSTX found RFP 27 to be vague, Plaintiffs propound the following amended request to ensure that CRSX understands what documents Plaintiffs are requesting:

> All manuals, including administrator's manuals; guidebooks; handbooks; "how-to's", and training materials for any software and services used by Defendant during the Relevant

11

> Time Period to track, document or record payroll, work time, documentation, loads, mileage hours of service, GPS data, fuel or any other regularly tracked metrics.

Plaintiffs request that CRSTX search for documents responsive to Plaintiffs' amended request and produce any responsive documents.

**Request for Production 32**

> Identification by name, job title, and address of individuals who communicate with, and whose IDs appear in any macro communication to Plaintiff Cross and/or Plaintiff Cervantes.

CRSTX objected to this request as vague, unduly burdensome, and not proportional to the needs of the case, because CRSTX claims it would require CRSTX to review thousands of rows of data to create a document in response to the request. CRSTX stated it has "not searched for documents responsive to this request." Without searching for any documents, CRSTX concluded that it does not have any documents in its possession containing the requested information.

Plaintiffs are aware that Qualcomm databases can create tables that contain the identifying information for the IDs appearing in macro communications. Accordingly, to clarify, Plaintiffs amend their request in the following manner:

> Export of a table from database, containing descriptions of all codes appearing in Column U of documents Bates stamped CRST002242, CRST002243, CRST002590, and CRST002591.

Plaintiffs request that CRSTX amend its response and produce any documents responsive to Plaintiffs' amended request.

**Request for Production 33**

> For the Relevant Time Period, descriptions of codes and forms utilized within the Defendants' data keeping systems and software modules including descriptions of macro codes, forms which are populated from database systems, payroll and deductions codes, Hours of Service designations, and any other codes or forms that appear within the Defendants' data keeping systems.

CRSTX objected to this request "as vague as to what is meant by 'descriptions of codes and forms utilized within Defendant's data keeping systems.'" CRSTX then directed Plaintiffs to previously produced Safety Handbooks, CRST002115-19, 2206-07, for descriptions of the macro codes.

The descriptions of macro codes contained in Safety Handbooks, CRST002115-19, 2206-07, are not comprehensive and are limited to a small number of macro codes. For example, Plaintiffs identified numerous macro codes in the document labelled CRST002242, for which the Safety Handbooks provide no descriptions, including but not limited to, macro codes 22, 23, 35, 39, 43, 48, and 50. Accordingly, Plaintiffs request that CRSTX amend its response and produce descriptions of all macro codes populated from database systems.

## III. CRST INTERNATIONAL'S RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO CRST INTERNATIONAL, INC.

**Request for Production 15**

>All Board of Directors meeting minutes that pertain to or concern Drivers.

CRST International did not search for any documents in response to RFP 15, based on its objections that the request is vague, overbroad, and disproportionate to the needs of the case. Specifically, CRST International objected that the request is not limited to any specific topic or time period and would require CRST International to search "all meeting minutes that 'pertain to or concern' independent contractor drivers."

In the interest of moving the discovery process forward, Plaintiffs narrow RFP 15 to:

>All Board of Directors meeting minutes from January 1, 2014 to present under the following topics: the profitability of Employee Drivers, independent contractor Drivers, the Owner Operator Program, and/or Lease Operator Program; recruitment and/or retention of Drivers; terms of the ICOA; terms of the Lease; policies, practices, or procedures concerning Drivers' work; the student driver training program; legality and/or liability exposure because of the independent contractor program; compensation of Drivers; deductions from Drivers' pay; Drivers' hours of work; customer billing; accessorial charges; chargeback items; compliance with the TILA, FLSA, Iowa Minimum Wage Law, and/or Iowa Wage Payment Collection Law.

Plaintiffs request that CRST International amend its response and produce documents in response to Plaintiffs' amended RFP 15.

## IV. CRST EXPEDITED INC.'S RESPONSES TO PLAINTIFF ANTHONY CERVANTES' REQUESTS FOR PRODUCTION OF DOCUMENTS TO CRST EXPEDITED, INC.

**Request for Production 22**

>Documents showing the amount billed to any customer of Defendant for a load borne by Plaintiff, including any accessorial charges.

CRSTX objected to RFP 22, contending that the request is overly broad, unduly burdensome, and not proportional to the needs of the case. CRSTX estimated that it would take half a day for its personnel to extract the requested billing invoices. As an alternative, CRSTX indicated it is "willing to produce a sampling of billing invoices related to 20 load numbers selected by Plaintiff, in order to make the burden more reasonable. If the sampling reveals inaccuracies in Plaintiff's compensation, then Defendant will confer with Plaintiff regarding production of additional records."

In the interest of moving the discovery process forward and to create a less burdensome search for CRSTX, Plaintiffs accept CRSTX's proposal with slight modifications. Plaintiffs request that

13

CRSTX produce a sampling of billing invoices related to 50 load numbers that include accessorial charges, such as detention, selected by Plaintiffs. If the sampling reveals inaccuracies in Plaintiffs' compensation, then CRSTX will confer with Plaintiffs regarding production of additional records.

**Request for Production 25**

> All documents concerning any DAC report entries made by any Defendant concerning Plaintiff at any time.

CRSTX did not search for documents in response to RFP 25, based on CRSTX's objections that the request is irrelevant, overly broad, and not proportionate to the needs of the case. CRSTX further objected that the phrase "all documents concerning any DAC report entries" is vague and ambiguous and duplicative of previously propounded RFP 5, requesting "all documents concerning Plaintiff."

The documents requested are highly relevant to Plaintiffs' FLSA claims as they show the control Defendants exerted over Plaintiffs. CRSTX previously produced documents pertaining to Plaintiff's HireRight information; however, CRSTX has not produced entries CRSTX made in Plaintiff's DAC report.

In the interest of moving the discovery process forward, Plaintiffs narrow and clarify RFP 25 in the following manner: "DAC report entries made by any Defendant concerning Plaintiff from January 17, 2017 to present." Plaintiffs request that CRSTX amend its response and produce documents in response to Plaintiffs' amended RFP 25.

## V. CRST EXPEDITED INC.'S RESPONSES TO PLAINTIFF LINDA GRAVELLE'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO CRST EXPEDITED, INC.

**Request for Production 5**

> All documents concerning Plaintiff's pay (whether earned as an employee or treated as an independent contractor), including but not limited to settlements, calculations, remuneration, deductions, adjustments, expense reimbursement, pay advances, and contract interpretation.

CRSTX limited its search to "settlement statements, data, settlement summaries, ICOAs, and Form 1099s," based on its argument that documents concerning Plaintiff's pay earned as an Employee Driver are not relevant. Contrary to CRSTX's argument, documents concerning Plaintiff Linda Gravelle's pay earned an employee are pertinent to Plaintiffs' FLSA claims to the extent they show the amount of control CRSTX exerted over Employee Drivers compared to that of Drivers treated as independent contractors.

Plaintiffs request that CRSTX amend its response and produce any responsive documents concerning Plaintiff Linda Gravelle's pay earned as an employee, including but not limited to

14

settlements, calculations, remuneration, deductions, adjustments, expense reimbursement, pay advances, and contract interpretation.

**Request for Production 13**

> All Qualcomm communications between CRSTX and Plaintiff, both during time as an employee driver, if any, and as a driver pursuant to Plaintiff's ICOA.

CRSTX objected to RFP 13 as duplicative of Plaintiffs' previously propounded RFP 7. CRSTX further objected to the "the extent it seeks documents related to services Plaintiff performed as an employee driver and has not searched for documents related to that time period."

As stated above in Plaintiffs' response to CRSTX's objections to RFP 7 in Section II of this letter, the Qualcomm communications between the Linda Gravelle and CRSTX during the time she provided services as Employee Drivers are relevant to the FLSA claims as they show the control Defendants exerted over these Drivers as Employee Drivers as compared to the control Defendants exercised over them as Drivers working pursuant to ICOAs. Plaintiffs request CRSTX amend its responses and produce the Qualcomm communications between CRSTX and Linda Gravelle during the time she worked as an employee driver.

**Request for Production 22**

> Documents showing the amount billed to any customer of Defendant for a load borne by Plaintiff, including any accessorial charges.

CRSTX objected to RFP 22, contending that the request is overly broad, unduly burdensome, and not proportional to the needs of the case. CRSTX estimated that it would take half a day for its personnel to extract the requested billing invoices. As an alternative, CRSTX indicated it is "willing to produce a sampling of billing invoices related to 20 load numbers selected by Plaintiff, in order to make the burden more reasonable. If the sampling reveals inaccuracies in Plaintiff's compensation, then Defendant will confer with Plaintiff regarding production of additional records."

In the interest of moving the discovery process forward and to create a less burdensome search for CRSTX, Plaintiffs accept CRSTX's proposal with slight modifications. Plaintiffs request that CRSTX produce a sampling of billing invoices related to 50 load numbers that include accessorial charges, such as detention, selected by Plaintiffs. If the sampling reveals inaccuracies in Plaintiffs' compensation, then CRSTX will confer with Plaintiffs regarding production of additional records.

**Request for Production 25**

> All documents concerning any DAC report entries made by any Defendant concerning Plaintiff at any time.

15

CRSTX did not search for documents in response to RFP 25, based on CRSTX's objections that the request is irrelevant, overly broad, and not proportionate to the needs of the case. CRSTX further objected that the phrase "all documents concerning any DAC report entries" is vague and ambiguous and duplicative of previously propounded RFP 5, requesting "all documents concerning Plaintiff."

The documents requested are highly relevant to Plaintiffs' FLSA claims as they show the control Defendants exerted over Plaintiffs. CRSTX previously produced documents pertaining to Plaintiff's HireRight information; however, CRSTX has not produced entries CRSTX made in Plaintiff's DAC report.

In the interest of moving the discovery process forward, Plaintiffs are willing to narrow and clarify RFP 25 in the following manner: "DAC report entries made by any Defendant concerning Plaintiff from January 17, 2017 to present." Plaintiffs request that CRSTX amend its response and produce documents in response to Plaintiffs' amended RFP 25.

## VI. CRST EXPEDITED INC.'S RESPONSES TO PLAINTIFF MIKE CROSS' REQUESTS FOR PRODUCTION OF DOCUMENTS TO CRST EXPEDITED, INC.

**Request for Production 1**

> Any ICOAs, Leases, or other agreements with any Defendant that Plaintiff signed.

CRSTX objected to this request and directed Plaintiffs to Mike Cross' Equipment Lease Agreements that CRSTX previously produced. CRSTX further objected to the extent this request seeks employment agreements, asserting that the employment agreements are not relevant to any claim or defense. CRSTX noted that it did not specifically searched for employment agreements or agreements outside the Relevant Time Period.

As stated in response to CRSTX's objections to RFP 6 in Section II of this letter, the requested documents concerning Plaintiff Mike Cross's time working as an Employee Driver pertain to Plaintiffs' FLSA claims as they show the control Defendants exerted over Cross as an employee driver as compared to that exercised over him as a Driver working pursuant to ICOAs. Further, CRSTX already produced Linda Gravelle's employment agreement for the time she worked as an Employee Driver. See CRST002874-CRST002876. Plaintiffs request CRSTX amend its response and produce the requested documents for the time Plaintiff Mike Cross worked as an Employee Driver.

**Request for Production 5**

> All documents concerning Plaintiff's pay (whether earned as an employee or treated as an independent contractor), including but not limited to settlements, calculations, remuneration, deductions, adjustments, expense reimbursement, pay advances, and contract interpretation.

16

CRSTX limited its search to "settlement statements, data, settlement summaries, ICOAs, and Form 1099s," based on its argument that documents concerning Plaintiff's pay earned as an Employee Driver are not relevant. Contrary to CRSTX's argument, documents concerning Plaintiff Mike Cross' pay earned an employee are pertinent to Plaintiffs' FLSA claims to the extent they show the amount of control CRSTX exerted over Employee Drivers compared to that of Drivers treated as independent contractors.

As stated above in Plaintiff's response to CRSTX's objections to RFP 5 in Section II of this letter, Plaintiffs request that CRSTX amend its response and produce any responsive documents concerning Plaintiff Mike Cross' pay earned as an Employee Driver, including but not limited to settlements, calculations, remuneration, deductions, adjustments, expense reimbursement, pay advances, and contract interpretation.

**Request for Production 13**

> All Qualcomm communications between CRSTX and Plaintiff, both during time as an employee driver, if any, and as a driver pursuant to Plaintiff's ICOA.

CRSTX objected to RFP 13 as duplicative of Plaintiffs' previously propounded RFP 6. CRSTX further objected to the "the extent it seeks documents related to services Plaintiff performed as an employee driver and has not searched for documents related to that time period."

As stated above in Plaintiffs' response to CRSTX's objections to RFP 6 in Section II of this letter, the Qualcomm communications between the Mike Cross and CRSTX during the time he provided services as Employee Drivers are relevant to the FLSA claims as they show the control Defendants exerted over these individuals as Employee Drivers as compared to the control Defendants exercised over them as Drivers working pursuant to ICOAs. Plaintiffs request that CRSTX amend its responses and produce the Qualcomm communications between CRSTX and Mike Cross during the time he worked as an employee driver.

**Request for Production 18**

> All documents concerning Plaintiff's hours of work, including but not limited to U.S. Department of Transportation ("DOT") Logs, including any changes made by any Defendant to the DOT Logs submitted by Plaintiff.

In response to RFP 18, CRSTX indicated that it previously produced "all hours-of-service data" for Plaintiff Mike Cross, and referred Plaintiffs to documents produced at Bates range CRST001253 - CRST001504 and CRST002586. CRSTX also noted that at the time it was responding to the request, Plaintiff Mike Cross was "still providing services and therefore still submitting logs each day." Accordingly, CRSTX indicated it was willing to supplement its response with updated logs.

CRSTX produced Plaintiff Mike Cross' logs up to December 12, 2020, see CRST002586. Plaintiffs request that CRSTX supplement its response to RFP 18, and provide updated logs for Plaintiff Mike Cross for the period of time following December 12, 2020 that he continued to drive for CRSTX pursuant to an ICOA.

**Request for Production 22**

>Documents showing the amount billed to any customer of Defendant for a load borne by Plaintiff, including any accessorial charges.

CRSTX objected to RFP 22, contending that the request is overly broad, unduly burdensome, and not proportional to the needs of the case. CRSTX estimated that it would take half a day for its personnel to extract the requested billing invoices. As an alternative, CRSTX indicated it is "willing to produce a sampling of billing invoices related to 20 load numbers selected by Plaintiff, in order to make the burden more reasonable. If the sampling reveals inaccuracies in Plaintiff's compensation, then Defendant will confer with Plaintiff regarding production of additional records."

In the interest of moving the discovery process forward and to create a less burdensome search for CRSTX, Plaintiffs accept CRSTX's proposal with slight modifications. Plaintiffs request that CRSTX produce a sampling of billing invoices related to 50 load numbers that include accessorial charges, such as detention, selected by Plaintiffs. If the sampling reveals inaccuracies in Plaintiffs' compensation, then CRSTX will confer with Plaintiffs regarding production of additional records.

**Request for Production 25**

>All documents concerning any DAC report entries made by any Defendant concerning Plaintiff at any time.

CRSTX did not search for documents in response to RFP 25, based on CRSTX's objections that the request is irrelevant, overly broad, and not proportionate to the needs of the case. CRSTX further objected that the phrase "all documents concerning any DAC report entries" is vague and ambiguous and duplicative of previously propounded RFP 5, requesting "all documents concerning Plaintiff."

The documents requested are highly relevant to Plaintiffs' FLSA claims as they show the control Defendants exerted over Plaintiffs. CRSTX previously produced documents pertaining to Plaintiff's HireRight information; however, CRSTX has not produced entries CRSTX made in Plaintiff's DAC report.

In the interest of moving the discovery process forward, Plaintiffs are willing to narrow and clarify RFP 25 in the following manner: "DAC report entries made by any Defendant concerning Plaintiff from January 17, 2017 to present." Plaintiffs request that CRSTX amend its response and produce documents in response to Plaintiffs' amended RFP 25.

## VII. CONCLUSION

Plaintiffs ask Defendants to respond to Plaintiffs within ten days with potential dates and times to meet and confer regarding the above requests.

Sincerely,

*s/ Mike Sweeney*

Mike Sweeney