# EXHIBIT 5

# GETMAN, SWEENEY & DUNN, PLLC

Getman, Sweeney, & Dunn PLLC
260 Fair Street
Kingston, NY 12401
845-255-9370
Fax 845-255-8649
www.getmansweeney.com

VIA EMAIL                                                                                           September 1, 2021

James H. Hanson
Scopelitis, Garvin, Light, Hanson & Feary, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204
jhanson@scopelitis.com

Re: *Cervantes, et al. v. CRST International, Inc. et al*, 1:20-cv-00075-CJW-KEM

Dear Jim,

I am writing to address the remaining discovery deficiencies in CRST Expedited, Inc.'s and CRST International, Inc's August 5, 2021 Supplemental Responses to Plaintiffs' First Requests for Production. CRST Expedited ("CRSTX") and CRST International cured many of the deficiencies Plaintiffs outlined in our June 4, 2021 letter. However, there are a few issues that remain unresolved.

Plaintiffs cannot accommodate the remaining deficient responses and request Defendants further supplement their responses in the manner outlined below and in accordance with Fed. R. Civ. P. Rule 26.

## I. CRST EXPEDITED, INC.'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO CRST EXPEDITED, INC.

**Request for Production 2**

Plaintiffs' RFP 2, requests:

> For the Relevant Time Period, all documents concerning authorizations for CRSTX to access driver files of a driver (other than the ICOA signatory) pursuant to ¶4(D) of ICOA forms like Doc 39-2 or Doc 39-4 or similar provisions in other form ICOAs, including requests that drivers (other than the ICOA signatory) take medical exams and charges made to a Driver for physical examination of Driver's driver(s) (Code PY).

Initially, CRSTX did not search for any documents responsive to this request, because CRSTX indicated it did not understand what this request seeks. Plaintiffs provided clarification in their June 4, 2021 letter, explaining that ICOA ¶4(D) states that Contractor's Drivers shall authorize

1

CRST to access driver files, including ¶4(D)(1) Medical Examinations, ¶4(D)(2) Drug and Alcohol Testing, ¶4(D)(3) Driver Records, and ¶4(D)(4) Transportation Worker Identification Credential ("TWIC"). Plaintiffs requested CRSTX produce the documents concerning any authorizations CRST sought to access these aforementioned files for non-ICOA signatory drivers. Plaintiffs limited their request to any non-ICOA signatory drivers who drove with the Discovery Representatives for the time being.

During the parties' July 22, 2021 meet and confer, and again in their supplemental response, CRSTX indicated that it does not understand what documents Plaintiffs are seeking. CRSTX further stated that "as a federally regulated motor, it is required by the FMCSA, a division of the DOT, to maintain certain files on every driver operating under its motor carrier operating authority, including drivers employed by independent contractors. Defendant maintains those records in accordance with applicable regulations."

To be clear, Plaintiffs are seeking discovery pertaining to whether and how frequently Drivers who signed an ICOA hired drivers themselves. CRSTX admitted that they maintain these records in their supplemental response. Further, this information is highly relevant, especially considering that CRSTX asserted in its opposition to conditional certification that Drivers' ability to hire individuals to haul freight weighs in favor of finding that Drivers are independent contractors under the economic realities test. *See* ECF 127, pg. 5, 13.

In light of CRSTX's claim that producing individual Driver documentation would be burdensome, Plaintiffs would be willing to accept a report or summary of which opt-in Drivers hired drivers themselves and during what periods.

**Request for Production 7**

> All Qualcomm communications between CRSTX and the following opt-in Plaintiffs, both during their time as Employee Drivers, if any, and as Drivers working pursuant to ICOAs:
> a. Linda Gravelle,
> b. Adam St. Amour,
> c. Chris Fink, and
> d. Tommy Handley

In CRSTX's initial response to RFP 7, CRSTX limited its search to "all Qualcomm communications for the requested individuals related to the time they provided services as independent contractor owner-operators under an ICOA," contending that communications during the periods these individuals provided services as Employee Drivers are irrelevant.

As Plaintiffs explained in their June 4th letter, the Qualcomm communications between the requested individuals and CRSTX during the time they provided services as Employee Drivers are relevant to the FLSA claims as they show the control Defendants exerted over these individuals as Employee Drivers as compared to the control Defendants exercised over them as Drivers working pursuant to ICOAs. Accordingly, Plaintiffs requested in their June 4th letter that CRSTX amend its responses and produce the requested documents.

2

In CRSTX's supplemental response, it agreed to produce all Qualcomm messages still in its possession for Cross, Cervantes, and Gravelle, including any time they worked as Employee Drivers. CRSTX also agreed to reproduce the Qualcomm messages for the Discovery Representatives and the remaining drivers listed in RFP 7 for the time they worked pursuant to an ICOA. However, CRSTX objected to producing Qualcomm messages for the time Adam St. Amour, Chris Fink, and Tommy Handley worked as Employee Drivers, because "it takes a significant amount of resources and time to determine every truck driven by an employee driver and the precise time period it was driven, and then create a query to pull communications related only to those trucks and time periods."

Plaintiffs understand that it may take additional time and effort to produce the Qualcomm messages for the time Adam St. Amour, Chris Fink, and Tommy Handley were classified as employees; however, Plaintiffs' request is certainly not unduly burdensome as it pertains only to an additional three drivers beyond the three Discovery Representatives. CRSTX's proposed compromise of producing the Qualcomm messages for the three Discovery Representatives when they worked as Employee Drivers is insufficient, especially given that CRSTX already indicated in its supplemental response that CRSTX no longer possesses the Qualcomm messages from the period Linda Gravelle worked as an Employee Driver. Given that Ms. Gravelle's Employee Driver Qualcomm messages are no longer in CRSTX's possession, and the fact that Anthony Cervantes never worked for CRSTX as an Employee Driver, CRSTX has effectively agreed to produce Employee Driver Qualcomm messages for one individual, Mike Cross.

As stated above, Qualcomm communications between CRSTX and Employee Drivers are extremely relevant to the FLSA claims to show that the control Defendants exerted over Employee Drivers as compared to Drivers working pursuant to ICOAs. Plaintiffs have already limited their request to a small sample of three additional individuals beyond the three Discovery Representatives. Accordingly, Plaintiffs request CRSTX supplement its response and produce the requested communications for the period of time the requested individuals provide services as Employee Drivers. To the extent CRSTX no longer possesses Qualcomm messages for the time a Driver hauled freight as an Employee Driver, CRSTX should inform Plaintiffs so that Plaintiffs may substitute them with another Driver. Given that CRSTX has already indicated that it no longer possesses the Employee Driver Qualcomm communications for Linda Gravelle, Plaintiffs request CRSTX produce the Qualcomm communications for John Godel during the time he worked as an Employee Driver.

Further, to date, CRSTX has not reproduced the Qualcomm communications for the requested individuals in RFP 7, Anthony Cervantes, and Mike Cross for the time they drove pursuant to an ICOA. Plaintiffs request CRSTX reproduce the Qualcomm communications for these individuals as CRSTX indicated it would in its supplemental response.

**Request for Production 20**

>All documents generated, reviewed or considered concerning the drafting of, and/or CRSTX's decision to include paragraph 7(E) and/or 9(F) in the ICOA forms filed as Doc 39-2 or Doc 39-4 or any similar provisions in other form ICOAs.

3

In CRSTX's original response, CRSTX raised an objection to RFP 20 to the extent that it seeks documents protected by the attorney client privilege, indicating that it will produce a privilege log to identify any documents it withholds based on privilege. CRSTX further responded that it was "identifying individuals and data sources that may [] still have documents responsive to this request and will produce any non-privileged documents in its possession."

In Plaintiffs' June 4th letter, Plaintiffs requested CRSTX amend its response and inform Plaintiffs whether it has identified the requisite individuals and data sources, and if so, produce the responsive non-privileged documents. Plaintiffs further requested CRSTX produce a privilege log to the extent it has identified documents it intends to withhold based on privilege.

CRSTX's supplemental response simply stated, "Defendant has no documents responsive to this request." Plaintiffs request CRSTX amend its response to clarify whether CRSTX is withholding responsive documents on the basis of privilege. To the extent CRSTX is doing so, CRSTX should produce a privilege log.

**Request for Production 21**

> All documents containing or concerning any claim, complaint, worker compensation claim, governmental communication, audit, award, formal or informal opinion, legal opinion or investigation pertaining to the legality or propriety of:
>
> a. CRSTX's treatment of Drivers as independent contractors,
> b. CRSTX's non-payment of minimum wages, individually or collectively to any individual or class of worker.

In its initial response, CRSTX objected to RFP 21 to the extent the request seeks documents protected by the attorney-client privilege or work-product doctrine. CRSTX indicated it will produce a privilege log, identifying documents withheld on the basis of privilege.

Further, CRSTX objected to this request as "overly broad, unduly burdensome, and not proportional to the needs of the case as it seeks 'all documents containing or concerning' a broad category of documents not limited to any time period or to the proposed classes or collective in this case." CRSTX also objects to subpart (b) as seeking documents regarding individuals "unrelated to the case." Based on these objections, CRSTX improperly limited its search to "(1) documents constituting claims for workers' compensation or unemployment insurance benefits brought by independent contractors of Defendant between January 17, 2017 and present; (2) documents related to governmental audits examining Defendant's treatment of drivers as independent contractors between January 17, 2017 and present; and (3) legal opinions or memoranda provided to Defendant by outside counsel between January 17, 2017 and present concerning the legality of using independent contractors."

In Plaintiffs' June 4th letter, Plaintiffs informed CRSTX that the requested documents, including those preceding the limited time period CRSTX imposed on their search, are highly relevant to the claims in this case. The requested documents pertain to Defendants' scienter in its consideration, creation, and implementation of the Owner Operator Program, at least some of which must have occurred prior to the limited time period CRSTX imposed on its search.

In the interest of moving the discovery process forward, Plaintiffs narrowed their request in the following manner:

> All documents containing or concerning:
>
> a. Any claim, complaint, governmental communication, governmental, internal, or third party audit, award, or legal opinion or memorandum pertaining to the legality or propriety of CRSTX's treatment of Drivers as independent contractors,
>
> b. Any claims filed in a court, arbitral forum, or other decision-making body; government audits; and legal opinions regarding CRSTX's non-payment of minimum wages, individually or collectively to any individual or class of worker.

Accordingly, Plaintiffs' June 4th letter requested CRSTX produce the responsive documents resulting from CRSTX's limited search. In addition, because CRSTX's limited search omits highly relevant documents, Plaintiffs requested CRSTX amend its response and produce documents responsive to Plaintiffs' revised RFP 21. Finally, Plaintiffs requested CRSTX produce a privilege log to the where it believes that it is entitled to exert a privilege.

In its supplemental response, CRSTX refused to search for documents responsive to Plaintiffs' revised request, based on its objection that the revised request is still too overbroad and is not limited to a specific time period. CRSTX further argued that subpart (b) is too overbroad in that it is not limited to any class of worker. CRSTX asserted that Plaintiffs' revised request would require "a comprehensive search of the email, text, and Qualcomm communication history of nearly every driver, driver manager, and numerous other individuals employed by Defendant." Based on these objections, CRSTX not only refused to search for responsive communications, but also refused to search legal files to create a privilege log.

Contrary to CRSTX's assertion, Plaintiffs' revised RFP 21 does not seek informal complaints. Rather, Plaintiffs are seeking formal claims, complaints, and legal opinions regarding CRSTX's treatment of Drivers as independent contractors and non-payment of minimum wages to any individual or class of worker. To reduce CRSTX's burden, Plaintiffs clarify that CRSTX can exclude searches of Qualcomm messages, texts, and emails to and from Drivers.

Plaintiffs request CRSTX supplement their response again and produce documents responsive to Plaintiffs' revised RFP 21 with Plaintiffs' clarifications. Plaintiffs are willing to provide CRSTX with search terms if necessary. Finally, to the extent CRSTX withholds any documents on the basis of privilege, Plaintiffs request CRSTX produce a privilege log in accordance with the Federal Rules of Civil Procedure.

**Request for Production 27**

> A list and description of the utilization of all software modules, services, and databases systems used by Defendants at any time during the Relevant Time Period to track, document or record payroll, work time, loads, mileage hours of service, GPS data, fuel or any other regularly tracked metrics.

CRSTX initially objected to RFP 27 as "vague as to what is meant by 'description of the utilization' of software modules, services, and database systems." CRSTX further indicated that it does not have any responsive documents.

In Plaintiffs' June 4th letter, Plaintiffs propound the following amended request to ensure that CRSTX understands what documents Plaintiffs are requesting:

> All manuals, including administrator's manuals; guidebooks; handbooks; "how-to's", and training materials for any software and services used by Defendant during the Relevant Time Period to track, document or record payroll, work time, documentation, loads, mileage hours of service, GPS data, fuel or any other regularly tracked metrics.

Plaintiffs requested in their June 4th letter that CRSTX search for documents responsive to Plaintiffs' amended request and produce any responsive documents. However, CRSTX indicated in the parties' July 22nd meet and confer, and again in their supplemental response, that Plaintiffs' amended RFP 27 is still "overly broad, unduly burdensome, and not proportional to the needs of the case."

In the interest of moving the discovery process forward, Plaintiffs request CRSTX produce a list of the titles and dates of publication for documents that are responsive to Plaintiffs' revised RFP 27, so that the parties can meet and confer to discuss which documents should be produced.

**Request for Production 32**

> Identification by name, job title, and address of individuals who communicate with, and whose IDs appear in any macro communication to Plaintiff Cross and/or Plaintiff Cervantes.

CRSTX initially objected to this request as vague, unduly burdensome, and not proportional to the needs of the case, because CRSTX claims it would require CRSTX to review thousands of rows of data to create a document in response to the request. CRSTX stated it has "not searched for documents responsive to this request." Without searching for any documents, CRSTX concluded that it does not have any documents in its possession containing the requested information.

In Plaintiffs' June 4th letter, Plaintiffs amended their request in the following manner:

> Export of a table from database, containing descriptions of all codes appearing in Column U of documents Bates stamped CRST002242, CRST002243, CRST002590, and CRST002591.

CRSTX's supplemental response indicated that "there is no export of a table from the database containing descriptions of all codes appearing in Column U . . . ."

Plaintiffs attached an excel spreadsheet to this letter containing all the unique codes listed in Column U of documents Bates stamped CRST002242, CRST002243, CRST002590, and CRST002591. Plaintiffs request CRSTX identify by name and job title each individual whose identification code is listed in the attached excel spreadsheet.

## II. CRST INTERNATIONAL, INC.'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO CRST INTERNATIONAL, INC.

**Request for Production 15**

> All Board of Directors meeting minutes that pertain to or concern Drivers.

CRST International indicated in their initial response that it did not search for any documents in response to RFP 15, based on its objections that the request is vague, overbroad, and disproportionate to the needs of the case. Specifically, CRST International objected that the request is not limited to any specific topic or time period and would require CRST International to search "all meeting minutes that 'pertain to or concern' independent contractor drivers."

In Plaintiffs' June 4th letter, Plaintiffs narrowed RFP 15 to:

> All Board of Directors meeting minutes from January 1, 2014 to present under the following topics: the profitability of Employee Drivers, independent contractor Drivers, the Owner Operator Program, and/or Lease Operator Program; recruitment and/or retention of Drivers; terms of the ICOA; terms of the Lease; policies, practices, or procedures concerning Drivers' work; the student driver training program; legality and/or liability exposure because of the independent contractor program; compensation of Drivers; deductions from Drivers' pay; Drivers' hours of work; customer billing; accessorial charges; chargeback items; compliance with the TILA, FLSA, Iowa Minimum Wage Law, and/or Iowa Wage Payment Collection Law.

Plaintiffs requested that CRST International amend its response and produce documents in response to Plaintiffs' amended RFP 15.

CRST International stated in their supplemental response, "Defendant has no documents responsive to this request." For clarity, Plaintiffs request CRST International inform Plaintiffs how CRST International conducted their search, including whether CRST International used search terms, and if so, provide Plaintiffs with a list of the search terms CRST International used.

## III. CONCLUSION

Plaintiffs ask Defendants to supplement their responses to the above requests within two weeks.

Sincerely,

*s/ Mike Sweeney*

Mike Sweeney