# EXHIBIT 6



www.scopelitis.com

10 West Market Street
Suite 1400
Indianapolis, IN 46204

*The full service transportation law firm*

Main (317) 637-1777
Fax (317) 687-2414

**JAMES HANSON**
jhanson@scopelitis.com

October 7, 2021

**Via E-mail msweeney@getmansweeney.com**

Mr. Michael J.D. Sweeney
GETMAN SWEENEY & DUNN
260 Fair Street
Kingston, NY 12401

    Re:    *Cervantes, et al. v. CRST Expedited, Inc.*
             United States District Court for the Northern District of Iowa
             Case No. 1:20-cv-00075-CJW-KEM

Mike:

I write in response to your September 1, 2021 and September 10, 2021 letters describing alleged deficiencies that exist in the Defendant's Supplemental Response to Plaintiff's First Set of Requests for Production to CRST Expedited, Inc. and Defendant's Supplemental Response to Plaintiff's First Set of Requests for Production to CRST International, Inc. After reviewing this letter, please let me know your clients' position on the issues and, where indicated, when you are available to further discuss the responses.

    **I.**    **CRST Expedited, Inc.'s Supplemental Responses**

        **a.**  **Request No. 2**

Plaintiffs' original Request No. 2 sought documents related to authorizations for CRST Expedited, Inc. (CRST) to access "driver files of a driver (other than the ICOA signatory)." Your September 1 letter revises Request No. 2 to seek a report identifying which opt-in Plaintiffs hired drivers themselves and the time periods those drivers worked for the opt-in Plaintiffs. In order to resolve this dispute, CRST will agree

Indianapolis ▪ Chicago ▪ Washington, D.C. ▪ Los Angeles ▪ Chattanooga
Detroit ▪ Dallas/Fort Worth ▪ Milwaukee ▪ Salt Lake City ▪ Seattle

SERVICES OUTSIDE CALIFORNIA AND MICHIGAN PROVIDED BY SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, PROFESSIONAL CORPORATION
SERVICES IN MICHIGAN PROVIDED BY SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, PROFESSIONAL LIMITED LIABILITY COMPANY
SERVICES IN CALIFORNIA PROVIDED BY SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LIMITED LIABILITY PARTNERSHIP

produce a list that contains both the opt-in plaintiffs who either hired or contracted with individuals to perform services for them and the individuals who performed those services. To the extent the information exists, CRST is also producing a field titled "hire date" and "termination date" for each individual. The "hire date" field correlates to the first time an individual provided services to CRST as either a contractor, an employee driver, or as an individual a contractor hired to provide services. The "termination date" field correlates to the first time an individual provided services to CRST as either a contractor, an employee driver, or as an individual a contractor hired to provide services. CRST is producing that document bates stamped CRST011222 along with this letter.

    b. **Request No. 7**

We are working to gather the Qualcomm communications you request for opt-in Plaintiffs St. Amour, Fink, Handley, and Godel during their time as employees. We anticipate we will be able to produce these Qualcomm communications within the next two weeks. Separately, we are reproducing the Qualcomm communications for Plaintiffs Cervantes and Cross (both employee Qualcomm messages and independent contractor Qualcomm messages) in the format you requested. Those files are bates stamped CRST011223-CRST011233

    c. **Request No. 20**

Request No. 20 seeks documents related to the inclusion of paragraphs 7(E) and 9(F) in CRST's ICOA. CRST supplemental response states that it has no documents responsive this this request. CRST is not withholding documents responsive to Request No. 20 based on privilege.

    d. **Request No. 21**

The statement in your September 21 letter that "CRST not only refused to search for responsive communications, but also refused to search legal files to create a privilege log" in response to Request No. 21 is incorrect. CRST's supplemental response states that it "is not going to undertake a search of its extensive legal files *related to other legal matters* and create a detailed privilege log identifying all privileged documents and communications related to these matters."

Notwithstanding the above mischaracterization of CRST's response, the revised Request No. 21 remains overbroad because it is not limited to any period of time and, with respect to subpart (b), is not limited to documents pertaining to drivers. As written, subpart (b) covers any documents related to any minimum wage claims raised by any employee of CRST. We are willing to discuss reasonable limitations on this request that will allow you to obtain relevant information without unduly burdening CRST. With respect to the limited search described in its original response to Request No. 21, and as stated in its supplemental response, CRST did not locate any responsive documents.

e. **Request No. 27**

Your September 1 letter proposes that CRST produce "a list of the titles and dates of publication" of manuals and similar documents related to various systems used by CRST so the parties may further discuss and identify particular documents Plaintiffs request. CRST is working to identify and obtain the requested information, to the extent manuals even exist and are not governed by a non-disclosure agreement. However, CRST is limiting its search to those systems related to the individuals identified in the conditionally certified collective and putative class.

f. **Request No. 32**

CRST disputes your characterization of its responses. As CRST explained, it cannot export a table from any database containing descriptions in Column U. The data entered into Column U is manually entered and is not tied to the name and job title of any individual in CRST's database. Because no document that identifies who these descriptions correlate to exists, CRST will not produce anything in response to Request No. 32.

II. **CRST International' Supplemental Responses to Request No. 15**

Your revised Request No. 15 seeks Board of Directors meeting minutes on various subjects dating back to January 2014. Before it merged into CRST Expedited in January 2021, CRST International Inc. did not have a board of directors, board of director meetings, or board of director minutes. Its holding company, Admiralty Holdings, Inc. (now known as CRST International Holdings, LLC) did have quarterly board meetings and high-level minutes are taken during those meetings. We

manually reviewed those minutes from February 20, 2014 to present; none were responsive to your requests.

### III. Conclusion

Please let me know when you are available to discuss the issues described in this letter. I look forward to hearing from you.

Very truly yours,

*/s/ James Hanson*

4821-4960-2298, v. 8