# EXHIBIT 7

Case 1:20-cv-00075-CJW-KEM   Document 277-7   Filed 06/17/22   Page 1 of 5

# GETMAN, SWEENEY & DUNN, PLLC

Getman, Sweeney, & Dunn PLLC
260 Fair Street
Kingston, NY 12401
845-255-9370
Fax 845-255-8649
www.getmansweeney.com

VIA EMAIL                                                                                             March 2, 2022

James H. Hanson
Scopelitis, Garvin, Light, Hanson & Feary, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204
jhanson@scopelitis.com

Re: *Cervantes, et al. v. CRST International, Inc. et al*, 1:20-cv-00075-CJW-KEM

Dear Jim,

I am writing to follow up on CRST Expedited, Inc.'s Supplemental Responses to Plaintiffs' First Set of Requests for Production, Nos. 2 and 21. CRST Expedited, Inc. ("CRSTX") resolved some of the outstanding issues with CRSTX's responses in its October 7, 2021 letter; however, CRSTX's responses to Requests for Production Nos. 2 and 21 remain deficient.

Plaintiffs cannot accommodate the remaining deficient responses and request Defendants further supplement their responses in the manner outlined below and in accordance with Fed. R. Civ. P. Rule 26.

## I. PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO CRST, EXPEDITED, INC. REQUEST NO. 2

Plaintiffs' RFP 2 requests:

> For the Relevant Time Period, all documents concerning authorizations for CRSTX to access driver files of a driver (other than the ICOA signatory) pursuant to ¶4(D) of ICOA forms like Doc 39-2 or Doc 39-4 or similar provisions in other form ICOAs, including requests that drivers (other than the ICOA signatory) take medical exams and charges made to a Driver for physical examination of Driver's driver(s) (Code PY).

Initially, CRSTX did not search for any documents in response to this request, because CRSTX indicated it did not understand what this request seeks. Plaintiffs provided clarification in their June 4, 2021 letter, explaining that ICOA ¶4(D) states that Contractor's Drivers shall authorize CRST to access driver files, including ¶4(D)(1) Medical Examinations, ¶4(D)(2) Drug and Alcohol Testing, ¶4(D)(3) Driver Records, and ¶4(D)(4) Transportation Worker Identification Credential ("TWIC"). Plaintiffs requested CRSTX produce the documents concerning any

authorizations CRST sought to access these aforementioned files for non-ICOA signatory drivers. Plaintiffs limited their request to any non-ICOA signatory drivers who drove with the Discovery Representatives for the time being.

During the parties' July 22, 2021 meet and confer, and again in their supplemental response, CRSTX indicated that it still did not understand what documents Plaintiffs are seeking. CRSTX further stated that "as a federally regulated motor, it is required by the FMCSA, a division of the DOT, to maintain certain files on every driver operating under its motor carrier operating authority, including drivers employed by independent contractors. Defendant maintains those records in accordance with applicable regulations."

In their September 1, 2021 letter, Plaintiffs further clarified that they are seeking discovery pertaining to whether and how frequently Drivers who signed an ICOA hired drivers themselves. CRSTX admitted that they maintain these records in their supplemental response. Plaintiffs explained that this information is highly relevant, especially considering that CRSTX asserted in its opposition to conditional certification that Drivers' ability to hire individuals to haul freight weighs in favor of finding that Drivers are independent contractors under the economic realities test. *See* ECF 127, pg. 5, 13.

Plaintiffs concluded their September 1, 2021 letter that they would be willing to accept a report or summary of which opt-in Drivers hired drivers themselves and during what periods.

In its October 7, 2021 letter, CRSTX agreed to produce "a list that contains both the opt-in plaintiffs who either hired or contracted with individuals to perform services for them and the individuals who performed those services." *See* CRST011222. CRST provided definitions for the "hire date" and "termination date" fields that are included in the document Bates stamped CRST011222. Confusingly, CRSTX defined each field in the same manner, as "the first time an individual provided services to CRST as either a contractor, an employee driver, or as an individual a contractor hired to provide services."

Accordingly, Plaintiffs request CRSTX amend its response and provide Plaintiffs with an accurate definition of the "termination date" field in CRST011222.

## II. PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO CRST, EXPEDITED, INC., REQUEST NO. 21

Plaintiffs' RFP 21 requests:

> All documents containing or concerning any claim, complaint, worker compensation claim, governmental communication, audit, award, formal or informal opinion, legal opinion or investigation pertaining to the legality or propriety of:
>
> a. CRSTX's treatment of Drivers as independent contractors,
> b. CRSTX's non-payment of minimum wages, individually or collectively to any individual or class of worker.

In its initial response, CRSTX objected to RFP 21 to the extent the request seeks documents protected by the attorney-client privilege or work-product doctrine. CRSTX indicated it will produce a privilege log, identifying documents withheld based on privilege.

2

Further, CRSTX objected to this request as "overly broad, unduly burdensome, and not proportional to the needs of the case as it seeks 'all documents containing or concerning' a broad category of documents not limited to any time period or to the proposed classes or collective in this case." CRSTX also objects to subpart (b) as seeking documents regarding individuals "unrelated to the case." Based on these objections, CRSTX improperly limited its search to "(1) documents constituting claims for workers' compensation or unemployment insurance benefits brought by independent contractors of Defendant between January 17, 2017 and present; (2) documents related to governmental audits examining Defendant's treatment of drivers as independent contractors between January 17, 2017 and present; and (3) legal opinions or memoranda provided to Defendant by outside counsel between January 17, 2017 and present concerning the legality of using independent contractors."

In Plaintiffs' June 4th letter, Plaintiffs informed CRSTX that the requested documents, including those preceding the limited time period CRSTX imposed on their search, are highly relevant to the claims in this case. The requested documents pertain to Defendants' scienter in its consideration, creation, and implementation of the Lease Purchase Program, at least some of which must have occurred prior to the limited time period CRSTX imposed on its search.

In the interest of moving the discovery process forward, Plaintiffs narrowed their request in the following manner:

> All documents containing or concerning:
>
> a. Any claim, complaint, governmental communication, governmental, internal, or third party audit, award, or legal opinion or memorandum pertaining to the legality or propriety of CRSTX's treatment of Drivers as independent contractors,
>
> b. Any claims filed in a court, arbitral forum, or other decision-making body; government audits; and legal opinions regarding CRSTX's non-payment of minimum wages, individually or collectively to any individual or class of worker.

Accordingly, Plaintiffs' June 4th letter requested CRSTX produce the responsive documents resulting from CRSTX's limited search. In addition, because CRSTX's limited search omits highly relevant documents, Plaintiffs requested CRSTX amend its response and produce documents responsive to Plaintiffs' revised RFP 21. Finally, Plaintiffs requested CRSTX produce a privilege log to the where it believes that it is entitled to exert a privilege.

In its August 5, 2021 supplemental response, CRSTX refused to search for documents responsive to Plaintiffs' revised request, based on its objection that the revised request is still too overbroad and is not limited to a specific time period. CRSTX further argued that subpart (b) is too overbroad in that it is not limited to any class of worker. CRSTX asserted that Plaintiffs' revised request would require "a comprehensive search of the email, text, and Qualcomm communication history of nearly every driver, driver manager, and numerous other individuals employed by Defendant." Based on these objections, CRSTX not only refused to search for responsive communications related to other legal matters, but also refused to search legal files to create a privilege log.

Plaintiffs explained in its September 1, 2021 letter that contrary to CRSTX's assertion, Plaintiffs' revised RFP 21 does not seek informal complaints. Rather, Plaintiffs are seeking formal claims, complaints, and legal opinions regarding CRSTX's treatment of Drivers as independent

3

contractors and non-payment of minimum wages to any individual or class of worker. To reduce CRSTX's burden, Plaintiffs clarified that CRSTX can exclude searches of Qualcomm messages, texts, and emails to and from Drivers. Plaintiffs also offered to provide CRSTX with search terms if necessary.

In its October 7, 2021 letter, CRST responded that it did not locate any responsive documents with respect to its original limited search. CRSTX continued to object to Plaintiffs' revised RFP 21, because it is not limited to any time-period and subpart (b) is not limited to documents concerning Drivers. CRST concluded that it is willing to "discuss reasonable limitations on this request that will allow you to obtain relevant information without unduly burdening CRST."

As Plaintiffs have previously explained, responsive documents are highly relevant to CRSTX's scienter in its decision to implement the Lease Purchase Program. In light of CRSTX's continued objections, despite Plaintiffs' attempts to alleviate CRSTX's burden, Plaintiffs agree to limit the applicable time period for Plaintiffs' revised RFP 21 and request CRSTX search for all responsive documents for the period preceding the filing of Plaintiffs' Second Amended Complaint on September 18, 2020. Plaintiffs request CRSTX amend its response, search for, and produce responsive documents to Plaintiffs' revised documents within the limited time period. Finally, to the extent CRSTX withholds any documents on the basis of privilege, Plaintiffs request CRSTX produce a privilege log in accordance with the Federal Rules of Civil Procedure.

### III. CONCLUSION

Plaintiffs request Defendants supplement their responses to the above requests within two weeks. If Defendants believe a meet and confer would be helpful to clarify any of Plaintiffs' requests, please notify Plaintiffs of potential dates and times.

Sincerely,

*s/ Mike Sweeney*

Mike Sweeney