# EXHIBIT 8

# GETMAN, SWEENEY & DUNN, PLLC

Getman, Sweeney, & Dunn PLLC
260 Fair Street
Kingston, NY 12401
845-255-9370
Fax 845-255-8649
www.getmansweeney.com

VIA EMAIL                                                                                       March 22, 2022

James H. Hanson
Scopelitis, Garvin, Light, Hanson & Feary, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204
jhanson@scopelitis.com

Revised Letter Re: *Cervantes, et al. v. CRST International, Inc. et al*, 1:20-cv-00075-CJW-KEM

Dear Jim,

Below, please find a summary of the parties' discussion during our meet and confer on March 15, 2022.

I. **Plaintiffs' First Set of Requests for Production, Request No. 21- Propounded on December 22, 2020**

   a. Plaintiffs' Position- Plaintiffs agree to limit the applicable time period for Plaintiffs' revised RFP 21 to September 18, 2015 to the filing of the Plaintiffs' Second Amended Complaint on September 18, 2020. Plaintiffs reiterate that Request No. 21 seeks formal, not informal, complaints. Subpart (b) of the request is relevant to CRST's knowledge of the FLSA. If CRST asserts a privilege over a document, Plaintiffs expect that CRST will produce a privilege log, not the actual document.

   For any responsive claim, complaint, governmental communication, or governmental or internal audit, Plaintiffs will limit the request to the initiating document and any answer, third-party document, and award. If CRST provides Plaintiffs with a list of those claims or complaints with the aforementioned information, Plaintiffs are willing to set aside counsel's correspondence regarding the claim or complaint. However, CRST is still required to produce a privilege log for any responsive legal opinions or memoranda that CRST claims are privileged, even if the legal opinions or memoranda are related to another litigation. This includes legal opinions and memoranda that are within emails.

1

b. CRST's Response- CRST is not required to produce a privilege log in response to this request if the documents concern another litigation. Once litigation starts, CRST is not required to produce a privilege log for its communications internally with inside counsel or externally with outside counsel regarding ongoing litigation. CRST does not have to produce a privilege log related to ongoing litigation, because there will be hundreds of emails. CRST continues to object and refuses to produce a log for requested legal opinions and memorandum.

II. **Plaintiffs' First Set of Interrogatories to CRST Expedited, Inc., Interrogatory No. 3 (Revised) - Propounded on March 9, 2021**

   a. Plaintiffs' Position- In response to Interrogatory No. 3, CRST produced a spreadsheet of recruiters and driver managers. *See* CRST009798. However, CRST's response was deficient in that it limited its response to "the names of the requested individuals and the individuals' earliest hire and latest termination dates (or a notation if the individual is still a current employee)." Notably, CRST objected to and failed to provide the requested individuals' present or last known addresses and places of employment as Plaintiffs requested.

   b. CRST's Response- Defense Counsel will speak with their client and inform Plaintiffs by March 22nd whether CRST will provide the requested information.

III. **Plaintiffs' Second Set of Requests for Production to CRST Expedited, Inc.- Propounded on July 8, 2021**

   a. RFPs 5-7:

      i. Plaintiffs' Position: CRST must produce privilege log where it withholds documents on the basis of privilege. Plaintiffs will not provide CRST with search terms to search for privileged documents.

      ii. CRST's Response- CRST is unable to state its position at this time. CRST is conducting a search and will provide their response, including any additional objections it may raise. CRST will indicate whether they are withholding documents on the basis of privilege. CRST is unable to provide Plaintiffs with an anticipated date of production at this time but will do so by March 22nd.

   b. RFPs 11 and 13:

      i. Plaintiffs' Position- CRST informed Plaintiffs in its February 1, 2022 letter that it is gathering the Legacy System Escrow data and will provide Plaintiffs with an update. Plaintiffs have not received any update.

      ii. CRST's Response- Defense Counsel cannot provide any new information. The legacy system presents challenges. CRST is not withholding any

2

information. It is on the list of things CRST's data team is working on. CRST is unable to provide an anticipated date of production or confirm that it will be able to produce the requested data.

   c. RFPs 21 and 22:
      i. Plaintiffs' Position: CRST produced one spreadsheet in response. CRST011386. On December 30, 2021, Plaintiffs provided CRST with search terms and custodians to use to search CRST's emails for responsive documents, per CRST's request.
      ii. CRST's Response- CRST has not searched emails. CRST will search emails using Plaintiffs' search terms and custodians. CRST cannot provide a date that it will produce the requested information.

IV. **Fourth Set of Requests for Production to CRST Expedited, Inc.- Propounded on October 7, 2021**

   a. RFP No. 67-
      i. Plaintiffs' Position- CRST's initial response was limited to Drivers not qualified to operate under federal law. During the parties' December 2nd meet and confer, CRST agreed to revise their response and search for documents regarding all bases for disqualification under ICOA ¶4(D)(3).
      ii. CRST's Response- Defense Counsel cannot provide any new information. The request is on CRST's to-do list. CRST has identified the departments internally where that information resides, but Defense Counsel cannot provide an anticipated date for production. They can target April 1st as the date for production, but they cannot commit CRST to that date.

   b. RFP Nos. 71, 75-78-
      i. Plaintiffs' Position- During the parties' December 2nd meet and confer, Defense Counsel agreed to produce the documents that CRST reviewed in responding to these requests. CRST has not produced the requested documents.
      ii. CRST's Response- CRST started the search, but Defense Counsel is unable to tell Plaintiffs what the search consists of, the status of the search, or an anticipated date of production.

V. **Plaintiffs' Second Set of Interrogatories to CRST Expedited, Inc., Interrogatory No. 10- Propounded on October 7, 2021**

   a. Plaintiffs' Position- CRST responded to Interrogatory No. 10 that it "has no central collection of records reflecting the percentage of loads rejected by owner-

3

operators after the loads were offered to them and is therefore unable to state any of the percentages requested." To move the discovery process forward and alleviate CRST's burden, Plaintiffs request CRST produce the requested information for the 60 Discovery Opt-Ins.

b. CRST's Response- CRST does not keep the information and has no central collection of records and is unable to state any of the percentages requested. CRST asserts that it should be able to use Plaintiffs' deposition testimony and an analysis of Qualcomm messages at a later date, because both parties have access to this information. Defense Counsel will internally discuss Plaintiffs' narrowed request on behalf of the 60 Opt-Ins.

VI. **Plaintiffs' Fifth Set of Requests for Production to CRST Expedited, Inc.- Propounded on January 25, 2022**

a. RFP Nos. 79-84
   i. Plaintiffs' Position- On February 24, 2022, CRST responded, but did not produce a single document in response. Rather, CRST indicated that it is "assessing its ability and the burden related to locating the requested data and will supplement its response. . . ." CRST has still not produced any responsive document. Plaintiffs need this data to meet their discovery obligations.

   ii. CRST's Response- CRST will produce the requested data for the Opt-Ins to the extent the information exists. The requests are with CRST, and they are working on pulling the data. Defense Counsel cannot provide Plaintiffs with an anticipated date of production but will do so as soon as they can.

b. RFP Nos. 85-90
   i. Plaintiffs' Position- If CRST is pulling the data for the Opt-In Plaintiffs, it will be less burdensome to pull it for the Rule 23 class members at the same time, rather than gathering the data on two separate occasions.

   ii. CRST's Response- CRST is not willing to produce the data for the Rule 23 class members, because a class has not been certified. CRST stands by its objections.

VII. **Plaintiffs' Sixth Set of Requests for Production to CRST Expedited, Inc.- Propounded on February 28, 2022**

a. Plaintiffs' Position- On February 9, 2021, Plaintiffs propounded a similar request, RFP 22, in Requests for Production of Documents to CRST Expedited, Inc. for Anthony Cervantes, Mike Cross, and Linda Gravelle. In response, Defendants

4

produced a sample of billing invoices related to 50 loads borne by Mr. Cervantes, Mr. Cross, and Ms. Gravelle. Defendants' initial response to RFP 22 and Plaintiffs' June 4, 2021 deficiency letter provide that if the sampling reveals inaccuracies in Plaintiffs' compensation, then Defendants will confer with Plaintiffs regarding the production of additional records. As Plaintiffs indicated in the parties' December 2, 2021 meet and confer, the billing invoices revealed inaccuracies. Plaintiffs requested to meet and confer as the parties previously agreed.

   b. CRST's Response- Defense Counsel will provide Plaintiffs with an update regarding the data that CRST will be able to compile by the end of next week.

## VIII. Plaintiffs' Depositions of Defendants

   a. Plaintiffs' Position- On March 10th, Plaintiffs served Notices for the depositions of Ms. Abernathy, Mr. Brueck, Mr. Gannon, Mr. Lizer, and Mr. Reges, as well as the Notices for the 30(b)(6) depositions of CRST Expedited and CRST Lincoln Sales.

   b. CRST's Response- Defense Counsel cannot respond to the dates noticed until next week, because it is spring break in Cedar Rapids this week. Defense Counsel will respond to Plaintiffs next week. The same individual will testify on behalf of CRST International and CRST Expedited. Regarding the 30(b)(6) notice, the topics on the Rule 23 class issues will have to wait until the Court issues its decision on the class certification motion.

## IX. Discovery Deadline/Scheduling Dates

   a. Plaintiffs' Position- Plaintiffs propose that the parties extend the discovery deadline 60 days after the Court issues its decision on the class certification motion. To the extent there is an obligation to respond to discovery from the date it is propounded under the FRCP, those deadlines will continue to apply. CRST will wait to produce any requested data/documents for the Rule 23 Class until after the Court's decision; however, CRST will continue to produce requested documents/data on behalf of Opt-Ins.

   b. CRST's Response - Defense Counsel will speak with their client regarding Plaintiffs' proposal and will respond to Plaintiffs by March 22nd.

## X. Conclusion

Please let us know immediately if you disagree with any of the foregoing.

Sincerely,

*s/ Mike Sweeney*

Mike Sweeney

6