# EXHIBIT 9

10 West Market Street
Suite 1400
Indianapolis, IN 46204

**JAMES H. HANSON**
jhanson@scopelitis.com

# SCOPELITIS
GARVIN LIGHT HANSON & FEARY

*The full service transportation law firm*

www.scopelitis.com

Main (317) 637-1777
Fax (317) 687-2414

March 23, 2022

**Via E-mail msweeney@getmansweeney.com**

Mr. Michael J.D. Sweeney
GETMAN SWEENEY & DUNN
260 Fair Street
Kingston, NY 12401

    Re:    *Cervantes, et al. v. CRST Expedited, Inc.*; United States District Court for the Northern District of Iowa; Case No. 1:20-cv-00075-CJW-KEM

Dear Mike:

We write in response to your March 17, 2022 letter, which misstates certain portions of our March 15, 2022 meet and confer discussion.

## I.    Plaintiffs' First Set of Requests for Production, Request No. 21

With respect to the request for formal complaints challenging CRST's business model, CRST will do a search for documents responsive to this request. We believe those documents are equally available to Plaintiffs through public means, but we will perform the search.

You also requested formal or informal legal opinions. This request is improper as it is *designed* to discover materials that are without question privileged. We also do not believe that CRST should be required to produce a privilege log; Plaintiffs' Request No. 21 potentially seeks thousands of documents protected from disclosure by the attorney client privilege and work product doctrine (e.g., legal opinions, memoranda, and communications). Plaintiffs have not provided any basis on which they would be entitled to pierce the attorney client privilege or work product doctrine. In the absence of identifying such a basis, Plaintiffs' request for a privilege log is unduly burdensome and harassing. *See* Fed. R. Civ. P. 26 advisory comm. note – 1993

Indianapolis ▪ Chicago ▪ Washington, D.C. ▪ Los Angeles ▪ Chattanooga
Detroit ▪ Dallas/Fort Worth ▪ Milwaukee ▪ Seattle ▪ St. Louis ▪ Cincinnati

SERVICES OUTSIDE CALIFORNIA AND MICHIGAN PROVIDED BY SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, PROFESSIONAL CORPORATION
SERVICES IN MICHIGAN PROVIDED BY SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, PROFESSIONAL LIMITED LIABILITY COMPANY
SERVICES IN CALIFORNIA PROVIDED BY SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LIMITED LIABILITY PARTNERSHIP

Case 1:20-cv-00075-CJW-KEM   Document 277-9   Filed 06/17/22   Page 2 of 5

amendment (explaining that privilege logs are unduly burdensome "when voluminous documents are claimed to be privileged.").

## II. Plaintiffs' Second Set of Requests for Production, Request Nos. 21-22

CRST conducted a search and produced all responsive documents subject to its objections. *Id.* Based on its understanding of subsequent correspondence and meet and confers, CRST did not conduct a further search. CRST has offered to search emails using Plaintiffs' search terms and custodians. CRST cannot, at this juncture, provide a date by which it will produce documents gathered in response to these searches but will keep Plaintiffs apprised of its progress.

## III. Fourth Set of Requests for Production

RFP No. 67

- CRST does not have any additional documents to produce at this juncture. CRST has identified certain departments that may have additional documents and is conducting a search of those departments. We will provide an update on the progress of this search by April 1, 2022.

RFP Nos. 71, 75-78

- We currently do not have any additional documents to produce. CRST is continuing to search for responsive documents, and we will keep Plaintiffs apprised of the progress of that search.

## IV. Plaintiffs' Second Set of Interrogatories, Interrogatory No. 10

CRST cannot answer this interrogatory because it does not maintain records of the loads that it offered lease purchase operators, which those operators rejected. Discovery, including Plaintiffs' deposition testimony, provides anecdotal evidence that lease purchase operators rejected loads. To date, defense counsel has not engaged any outside expert to conduct an analysis of the messaging data that may reflect instances in which lease purchase operators rejected loads. If CRST engages such an expert, it will disclose the results of that analysis in accord with the schedule for disclosing retained expert testimony.

### V. Plaintiffs' Sixth Set of Requests for Production

CRST is continuing its search for documents responsive to Plaintiffs' Sixth Set of Requests for Production. We will provide Plaintiffs with an update regarding responsive documents by March 25, 2022. We will also aim to produce any responsive documents by its March 30, 2022 deadline under Rule 30.

### VI. Plaintiffs' Depositions of Defendants

Your characterization of the parties' discussion on the timing and conduct of corporate designees is inaccurate. The parties agreed that we should not conduct the Rule 30(b)(6) depositions until after the Court issues its decision on the pending class certification motion. In addition, because the individuals who have been noticed will likely also be corporate designees, all of the depositions should be delayed until after the Court issues its decision on the pending class certification motion.

### VII. Discovery Deadline/Scheduling Dates

You proposed that the parties agree to a 60-day extension of discovery, which would not begin to run until the Court issues its decision on the pending class certification motion. CRST agrees with Plaintiffs' proposal to extend deadlines. We also suggest that the summary judgment motion deadline be to 60 days after the close of discovery.

We trust that our clarifications comport with your understanding of our call. Please let us know promptly if you disagree with any of the issues addressed above.

Very truly yours,

/s/ *James H. Hanson*

James H. Hanson

4881-5903-0550,