EXHIBIT  12

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| ANTHONY CERVANTES and MIKE CROSS, on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>          v.<br><br>CRST INTERNATIONAL, INC. and CRST EXPEDITED, INC.,<br><br>          Defendants. | Case No. 1:20-cv-00075-CJW-KEM<br><br>Honorable Judge C.J. Williams |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION TO CRST EXPEDITED, INC.

Defendant, CRST Expedited, Inc. dba CRST The Transportation Solution (CRST), for its response to Plaintiff's Second Request for Production to CRST Expedited, Inc. (Requests for Production), states as follows:

1.      Please produce an exemplar of each non-identical version of the Leases signed by Drivers at any time during the Relevant Time Period.

**Response:** CRST objects to this request as vague and ambiguous as to the meaning of the term "Leases." Plaintiffs have not provided a definition for this term. CRST is interpreting this term to mean the equipment lease agreements independent contractors signed with CRST Equipment Solutions, Inc. f/k/a CRST Lincoln Sales, Inc., a separate legal entity that is not a defendant in this case. CRST objects to this request insofar as it insinuates independent contractor drivers executed equipment leases with CRST. They did not. CRST agrees to produce the requested exemplars and is not withholding documents based on its objections to the form of the request. See CRST010642-10758.

1

2. For the Relevant Time Period, all documents concerning CRSTX's limitation on mileage or loads offered to Drivers, including but not limited to:

    a. The criteria used to determine which loads are assigned to Employee Drivers and which loads are offered to Drivers,

    b. The criteria used to determine which loads are assigned to which Drivers,

    c. The "tier" system CRST utilized in offering loads to Drivers. *See* Anthony Cervantes' Deposition Transcript at 180:25-182:24.

**Response:** CRST objects to the request as vague and ambiguous as to the meaning of "documents concerning CRSTX's limitation on mileage or loads offered to Drivers." CRST objects to Plaintiffs' characterization of a tier system or policy that does not exist. CRST has no documents responsive to this request.

3. Produce an exemplar of each non-identical version of the Annual Review Forms, including any related documents, that CRST requested Drivers complete as described in the CRST Driver Employee Handbook. *See* CRST001977-CRST002028.

**Response:** CRST objects to the request as vague and ambiguous as to the meaning of "any related documents." CRST will produce the Annual Review Forms which are communicated through the Qualcomm unit. See CRST010759-10760.

4. For the PowerPoint presentations CRST produced on February 17, 2021, produce either the metadata for the PowerPoint presentations, or the PowerPoint presentations in their original format. *See* CRST004577-CRST004603; CRST004605-CRST004619; CRST004621-CRST004634; CRST004646-CRST004686; CRST4688-CRST004930.

**Response:** See PowerPoint presentations reproduced in native format on July 29, 2021 with the same Bates numbering as the first page of each respective presentation.

5.      All documents containing or concerning any legal analysis, or formal or informal opinion of FLSA lawsuits brought against other carriers based on their classification of drivers as independent contractors, including but not limited to lawsuits against Western Express, Swift Transportation Co., and Central Trucking Inc.

**Response:** CRST objects to this request as it clearly seeks documents protected by the attorney-client privilege. The burden of searching for responsive documents far exceeds the benefit given that any such documents located are certain to be protected by the attorney-client privilege since the request specifically seeks documents containing legal analysis or opinions of other lawsuits. *See, e.g., UnitedHealth Grp. Inc. v. Columbia Cas. Co.*, No. CV 05-1289 (PJS/SRN), 2010 WL 11537514, at *11 (D. Minn. Aug. 10, 2010) (declining to require party to search for documents where "[t]he language of the request calls for the production of information that is subject to the attorney-client privilege and work product doctrine."). CRST has not searched for documents responsive to this request.

6.      All documents concerning any legal or financial formal or informal opinion, review, or investigation pertaining to:

        a.      CRSTX's decision to implement the Lease Purchase Program;

        b.      CRSTX's decision to implement the Lead Driver Program;

        b.      CRSTX's determination of Drivers' base compensation rates

**Response:** CRST objects to the request as it seeks are clearly protected by the attorney-client privilege. The burden of searching for responsive documents far exceeds the benefit given

that any such documents located are certain to be protected by the attorney-client privilege since the request specifically seeks documents containing legal opinion. *See, e.g., UnitedHealth Grp. Inc. v. Columbia Cas. Co*., No. CV 05-1289 (PJS/SRN), 2010 WL 11537514, at *11 (D. Minn. Aug. 10, 2010) (declining to require party to search for documents where "[t]he language of the request calls for the production of information that is subject to the attorney-client privilege and work product doctrine."). CRST objects to the request as vague and ambiguous as to what constitutes an informal or formal opinion, review or investigation. CRST further objects to the request as overly broad, unduly burdensome, and not proportional to the needs of the case as it requests "all documents concerning" broad ideas and is not limited to any time period. The programs and rates described in the request have been in place for 10-20+ years. CRST has no documents responsive to this request.

7.    All documents containing or concerning any claim, complaint, governmental communication, audit, award, formal or informal opinion, legal opinion or investigation pertaining to the legality or propriety of CRSTX's Lead Driver Program.

**Response:** CRST objects to the request as it seeks documents clearly protected by the attorney-client privilege. Given this and that the legality of the Lead Driver Program is not an issue in this case, the burden of searching for such documents far exceeds the benefit. *See, e.g., UnitedHealth*, 2010 WL 11537514, at *11 (D. Minn. Aug. 10, 2010) (declining to require party to search for documents where "[t]he language of the request calls for the production of information that is subject to the attorney-client privilege and work product doctrine."). Based on its objections, CRST has not searched for documents responsive to this request.

8.    All documents containing or concerning the similarities and/or differences between

the Owner Operator Program and the Lease Purchase Program.

**Response:** CRST objects to this request as vague, ambiguous, and overbroad as to the meaning of "all documents containing or concerning the similarities and/or differences between the Owner Operator Program and the Lease Purchase Program." CRST objects to the use of the term "Owner Operator Program" as vague and ambiguous – CRST does not run a specific program for owner-operators. CRST contracts with individuals who provide their own trucks. This request could conceivably include documents, including email communications, between and among anybody employed by or contracted with CRST inquiring about opportunities with CRST. Because of how overbroad this request is, and the immense burden searching for such documents would entail compared to the relative benefit, CRST has limited its search for responsive documents to documents directly discussing or comparing the services, costs, or responsibilities of owner-operators who provided their own trucks and contractors who chose to obtain a truck through CRST Lincoln Sales, Inc.'s lease-purchase program. CRST has no documents responsive to this request.

9.      Any documents containing or concerning:

      a.      any requests made by Drivers to examine "tariffs, or in the case of contract carriage, other documents from which rates and charges are computed, and documents underlying any computer generated document," in accordance with ICOA § 3(B), such as those filed at Doc 39-2 and Doc 39-4; and

      b.      CRSTX's response to any Drivers' request to examine "tariffs, or in the case of contract carriage, other documents from which rates and charges are computed, and documents underlying any computer generated document,"

in accordance with ICOA § 3(B), such as those filed at Doc 39-2 and Doc 39-4.

**Response:** CRST objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case. Specifically, the request would require CRST to search every email, text, Qualcomm message, or other communication between any Driver—not just putative class members—and CRST, including dozens, if not hundreds of custodians. The time and cost associated with completing such a search would be immense and far outweigh the benefit given the nature of the claims in this case, especially pre-class certification. CRST has already produced all communications between the Named Plaintiffs and Opt-In Plaintiff Linda Gravelle and is producing certain satellite communication records for select other Opt-In Plaintiffs. CRST has not searched for additional documents responsive to this request.

10. All documents containing or concerning company accounting records regarding payments to each Driver, including net settlement payments, whether via direct deposit to Drivers' bank accounts, funds transfer to Drivers' Advance Card, or Advance Check made to Drivers. Any charges related to such payments, whether by Defendants or any third party, should be included.

**Response:** CRST objects to this request as overly broad, unduly burdensome, not proportional to the needs of the case, and vague and ambiguous. *See Sprint Communications Co. L.P. v. Charter Communications, Inc.*, 20-CV-2161-JWB-TJJ, 2021 WL 843240 (D. Kan. Mar. 5, 2021) (sustaining defendant's objection to RFP seeking "all documents and communications [for the relevant period] concerning, discussing or analyzing [defendant's] financials" as overly broad, ambiguous, and unduly burdensome). It is unclear what would constitute "all documents containing or concerning company accounting records regarding payments to each Driver" as this could encompass emails, Qualcomm communications regarding compensation, as well as every

6

settlement and every possible piece of data in any way related to settlement compensation. The burden of searching for and producing such documents far exceeds any benefit. CRST objects to this request insofar as it seeks pre-certification discovery related to all Drivers—not merely putative class or collective members—to which Plaintiffs are not entitled; locating and producing such voluminous documents for Drivers not party to this litigation and pre-certification is extremely burdensome, a burden that far outweighs any value at this stage. *See, e.g., Larson v. Burlington N. & Santa Fe Ry. Co.*, 210 F.R.D. 663, 665-66 (D. Minn. 2002) (citing Manual for Complex Litigation, Third Ed., Section 30.12); *Jefferson v. Walgreen Co*., 2010 WL 11629287, at *7 (M.D. Fla. Dec. 30, 2010). CRST agrees to produce to Plaintiffs the same three tables that CRST has already produced for the Named Plaintiffs and Opt-In Plaintiff Linda Gravelle (see CRST009824-009829) reflecting settlement and trip data during the Relevant Time Period for all individuals who meet the FLSA conditionally certified collective definition (see ECF No. 157) and who have filed consent-to-sue forms as of August 18, 2021.

11.     For each Driver, all general ledger accounts containing or concerning each Driver's Maintenance and Other Reserve Fund.

**Response:** CRST objects to this request as overly broad, unduly burdensome, not proportional to the needs of the case, and vague and ambiguous. *See Sprint Communications Co. L.P. v. Charter Communications, Inc.*, 20-CV-2161-JWB-TJJ, 2021 WL 843240 (D. Kan. Mar. 5, 2021) (sustaining defendant's objection to RFP seeking "all documents and communications [for the relevant period] concerning, discussing or analyzing [defendant's] financials" as overly broad, ambiguous, and unduly burdensome). It is unclear what is meant by "all general ledger accounts containing or concerning each Driver's Maintenance and Other Reserve Fund." CRST objects to this request insofar as it seeks pre-certification discovery related to all Drivers—not merely

putative class or collective members—to which Plaintiffs are not entitled; locating and producing such voluminous documents for Drivers not party to this litigation and pre-certification is extremely burdensome, a burden that far outweighs any value at this stage. *See, e.g., Larson v. Burlington N. & Santa Fe Ry. Co.*, 210 F.R.D. 663, 665-66 (D. Minn. 2002) (citing Manual for Complex Litigation, Third Ed., Section 30.12); *Jefferson v. Walgreen Co*., 2010 WL 11629287, at *7 (M.D. Fla. Dec. 30, 2010). CRST agrees to produce to Plaintiffs the same three tables that CRST has already produced for the Named Plaintiffs and Opt-In Plaintiff Linda Gravelle (see CRST009824-009829) reflecting settlement and trip data during the Relevant Time Period for all individuals who meet the FLSA conditionally certified collective definition (see ECF No. 157) and who have filed consent-to-sue forms as of August 18, 2021. CRST is also producing an escrow table extracted from its LME system (which was implemented July 30, 2019) for the two Named Plaintiffs and opt-in Plaintiff Gravelle. See CRST010761. CRST is examining whether a similar table may exist out of its prior system. CRST is willing to confer with Plaintiffs' counsel regarding the burden of producing this data for additional Opt-In Plaintiffs compared to the benefit.

12.     All accountings provided to each Driver of the General Escrow Fund and Maintenance and Other Reserve Fund, as described in Section 8(c) of ICOAs, such as those filed at Doc. 39-2 and 39-4.

**Response:** CRST objects to this request as overly broad, unduly burdensome, not proportional to the needs of the case, and vague and ambiguous. *See Sprint Communications Co. L.P. v. Charter Communications, Inc.*, 20-CV-2161-JWB-TJJ, 2021 WL 843240 (D. Kan. Mar. 5, 2021) (sustaining defendant's objection to RFP seeking "all documents and communications [for the relevant period] concerning, discussing or analyzing [defendant's] financials" as overly broad, ambiguous, and unduly burdensome). CRST objects to this request insofar as it seeks pre-

certification discovery related to all Drivers—not merely putative class or collective members—to which Plaintiffs are not entitled; locating and producing such voluminous documents for Drivers not party to this litigation and pre-certification is extremely burdensome, a burden that far outweighs any value at this stage. *See, e.g., Larson v. Burlington N. & Santa Fe Ry. Co.*, 210 F.R.D. 663, 665-66 (D. Minn. 2002) (citing Manual for Complex Litigation, Third Ed., Section 30.12); *Jefferson v. Walgreen Co*., 2010 WL 11629287, at *7 (M.D. Fla. Dec. 30, 2010). CRST agrees to produce to Plaintiffs the same three tables that CRST has already produced for the Named Plaintiffs and Opt-In Plaintiff Linda Gravelle (see CRST009824-009829) reflecting settlement and trip data during the Relevant Time Period for all individuals who meet the FLSA conditionally certified collective definition (see ECF No. 157) and who have filed consent-to-sue forms as of August 18, 2021. CRST is also producing an escrow table extracted from its LME system (which was implemented July 30, 2019) for the two Named Plaintiffs and opt-in Plaintiff Gravelle. See CRST010761. CRST is examining whether a similar table may exist out of its prior system. CRST is willing to confer with Plaintiffs' counsel regarding the burden of producing this data for additional Opt-In Plaintiffs compared to the benefit.

13.     For each Driver, all accountings or itemizations of the base plate and/or permit fees CRSTX advanced to Drivers pursuant to Appendices A, Section 2(c) of ICOAs, such as those filed at Doc. 39-2 and 39-4.

**Response:** CRST objects to this request as overly broad, unduly burdensome, not proportional to the needs of the case, and vague and ambiguous. *See Sprint Communications Co. L.P. v. Charter Communications, Inc.*, 20-CV-2161-JWB-TJJ, 2021 WL 843240 (D. Kan. Mar. 5, 2021) (sustaining defendant's objection to RFP seeking "all documents and communications [for the relevant period] concerning, discussing or analyzing [defendant's] financials" as overly broad,

ambiguous, and unduly burdensome). CRST objects to this request insofar as it seeks pre-certification discovery related to all Drivers—not merely putative class or collective members—to which Plaintiffs are not entitled; locating and producing such voluminous documents for Drivers not party to this litigation and pre-certification is extremely burdensome, a burden that far outweighs any value at this stage. *See, e.g., Larson v. Burlington N. & Santa Fe Ry. Co.*, 210 F.R.D. 663, 665-66 (D. Minn. 2002) (citing Manual for Complex Litigation, Third Ed., Section 30.12); *Jefferson v. Walgreen Co*., 2010 WL 11629287, at *7 (M.D. Fla. Dec. 30, 2010). CRST agrees to produce to Plaintiffs the same three tables that CRST has already produced for the Named Plaintiffs and Opt-In Plaintiff Linda Gravelle (see CRST009824-009829) reflecting settlement and trip data during the Relevant Time Period for all individuals who meet the FLSA conditionally certified collective definition (see ECF No. 157) and who have filed consent-to-sue forms as of August 18, 2021.

14.     All documents containing or concerning accounting records for each Driver for transactions not related to the above

**Response:**   CRST objects to this request as overly broad, unduly burdensome, not proportional to the needs of the case, and vague and ambiguous. *See Sprint Communications Co. L.P. v. Charter Communications, Inc.*, 20-CV-2161-JWB-TJJ, 2021 WL 843240 (D. Kan. Mar. 5, 2021) (sustaining defendant's objection to RFP seeking "all documents and communications [for the relevant period] concerning, discussing or analyzing [defendant's] financials" as overly broad, ambiguous, and unduly burdensome). It is unclear what would constitute "all documents containing or concerning accounting records for each Driver" as this could encompass emails, Qualcomm communications regarding compensation, as well as every settlement and every possible piece of data in any way related to settlement compensation. The burden of searching for

and producing such documents far exceeds any benefit. CRST objects to this request insofar as it seeks pre-certification discovery related to all Drivers—not merely putative class or collective members—to which Plaintiffs are not entitled; locating and producing such voluminous documents for Drivers not party to this litigation and pre-certification is extremely burdensome, a burden that far outweighs any value at this stage. *See, e.g., Larson v. Burlington N. & Santa Fe Ry. Co.*, 210 F.R.D. 663, 665-66 (D. Minn. 2002) (citing Manual for Complex Litigation, Third Ed., Section 30.12); *Jefferson v. Walgreen Co*., 2010 WL 11629287, at *7 (M.D. Fla. Dec. 30, 2010). CRST agrees to produce to Plaintiffs the same three tables that CRST has already produced for the Named Plaintiffs and Opt-In Plaintiff Linda Gravelle (see CRST009824-009829) reflecting settlement and trip data during the Relevant Time Period for all individuals who meet the FLSA conditionally certified collective definition (see ECF No. 157) and who have filed consent-to-sue forms as of August 18, 2021.

15.     For the Relevant Time Period, the following documents pertaining to CRSTX's officials, employees, or agents (CRSTX Recruiters) involved in the recruitment of Drivers:

      a.      CRSTX Recruiters' job descriptions,

      b.      CRSTX Recruiters' compensations plans,

      c.      Training materials for CRSTX Recruiters,

      d.      CRSTX Recruiters' communications with Drivers,

      e.      CRSTX Recruiters' role and duties at Drivers' Orientation.

**Response:** CRST objects to this request as unduly burdensome and not proportional to the needs of the case. *See Sprint*, 2021 WL 843240 (D. Kan. Mar. 5, 2021) (sustaining defendant's objection to RFP seeking a significant number of documents irrelevant to plaintiff's claims, many of which were proprietary, because of the undue burden)**.** Specifically, subpart (d) seeks all

documents pertaining to communications with Drivers. This request requires CRST to search and produce every email, text, or other communication between any Driver—not merely putative class or collective members—and CRST, including dozens, if not hundreds of custodians, and tens, if not hundreds of thousands of emails, when a class has not been and may never be certified. The time and cost associated with completing and reviewing such a search would be immense and far outweighs the benefit given the nature of the claims and the procedural posture of this case. CRST has limited its search to documents constituting recruiter job descriptions, compensation plans, and training materials and is producing all responsive documents from that search. See CRST010762-11127. CRST has no documents responsive to subpart (e).

16. For the Relevant Time Period, the following documents pertaining to CRSTX's third-party recruiters:

      a.      Scope of third-party recruiters' work,

      b.      Engagement letters and compensation plans between CRSTX and third-party recruiters,

      c.      Third-party recruiters' communications with Drivers,

      d.      Third-party recruiters' role and duties at Drivers' Orientation.

**Response:** CRST objects to this request as vague, irrelevant, unduly burdensome, and not proportional to the needs of the case. *See Sprint*, 2021 WL 843240 (D. Kan. Mar. 5, 2021) (sustaining defendant's objection to RFP seeking a significant number of documents irrelevant to plaintiff's claims, many of which were proprietary, because of the undue burden)**.** Specifically, the request seeks all documents "pertaining to" (a) the scope of third-party recruiters' work and (b) engagement letters and compensation plans between CRST and third-party recruiters. This request could potentially seek all emails and communications with third party recruiters regarding their

work or compensation. CRST has limited its search for responsive documents to this vague request to the contracts with third-party recruiters in place any time during the Relevant Time Period. See CRST011128-11210. Subpart (c) of the requests seeks all documents "pertaining to" communications between third party recruiters and independent contractor drivers. CRST objects to this request as not proportional to the needs of the case as it would require extremely burdensome searches of every email, text, or other communication between any potential independent contractor driver and third-party recruiter. The time and cost associated with completing such a search (particularly given that third party recruiters are independent contractors not parties to this case and do not use CRST email domains) would be immense and far outweighs the benefit given the nature of the claims in this case and given that a class has not been and may never be certified. CRST has not searched for documents responsive to subpart (c). CRST has no documents responsive to subpart (d).

17.     For the Relevant Time Period, the following documents concerning CRSTX's Driver Managers, pertaining to:

    a.      Driver Managers' job responsibilities and duties,

    b.      Driver Managers' compensation plan, including any incentive compensation.

**Response:** CRST objects to this request as vague, overly broad, unduly burdensome, and not proportional to the needs of the case. *See Robinson v. City of Arkansas City, Kan.*, 10-1431-JAR-GLR, 2012 WL 603576, at *10 (D. Kan. Feb. 24, 2012) (sustaining defendant's objection to RFP seeking "all documents concerning or relating to the identified positions" as overly broad). Moreover, Driver Managers' job responsibilities and compensation plans are irrelevant to the claims in the case, which are directed toward independent contractor drivers. CRST has limited its

search for documents to Driver Manager job descriptions and compensation structures. See CRST11211-11217.

18.     All documents containing or concerning CRSTX's analysis of a Drivers' potential income values listed in the Lease Purchase Program promotional materials, such as those Bates Stamped CRST004240-CRST004320.

**Response:** CRST objects to this request as vague, overly broad, unduly burdensome, and not proportional to the needs of the case. It is unclear what documents might "concern" CRST's analysis of potential income values listed in the lease purchase information packets produced. CRST is limiting its search to documents reflecting the models used to determine the potential income levels included in the promotional materials, which are based on the average fleet rate per loaded mile and assume the miles that a team could run in a week. CRST is still conducting this search and will supplement its response with all responsive documents from its search.

19.     All documents containing or concerning CRSTX's analysis of Drivers' actual compensation compared to the income figures listed in the Lease Purchase Program promotional materials, such as those Bates Stamped CRST004240-CRST004320.

**Response:** CRST objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case. *See Sprint*, 2021 WL 843240 (D. Kan. Mar. 5, 2021) (sustaining defendant's objection to RFP seeking a significant number of documents irrelevant to plaintiff's claims, many of which were proprietary, because of the undue burden). It is unclear what documents might "concern" CRST's analysis of actual compensation compared to the income figures listed in the promotional materials. CRST has no documents responsive to this request and is not withholding documents based on its objections.

14

20.     All documents containing or concerning CRSTX's analysis of Drivers' compensation, Employee Drivers' compensation, or any comparison between the compensation of Drivers and that of Employee Drivers.

**Response:** CRST objects to the request as overly broad, vague and ambiguous as to what documents might "contain or concern" analysis of Drivers' compensation, Employee Drivers' compensation, or comparison between compensation of independent contractors and employee drivers. Every settlement statement and financial report could potentially "concern" analysis of drivers' compensation. CRST has limited its search to documents that include analysis or comparison of employee and independent contractor compensation. CRST has located no documents responsive to this request.

21.     All documents concerning CRSTX's Lease Purchase Program promotional materials, such as those Bates Stamped CRST004240-CRST004320, pertaining to:

      a.     Purpose of such materials,

      b.     Evaluations of the materials' effectiveness,

      c.     Breadth of distribution.

**Response:** CRST objects to this request as vague, overly broad, unduly burdensome, and not proportional to the needs of the case. *See Sprint*, 2021 WL 843240 (D. Kan. Mar. 5, 2021) (sustaining defendant's objection to RFP seeking a significant number of documents irrelevant to plaintiff's claims, many of which were proprietary, because of the undue burden). It is unclear what documents might "concern" CRST's lease purchase program promotional materials. As drafted, this request would require a search of hundreds of thousands of emails, spreadsheets, and

other documents. CRST has not searched for documents responsive to this vague and overly burdensome request.

22.     All documents pertaining to CRSTX's Lease Purchase Program advertising materials, such as those Bates Stamped CRST004354-CRST004368, including:

    a.      CRSTX's communications with advertising or marketing agencies regarding the scope of advertising,

    b.      Evaluations or analysis of the advertising materials' effectiveness,

    c.      CRSTX's communications with the advertising agencies or marketers regarding updates or changes to the advertisements.

**Response:** CRST objects to this request as overly broad, unduly burdensome and not proportional to the needs of the case. Searching for responsive documents would require querying the emails of all recruiting managers, directors, vice presidents, and above, a search that would include several hundreds of thousands of emails that would then need to be reviewed individually. Based on the burden, CRST has not searched for documents responsive to this request.

23.     All documents containing or concerning communications between Drivers and CRSTX's officials, employees, or agents, after Drivers terminate their ICOA, including but not limited to guidelines, scripts, or outlines provided to Driver Managers for discussions with Drivers who terminate their ICOA.

**Response:** CRST objects to this request vague, overly broad, unduly burdensome, and not proportional to the needs of the case. The request seeks "all documents containing or concerning communications between Drivers" and any employees or agents of CRST after Drivers terminate their ICOAs. The request requires a search of every email, text, Qualcomm message, or other

communication between any Driver—not limited to putative class or collective members—and CRST. This search would likely require going through hundreds of thousands of documents and hundreds of custodians. The time and cost associated with completing such a search would be immense and far outweighs the benefit given the nature of the claims in this case, which do not center around communications had after termination of the ICOA. CRST has already produced all communications between the Named Plaintiffs and Opt-In Plaintiff Linda Gravelle and has agreed to produce certain satellite communication records for select other Opt-In Plaintiffs. CRST also refers Plaintiffs to the Lease Agreements, ICOAs, and Driver Handbooks already produced, which are the only form materials Driver Managers are instructed to reference regarding contract termination. CRST has not searched for additional documents responsive to this request.

24.     All documents containing or concerning any formal or informal complaints or demands by any Driver concerning or containing questions or assertions regarding a Driver's compensation being too low.

**Response:** CRST objects to this request as vague, overly broad, unduly burdensome, and not proportional to the needs of the case. *See Sprint*, 2021 WL 843240 (D. Kan. Mar. 5, 2021) (sustaining defendant's objection to RFP seeking a significant number of documents irrelevant to plaintiff's claims, many of which were proprietary, because of the undue burden). The request seeks "all documents containing or concerning" a broad category of documents. It is vague and ambiguous as to what constitutes a "formal or informal complaint or demand" or "question or assertion regarding a Driver's compensation being too low." This request would require a search of every email and Qualcomm communication between every Driver and anyone at CRST. The time and expense of conducting such a search far outweighs the benefit given the issues in the case. CRST has not searched for documents responsive to this request.

25.    For the Relevant Time Period, all documents, including but not limited to any agreements between CRSTX and the Advance Card issuer, reflecting the amount the Advance Card issuer charges CRSTX per Advance Card as referenced in all Appendices A to ICOAs, such as those filed at Doc 39-2 and Doc 39-4.

**Response:** CRST objects to this request as irrelevant and not proportional to the needs of the case. Plaintiffs allege CRST violated the Federal Leasing Regulations, specifically 49 C.F.R. § 376.12(h), which requires leases between carriers and independent contractors to specify all items that may be initially paid by the carrier and deducted from the contractor, together with a recitation of how the amounts of the charge-backs are computed. Nothing in 49 C.F.R. § 376.12(h) requires CRST to provide documentation revealing its profits, if any, on charge-backs like those related to advances made on contractors' advance cards. *Owner-Operator Indep. Drivers Ass'n, Inc. v. Landstar Sys., Inc.*, 622 F.3d 1307, 1319–20, 1323 (11th Cir. 2010); *Owner-Operator Indep. Drivers Ass'n, Inc. v. Swift Transp. Co. (AZ)*, 632 F.3d 1111, 1118 (9th Cir. 2011) ("Disclosure of the amounts owner-operators will be charged furthers this purpose of fair notice by ensuring that carriers do not lure lessors to purchase goods from them with the false promise of at-cost or low charges, only to hit them later with charges that they were unaware of before they received their settlement statements. A complete disclosure of profits and third-party costs is unnecessary to reach this goal."). CRST is producing a copy of the Cardholder Fees related to the Comdata Advance Card which reflects amounts charged for transactions. See CRST011218-11219. Because this request does not seek information relevant to Plaintiffs' claims to the extent it seeks additional information on rates CRST pays the Card Issuer, CRST has not searched for additional documents responsive to this request.

26. All documents containing or concerning how the compensation rate for Drivers was determined or set including, but not limited to documents generated, reviewed, or considered as part of that process.

**Response:** CRST objects to this request as irrelevant and not proportional to the needs of the case. Plaintiffs allege CRST (1) violated the FLSA and Iowa wage laws and were unjustly enriched by misclassifying drivers, failing to pay them minimum wage, and subjecting them to unlawful deductions, (2) violated the Federal Leasing Regulations by failing to provide documents to drivers to determine the validity of their compensation and deductions, and (3) committed fraud by misrepresenting to drivers the amount of money they would make as lease operators. This request seeks documents concerning how the compensation rate for independent contractor drivers was set, an issue irrelevant to Plaintiffs' claims. CRST further objects to this request as unnecessarily duplicative of Plaintiffs' First Set of Requests for Production of Documents for CRST Expedited, Inc. No. 9 which also sought all documents containing or concerning how the compensation rate for Drivers was determined. CRST further objects to this request to the extent it seeks documents protected by the attorney-client privilege or work-product doctrine. CRST will produce a privilege log in accordance with the Federal Rules of Civil Procedure identifying any documents withheld based on privilege. CRST objects to the request as overly broad, vague and ambiguous as it seeks all documents containing or concerning how the "compensation rate" for independent contractors was set and is not limited to any time period. CRST has no documents responsive to this request and is not withholding documents on the basis of its objections.

27. For the relevant time period, all documents containing or concerning the amount of the administrative fees to Carrier listed in all Appendices A to ICOA, such as those filed at Doc 39-2 and Doc 39-4, and how those fees were calculated, including but not limited to CRSTX's

administrative fee of $5 per hour if the Driver elects to obtain products or services from Carrier's third-party maintenance providers; the administrative fee that is included in the $150.00 cost per month per covered individual for the Occupational Accident Insurance; and the administrative fee included in the "4.5% of Contractor-specified value of Tractor Equipment" charged to Drivers for Physical Damage Insurance.

**Response:** CRST objects to this request as irrelevant, vague, overly broad and not proportional to the needs of the case. Plaintiffs allege CRST violated the Federal Leasing Regulations, specifically 49 C.F.R. § 376.12(h), which requires leases between carriers and independent contractors to specify all items that may be initially paid by the carrier and deducted from the contractor, together with a recitation of how the amounts of the charge-backs are computed. Nothing in 49 C.F.R. § 376.12(h) requires CRST to provide documentation revealing its profits, if any, on charge-backs like those administrative fees referenced in Plaintiffs' ICOAs. *Owner-Operator Indep. Drivers Ass'n, Inc. v. Landstar Sys., Inc.*, 622 F.3d 1307, 1319–20, 1323 (11th Cir. 2010); *Owner-Operator Indep. Drivers Ass'n, Inc. v. Swift Transp. Co. (AZ)*, 632 F.3d 1111, 1118 (9th Cir. 2011) ("Disclosure of the amounts owner-operators will be charged furthers this purpose of fair notice by ensuring that carriers do not lure lessors to purchase goods from them with the false promise of at-cost or low charges, only to hit them later with charges that they were unaware of before they received their settlement statements. A complete disclosure of profits and third-party costs is unnecessary to reach this goal.").

The request if further overly broad and vague insofar as it seeks "all documents containing or concerning the amount of the administrative fees to Carrier listed in all Appendices A to ICOA." All payment documents ever issued to independent contractors subject to administrative fees could be responsive to this request. Based on its objections, CRST is not searching for documents responsive to this request.

28.     For the Relevant Time Period, all documents and policies containing or concerning expenses Drivers incurred on behalf of Student Drivers, including but not limited to expenses related to food and lodging for Student Drivers.

**Response:** CRST objects to this request as overly broad, vague, and not proportional to the needs of the case. The requests seeks "all documents and policies containing or concerning expenses" drivers incurred on behalf of Student Drivers. Qualcomm messages, emails, and other communications between any Driver or Student Driver would potentially be responsive, and the burden of running such a comprehensive search far exceeds the benefit. CRST will produce the settlement adjustment tables for all putative collective action members who have timely filed Opt-In consent forms, which would include deductions taken related to any such expenses. CRST has also already produced Plaintiffs' ICOAs and Lead Driver Addenda, which set forth the policies related to the Lead Driver Program. See CRST000001-124, CRST001106-1165, CRST004565-68. Given the vague request and immense burden associated with searching for every document that might concern an expense an independent contractor incurred on behalf of a student driver, CRST is not conducting a search for additional documents.


29.     For the Relevant Time Period, all of CRSTX's and related entities' profits and loss statements.

**Response:** CRST objects to the Request as vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case insofar as it requests *all* profit and loss statements for not only the defendant but all related entities and does not request a specific type of report (e.g., monthly, annual, etc.). *See, e.g., Warner Bros. Intl. TV Distrib. v. Golden Channels & Co.*, CV0209326MMMSHSX, 2003 WL 27384420, at *5 (C.D. Cal. Sept. 26, 2003) (sustaining

objection to providing all consolidated profit and loss statements as overly broad, burdensome, and not relevant to claims and defenses in action). CRST objects to providing profit and loss statements for all related entities or operating divisions who are not defendants in this case as not proportional to the needs of the case. CRST has already produced annualized contribution to profit reports for 2017-2020 and monthly reports for January and February 2021 at CRST010110, which it believes provide the relevant information sought in this request. Based on its objections, CRST has not searched for additional documents responsive to this request.

30.     For the relevant Time Period, communications between CRSTX and the DOT, including the descriptions of any unique identifiers or codes appearing in communication between CRSTX and DOT.

**Response:** CRST objects to this request as unnecessarily duplicative of Plaintiffs' First Set of Requests for Production of Documents for CRST Expedited, Inc. No. 34 as both requests seek all communications between CRSTX and the DOT. Defendant objects to this request as vague and unintelligible as to the meaning of "communication between Defendants and DOT." Defendant does not understand this request and has not searched for documents in response to this request.

31.     The schema, or model, defining the headings and describing the field layout of the Excel Spreadsheets containing Qualcomm messages. *See* CRST002242, CRST002243, CRST002590 CRST002592, CRST003804-CRST003807, CRST005070-CRST005076.

**Response:** CRST objects to this request as vague and ambiguous as to what is meant by the "schema or model defining the headings and describing the field layout" of the spreadsheets. CRST does not have a data export or table that provides definitions for the headings and layout of the Qualcomm messaging data.

Dated: August 23, 2021

Respectfully submitted,

/s/ Elizabeth M. Bolka

James H. Hanson (admitted *pro hac vice*)
James T. Spolyar (admitted *pro hac vice*)
Elizabeth M. Bolka (admitted *pro hac vice*)
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204
P: 317-492-9205
F: 317-684-2414
jhanson@scopelitis.com
jspolyar@scopelitis.com
ebolka@scopelitis.com

Adam C. Smedstad (admitted *pro hac vice*)
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
3214 West McGraw Street, Suite 301F
Seattle, WA 98199
P: 206-288-6192
F: 206-299-9375
asmedstad@scopelitis.com

/s/ Kevin J. Visser

Kevin J. Visser
SIMMONS PERRINE MOYER BERGMAN PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401-1266
P: 319-366-7641
F: 319-366-1917
kvisser@spmblaw.com

Attorneys for Defendants,
CRST International, Inc. and CRST Expedited, Inc.

23

## CERTIFICATE OF SERVICE

I certify that on August 23, 2021, I served a true and correct copy of the forgoing document to the following via e-mail by agreement of the parties to the following counsel of record.

Michael J.D. Sweeney
Rebecca E. King
Meagan Rafferty
GETMAN, SWEENEY & DUNN PLLC
260 Fair Street
Kingston, NY 12401
(845) 255-9370
msweeney@getmansweeney.com
rking@getmansweeney.com
mrafferty@getmansweeney.com

Edward Tuddenham
EDWARD TUDDENHAM
23 Rue du Laos
Paris
France
336 8479 8930
etudden@prismnet.com

Daniel L. Bonnett
MARTIN & BONNETT PLLC
3300 North Central Avenue, Suite 1720
Phoenix, AZ 85012
(602) 240-6900
dbonnett@martinbonnett.com

Jennifer Kroll
Michael M. Licata
Susan Martin
MARTIN & BONNETT PLLC
4647 North 32nd Street, Suite 185
Phoenix, AZ 85018
(602) 240-6900
jennifer@martinbonnett.com
mlicata@martinbonnett.com
smartin@martinbonnett.com

*/s/ Elizabeth M. Bolka*

4819-4365-7969, v. 7