# EXHIBIT 14



10 West Market Street
Suite 1400
Indianapolis, IN 46204

*The full service transportation law firm*

www.scopelitis.com
Main (317) 637-1777
Fax (317) 687-2414

**JAMES HANSON**
jhanson@scopelitis.com

November 7, 2021

**Via E-mail msweeney@getmansweeney.com**

Mr. Michael J.D. Sweeney
GETMAN SWEENEY & DUNN
260 Fair Street
Kingston, NY 12401

    Re:    *Cervantes, et al. v. CRST Expedited, Inc.*
           United States District Court for the Northern District of Iowa
           Case No. 1:20-cv-00075-CJW-KEM

Mike:

I write in response to your September 28, 2021 letter describing alleged deficiencies that exist in the Defendant's Response to Plaintiffs' Second Requests for Production to CRST Expedited, Inc. dba CRST The Transportation Solution (CRST) After reviewing this letter, please let me know your clients' position on the issues and, where indicated, when you are available to further discuss the responses.

    **A.**    **Request No. 2**

CRST denies that CRST004856 and CRST010840 have anything to do with an alleged "tier system." Plaintiffs clarified that they seek "documents that discuss the restrictions or limitations CRSTX places on the loads and mileage it offers Drivers." Subject to this clarification, the only limits relate to lead and student drivers. CRST produced documents responsive to this request at CRST004951 and CRST004958. CRST is not withholding any documents responsive to this request and will supplement its responses to reflect that fact.

Indianapolis ▪ Chicago ▪ Washington, D.C. ▪ Los Angeles ▪ Chattanooga
Detroit ▪ Dallas/Fort Worth ▪ Milwaukee ▪ Salt Lake City ▪ Seattle

SERVICES OUTSIDE CALIFORNIA AND MICHIGAN PROVIDED BY SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, PROFESSIONAL CORPORATION
SERVICES IN CALIFORNIA PROVIDED BY SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LIMITED LIABILITY PARTNERSHIP

### B.    Request No. 3

Aside from the documents CRST produced at CRST010759-60, CRST has no other annual review forms it uses with respect to individuals it classifies as independent contractors. CRST is not withholding any documents responsive to this request and will supplement its response to confirm no other responsive documents exist.

### C.    Request No. 5

Plaintiffs requested legal analyses and opinions that are protected by the attorney-client privilege. As you indicate that Plaintiffs seek these documents on issues of good faith and willfulness, CRST will stipulate that it does not base its good faith defense on advice of counsel. *Brackett v. St. Louis Bd. of Police Com'rs*, 2014 WL 3451197 (E.D. Mo. July 15, 2014); *Haviland v. Catholic Health Initiatives-Iowa, Corp.*, 692 F.Supp.2d 1040, 1045-46 (S.D. Iowa 2010). Please let me know if such a stipulation will resolve this request.

### D.    Request No. 6

Regarding the financial opinion, review or investigation Plaintiffs seek, CRST stated it has no responsive documents.

Plaintiffs' request also seeks legal opinions, reviews, or investigations that are protected by the attorney-client privilege. As with Request No. 5, CRST will stipulate that it does not base its good faith defense on advice of counsel. Please indicate if a stipulation will resolve this request.

### E.    Request No. 7

CRST is aware of no documents containing claims, complaints, governmental communications, audits or awards related to its lead driver program and will supplement its response to reflect that fact.

Plaintiffs' request also seeks legal opinions, reviews, or investigations that are protected by the attorney-client privilege. As with Request No. 5, CRST will stipulate that it does not base its good faith defense on advice of counsel. Please indicate if a stipulation will resolve this request.

**F.      Request No. 9**

To resolve this request, CRST is amenable to the production of Qualcomm messages in response to Plaintiffs' Third Request for Production.

**G.      Request No. 11**

CRST is working on locating opt-in data related to settlement payments and deductions, maintenance and escrow accounts, and trips. CRST will produce all responsive data to the extent that data can be located.

**H.      Request No. 13**

Plaintiffs clarify that they seek "accountings reflecting how much CRSTX advanced for" base plates and permit fees. CRST is searching for responsive documents and will supplement its response to this request if any are located. As described in response to Request No. 11, CRST is working on locating opt-in data related to settlement payments and deductions.

**I.      Request No. 15**

Plaintiff agreed to narrow subpart (d) to request "each non-identical version of form letters, emails, and text messages CRSTX Recruiters sent to Drivers, as well as any scripts or talking points CRSTX provided CRSTX Recruiters for their communications with Drivers." CRST produced documents responsive to this request at bates numbers CRST010501-10507 and will supplement its response to reflect that fact and that CRST is not withholding any documents responsive to this request.

**J.      Request No. 16**

Plaintiffs agreed to narrow subpart (c) to request "each non-identical version of form letters, emails, and text messages third-party recruiters sent to Drivers, as well as any scripts or talking points CRSTX provided third-party recruiters for their communications with Drivers." CRST produced documents responsive to this request at bates numbers CRST010501-10507 and will supplement its response to reflect that fact and that CRST is not withholding any documents responsive to this request.

**K.**     **Request Nos. 18, 20**

CRST is producing with this letter responsive documents bates numbered CRST011255-011257. CRST will supplement its responses to reflect the production.

**L.**     **Request No. 21**

Plaintiffs indicated they are not requesting CRST search its emails. But in order for CRST to locate responsive documents, a laborious email search would have to be performed, as described in CRST's response. Accordingly, CRST stands on its objections.

**M.**     **Request No. 22**

Plaintiffs amended this request to ask for "reports or updates concerning CRSTX's Lease Purchase Program advertising or marketing materials, such as those Bates Stamped CRST004354-CRST004368." CRST is searching for any updated advertising or marketing materials and will produce those documents if any are located.

**N.**     **Request No. 23**

Plaintiffs clarified that that they do not ask CRST to search every email communication between Drivers and CRST, but state that they seek "documents or communications between CRSTX's officials, employees, or agents concerning communications to Drivers who have terminated their ICOA, including but not limited to guidelines, scripts, or outlines provided to Driver Managers for discussions with Drivers who terminate their ICOA."

CRST continues to assert its objections but will amend its response to indicate that it has no responsive guidelines, scripts or outlines besides the Lease Agreements, ICOAs, and Driver Handbooks already produced.

**O.**     **Request No. 24**

To resolve this request, CRST continues to work on the production of Qualcomm messages in response to Plaintiffs' Third Request for Production.

**P.     Request No. 25**

CRST disagrees with Plaintiffs' position and stands on its objections. The requested documents are not relevant to Plaintiffs' unjust enrichment claim, as profits on chargebacks are not unlawful.

**Q.     Request No. 26**

Noting that Plaintiff has limited the request time period since January 17, 2010, CRST will amend its response to clarify that it is not withholding any documents.

**R.     Request No. 27**

CRST disagrees with Plaintiffs' position and stands on its objections. The requested documents are not relevant to Plaintiffs' unjust enrichment claim, as profits on chargebacks are not unlawful.

**S.     Request No. 28**

Plaintiffs clarified that that they do not ask that CRST search every Qualcomm message, emails and communications between Drivers and Student Drivers, but state that they seek "policy documents regarding Drivers' expenses on behalf of Student Drivers, including a list of the specific expenses covered by paragraph 1(D) of the Lead Driver Addenda." CRST will amend its response to clarify that it has no additional responsive documents.

**T.     Request No. 29**

Plaintiffs narrowed their request to annualized profits and loss statements for all of CRST's subsidiaries. CRST stands on its objections.

**U.     Request No. 30**

Plaintiffs clarified that they seek CRSTX's communications with the DOT for matter such as hours of service or other regulations and applications to the DOT for

permission to self-insure. CRST is searching for responsive documents and will amend its response if responsive documents are located.

## V.  Request No. 31

Plaintiffs' definition of "schema" does not change CRST's response – it has no documents responsive to this request.

Please let me know when you are available to discuss the issues described in this letter. I look forward to hearing from you.

Very truly yours,

*/s/ James Hanson*

Enclosures

4862-8131-0209, v. 5