# EXHIBIT 15

| **From:** | Quillen, Emily <equillen@scopelitis.com> |
|---|---|
| **Sent:** | Friday, December 3, 2021 5:04 PM |
| **To:** | Rebecca King |
| **Cc:** | Michael Sweeney; Meagan Rafferty; Andrea Russo; mlicata@martinbonnett.com; dbonnett@martinbonnett.com; Susan Martin; Jennifer Kroll; Ed Tuddenham; spratt@martinbonnett.com; crstbycervantes@scopelitis.com; kvisser@spmblaw.com |
| **Subject:** | RE: Cervantes v. CRST- Dec. 2nd Meet & Confer Follow Up |

This message is from an outside sender.

Rebecca, we have a few notes to your comments, indicated below in red.

Thanks,

**Emily A. Quillen,** *Partner*
**Scopelitis, Garvin, Light, Hanson & Feary, P.C.**
777 Main Street, Suite 3450, Fort Worth, TX 76102
equillen@scopelitis.com | T: 817.869.1700 | D: 817.869.1706

**From:** Rebecca King <rking@getmansweeney.com>
**Sent:** Friday, December 3, 2021 1:52 PM
**To:** Hanson, Jim <jhanson@scopelitis.com>; Spolyar, James <jspolyar@scopelitis.com>; Smedstad, Adam <asmedstad@scopelitis.com>; Bullock, Chase <cbullock@scopelitis.com>; Paynter, E. Ashley <apaynter@scopelitis.com>; kvisser@spmblaw.com; Andrewscavage, Chip <candrewscavage@scopelitis.com>; Quillen, Emily <equillen@scopelitis.com>
**Cc:** msweeney@getmansweeney.com; mrafferty@getmansweeney.com; arusso@getmansweeney.com; mlicata@martinbonnett.com; dbonnett@martinbonnett.com; smartin@martinbonnett.com; jkroll@martinbonnett.com; etudden@prismnet.com; spratt@martinbonnett.com; # CRST by Cervantes <CRSTByCervantes@scopelitis.com>
**Subject:** Cervantes v. CRST- Dec. 2nd Meet & Confer Follow Up

***External Email***

Hi Jim,

Below, please find a summary of the parties' discussion during yesterday's meet and confer.

I. **Plaintiffs' Second Set of RFPs**

- **RFPs 5, 6, and 7**- Defendants assert that they do not need to produce a privilege log because they are not relying on advice of counsel as the basis of their good faith defense. Plaintiffs believe that the information is relevant to FLSA willfulness standard and therefore a privilege log is required. Defendants will share the case law they believe supports their position. Defs: Defendants requested that Plaintiff share any authority they have that indicates a privilege log is required.
- **RFPs 21**- Outside of emails, Defendants do not have any discrete documents that contain a responsive report or analysis. Defendants cannot suggest any custodians of possible responsive emails because they have not searched email yet. Defendants are unsure whether search terms or custodians would help relieve their burden of searching for responsive emails, but Defendants will consider Plaintiffs' proposal. Plaintiffs will provide Defendants with search terms and custodians.

- **RFPs 22-** Defense Counsel is working with the client to search for any updates or reports from marketing agencies regarding their advertisements and will produce responsive documents.
- **RFPs 25 and 27-** Plaintiffs continue to argue that the requested information is relevant to Plaintiffs' claims for unjust enrichment and unlawful deductions. Defendants continue to stand on their objection and refuse to search for responsive documents. <span style="color:red">Defs: To clarify, CRST produced CRST011218-11219 in response to RFP No. 25. But otherwise, CRST stands on its objections.</span>
- **RFP 18 and 19**- Defendants produced three spreadsheets, CRST011255-CRST011257, which encompasses all the responsive documents for the entire class period. <span style="color:red">Defs: To clarify, Defendants have not located any other responsive documents. If additional documents are located, Defendants will supplement in accordance with the federal rules.</span>
- **RFP 29-** Plaintiffs limit their request to profits and loss statements for CRST Expedited, International, and Lincoln Sales. Defendants already produced responsive documents for CRST Expedited. Defense Counsel will confer with Defendants to see if they are willing to produce profits and loss statements for CRST International and Lincoln Sales.
- **RFPs 11 and 13-** Defendants are working on completing the escrow data for the LME system. Defendants will cross reference the payee codes with the Drivers' names, to ensure that both parties have the data in the workable format. Defendants anticipate producing the escrow data from the LME system by early next week. Defendants are continuing to work through the Legacy system to locate the escrow data. The Legacy system did not maintain the escrow funds in the same manner as the LME system. The escrow balance data exists in the Legacy system, but they need to create a ledger with the data. Defendants do not know when they will have an update on their production of Legacy system escrow data. <span style="color:red">Defs: The description that the "escrow balance data exists" is not correct. There is some data in the Legacy system relating to escrow. It is not clear yet if the Legacy system tracks escrow balances. Also, Defendants did not indicate that they intend or agreed to create a ledger. Defendants will update when we know more on the Legacy system escrow data.</span>
- **RFP 30-** Defendants do not have any documents containing communications with the DOT regarding Drivers' hours of service. However, Defense Counsel recently received some emails from CRST that may contain responsive communications, but she has not reviewed them yet.

II.   **Plaintiffs' Fourth Set of RFPs**

- **Definition of Driver vs Owner Operator**- Defendants represented that that there was nothing excluded from their responses and/or searches when they responded to requests using the term "owner- operators" as opposed to Plaintiffs' definition of Driver. Defense Counsel will make sure that the list of opt-ins Defendants provided Plaintiffs and any discovery responses, including data, do not include Drivers who leased more than one truck at once. Defendants will follow up with Plaintiffs.
- **RFPs 69,70,72,73, and 74** will be resolved once the parties reconcile the definitions of owner-operator and Driver.
- **RFP 67-** Defendants will amend their response to RFP 67 to ensure that Defendants' search and their response includes all the bases for disqualification listed in paragraph 4(D)(3) of ICOA forms.
- **RFP 71-** Defendants will check to see if they have any documents reflecting whether there is a limit on the amount of funds that Drivers can take out of their Settlement Cards in a single transaction.
- **RFP 75-** Plaintiffs limit the relevant time-period for the request to September 2015. Defendants represent that the "Intrastate CA Fuel Tax," does not appear on Drivers' settlements as a separate line item. Rather, it is added to the fuel surcharge total. Plaintiffs request Defendants produce the documents that they reviewed to determine that the Intrastate CA Fuel Tax is included in the fuel surcharge payment to Drivers. Defense Counsel will ask Defendants for the documents they reviewed.

- **RFP 76 and 77-** Defense Counsel will ask Defendants for the documents reviewed in responding to these requests.
- **RFP 78-** Defense Counsel will ask Defendants for the documents showing that Mike Cross' payroll issues in August 2019 were resolved and that Mike was paid properly.

III. **Plaintiffs' Third Set of RFPs- Qualcomm Messages**

- Defendants are actively searching and compiling the Qualcomm message data, but there is only one individual working on the project. Defense Counsel will try to move Plaintiffs' request for Qualcomm message data to the top of the que. Defense Counsel will provide Plaintiffs with an anticipated date of production.

Thank you for your time. Please confirm whether this email is an accurate and complete reflection of our meet and confer today. If you have any questions or concerns, please do not hesitate to contact me.

Thank you,



Rebecca King, Esq.
*Pronouns: she/her/hers*
260 Fair Street
Kingston, NY 12401
(845) 255-9370
Fax: (845) 255-8649

   Follow us on Facebook, Twitter, and Instagram

---

CONFIDENTIALITY NOTICE: This message is privileged and confidential for the addressee(s) named above. If you are not the intended recipient, you are prohibited from disseminating, using, or copying the contents and should notify the sender immediately that you received this message in error. The signature(s) within this email does not constitute any binding agreement.