# EXHIBIT 18

# GETMAN, SWEENEY & DUNN, PLLC

Getman, Sweeney, & Dunn PLLC
260 Fair Street
Kingston, NY 12401
845-255-9370
Fax 845-255-8649
www.getmansweeney.com

VIA EMAIL

February 8, 2022

James H. Hanson
Scopelitis, Garvin, Light, Hanson & Feary, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204
jhanson@scopelitis.com

Re: *Cervantes, et al. v. CRST International, Inc. et al*, 1:20-cv-00075-CJW-KEM

Dear Jim,

I write to follow up on to your February 1, 2022 letter, responding to our December 30, 2021 letter. As an initial matter, I note that many of the issues Plaintiffs raised in the December 30 letter have been outstanding for months and your response to that letter has taken more than a month. With discovery deadlines fast approaching, we cannot accept such delay moving forward. We request that you respond to this and future discovery correspondence within a week so we can get these issues resolved.

## **Privilege Logs (Plaintiffs' Second Set of RFPs, Nos. 5, 6, 7)**

We appreciate Defendants' recognition that the information sought in these RFPs is relevant and subject to a privilege log to the extent that Defendants claim privilege over it. We understand that to be consistent with Magistrate Judge Maloney's guidance. However, your proposal that we provide a list of key terms for email searches is inappropriate. The requests cover more than just emails. We expect Defendants to provide a privilege log for any responsive documents that they withhold based on privilege. With respect to emails, it is wholly unreasonable to force Plaintiffs to limit the search without knowledge of who communicated with whom about the issues, how they did so, how they referred to them, etc. Defendants are required to conduct the appropriate search. It is important to note that the only information at issue here is attorney-client communications. It is hard to believe that Defendants and their counsel are unable to find such communications. Please confirm that Defendants will provide a privilege log for any documents that are relevant to the requests as propounded.

### I. **Plaintiffs' Second Set of RFPs, Nos. 11 and 13**

We appreciate Defendants' continued efforts to provide Legacy system escrow data. Please provide a date by which we can expect the information or an update.

### II. **Plaintiffs' Second Set of RFPs, No. 21.**

We appreciate Defendants' production of a single Excel spreadsheet page, Bates CRST011386. Plaintiffs' RFP asks for all reports or analyses that CRSTX or its agents create or review to evaluate the effectiveness of the promotional materials, the breadth of distribution, and its purpose. The single page of production hardly complies with that request.

During the December 2, 2021 meet and confer, CRST reported that it did not have any documents that contain a responsive report or analysis, outside of emails. Accordingly, Plaintiffs agreed to provide CRST with search terms and custodians for CRST to search emails for responsive documents. We provided those search terms and custodians in our December 30th letter. Your response causes us to question whether Defendants performed the searches using the terms for the listed custodians. Please confirm that Defendants performed the searches and have produced the resulting documents.

### III. **Plaintiffs' Second Set of RFPs, No. 22.**

We appreciate that Defendants produced responsive materials at CRST011298-11386 on December 21, 2021. However, as Plaintiffs previously noted, RFP 22 is not requesting Defendants supplement their response, which they are obligated to do under FRCP 26(e); rather it seeks updates and reports regarding the effectiveness of the advertising and marketing materials. Only one document out of the range Defendants referenced in their February 1st letter, CRST011386, contains an analysis. Please confirm that this production is complete.

### IV. **Plaintiffs' Fourth Set of RFPs, Nos. 67, 71, and 75 – 78:**

We appreciate Defendants' continued efforts to respond to these RFPs. Please provide a date by which we can expect the information or an update.

Thank you,

*s/ Meagan Rafferty*

Meagan Rafferty