# EXHIBIT 19



10 West Market Street
Suite 1400
Indianapolis, IN 46204

www.scopelitis.com

Main (317) 637-1777
Fax (317) 687-2414

*The full service transportation law firm*

**JAMES H. HANSON**
jhanson@scopelitis.com

April 5, 2022

**Via E-mail msweeney@getmansweeney.com**

Mr. Michael J.D. Sweeney
GETMAN SWEENEY & DUNN
260 Fair Street
Kingston, NY 12401

    Re:    *Cervantes, et al. v. CRST Expedited, Inc.*; United States District Court for the Northern District of Iowa; Case No. 1:20-cv-00075-CJW-KEM

Dear Mike:

I write to respond to your March 28, 2022 email, which requests updates on certain discovery requests to CRST Expedited, Inc. (CRST) and provides what you contend is your understanding of the agreement of the parties related to depositions of CRST representatives and employees.

As an initial matter, it was CRST's understanding that, at the conclusion of our March 15, 2022 meet and confer, the parties had agreed to delay discovery related to the putative Rule 23 class, including all depositions noticed for next week, until the Court ruled on Plaintiffs' pending Motion to Certify Counts 2, 3, 4, 5, and 6 as Rule 23(b)(3) Class Actions. The parties' Joint Motion to Modify the Supplemental Scheduling Order and Discovery Plan (ECF No. 266) reflects that agreement by stating that conducting "discovery on the class claims before knowing which will go forward is inefficient and unnecessarily burdensome." CRST will not agree to split its Rule 30(b)(6) depositions into FLSA and Rule 23 parts. Further, some witnesses may end up being designated for Rule 23 and FLSA topics, and CRST will not agree to sit a witness for a deposition more than once. Additionally, because of the overlap between the Rule 23 and FLSA issues, CRST believes when entering into the agreement (and remains its position now) that the parties would push all depositions of CRST employees until after the Court's ruling on class certification. In return, CRST will guarantee that Plaintiffs can depose each noticed witness during the 60-

Indianapolis ▪ Chicago ▪ Washington, D.C. ▪ Los Angeles ▪ Chattanooga
Detroit ▪ Dallas/Fort Worth ▪ Milwaukee ▪ Seattle ▪ St. Louis ▪ Cincinnati

SERVICES OUTSIDE CALIFORNIA AND MICHIGAN PROVIDED BY SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, PROFESSIONAL CORPORATION
SERVICES IN MICHIGAN PROVIDED BY SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, PROFESSIONAL LIMITED LIABILITY COMPANY
SERVICES IN CALIFORNIA PROVIDED BY SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LIMITED LIABILITY PARTNERSHIP

day period (or within a reasonable time after the period to the extent a scheduling issue arises). Finally, we want to make clear that, to the extent an individual is designated as a Rule 30(b)(6) deponent, CRST will provide that individual as a Rule 30(b)(6) representative and in their individual capacity during the same deposition. It will not agree to sit the same witness twice for any deposition. In light of the above and the joint motion pending with the Court, CRST will not present the witnesses whose depositions you noticed for April 11, 12, 13, 14, and 18 or designees for the Rule 30(b)(6) notices you served for April 21 and 22.

The following is an update related to ongoing discovery.

**Plaintiffs' First Set of Interrogatories, No. 3**

Any driver managers or recruiters listed in CRST009798 and currently employed may be contacted through my office. CRST will provide its last known contact information for managers or recruiters listed who it no longer employs and who decline to be represented by my firm for the purposes of this case. CRST is determining that information and will produce it as soon as it is able.

**Plaintiffs' Second Set of Requests for Production, Nos. 5-7**

As you and I discussed, these requests are *designed* to discover documents covered by the attorney-client and work product privileges, yet Plaintiffs have not provided any basis for invading either privilege despite CRST's request they do so. In the absence of a valid explanation, the burden and cost related to producing such a voluminous privilege log is not proportional to the needs of the case. *See* Fed. R. Civ. P. 26 advisory comm. note – 1993 amendment (explaining that privilege logs are unduly burdensome "when voluminous documents are claimed to be privileged."). CRST will not produce a privilege log absent a legitimate basis provided by Plaintiffs for the information.

**Plaintiffs' Fifth Set of Requests for Production, Nos. 79-84**

With respect to the documents and information we discussed on March 15, 2022, CRST gathered revenue data for the opt-ins from its LME system and anticipates producing that data in response to Request No. 79 by the end of this week. CRST's previous production of revenue data from its legacy system was generated by querying that system for opt-in social security numbers and driver IDs. CRST did not limit its search of the legacy system by date, and the results it produced contain the

responsive data of which it is aware. If you believe any legacy system data CRST produced is incomplete, please identify what you contend is missing.

In response to Request No. 80, CRST is producing the legacy and LME deduction data requested. CRST anticipates producing that data by the end of this week. As with the revenue data, CRST did not limit its search of the legacy system by date, and the data it will produce contains what it believes to be the earliest available responsive deduction data. Likewise, CRST anticipates producing its legacy and LME hours-of-service data in response to Request No. 81 by the end of this week.

CRST continues collecting the trip archive data requested in Request No. 82. It will attempt to produce that data during the week of April 11, 2022, but it cannot yet say with certainty when that data collection will be complete. In addition, CRST does not keep social security numbers with its trip archive data in the usual course of its business and will not produce that information in the data. CRST will, however, compile and provide a list of opt-ins with their corresponding payee identifiers and social security numbers, which you can apply to this and other data where social security numbers are not kept.

With respect to Request No. 83, CRST stopped using the CRST Driven application in 2019 and has not been able to access the requested communications. If CRST gains access to those communications, we will update you.

CRST continues its efforts to collect the GPS data you seek in Request No. 84. At this time, CRST cannot say with certainty when that data collection effort will be complete. It will, however, continue those efforts and attempt to produce the data during the week of April 11, 2022.

Once you have had an opportunity to review this letter, please let me know if you have any disagreement with our description of the parties' agreement related to Rule 23 class discovery or if you would like to discuss the issue further. I look forward to hearing from you.

Very truly yours,

/s/ *James H. Hanson*

James H. Hanson

JHH:mw
4887-8031-3626,