# EXHIBIT 20

# GETMAN, SWEENEY & DUNN, PLLC

Getman, Sweeney, & Dunn PLLC
260 Fair Street
Kingston, NY 12401
845-255-9370
Fax 845-255-8649
www.getmansweeney.com

VIA EMAIL June 15, 2022

James H. Hanson
Scopelitis, Garvin, Light, Hanson & Feary, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204
jhanson@scopelitis.com

Re: *Cervantes, et al. v. CRST International, Inc. et al*, 1:20-cv-00075-CJW-KEM

Dear Jim,

Below, please find a summary of the parties' discussion during our meet and confer on June 13, 2022. We understand that as a result of this and prior meet and confers, Defendants will respond to the requests as described below without raising additional objections. The parties also agreed that CRST will respond to Plaintiffs' requests on behalf of Discovery Opt-In Plaintiffs for those Opt-Ins who responded to CRST's discovery requests. CRST is not expected to respond to these requests on behalf of Discovery Opt-Ins who have withdrawn their consent to sues from this action.

I.  **Plaintiffs' Fifth Set of Requests for Production, No. 82- Propounded January 25, 2022**
    a.  Plaintiffs' Position: CRST has not produced the list of Opt-In Plaintiffs with "their corresponding payee identifiers and social security numbers" as CRST indicated it would do on April 5, 2022. As CRST acknowledged in their April 5th letter, this information is necessary for Plaintiffs to match Opt-In Plaintiffs with their correct payee identifiers.
    b.  CRST's Response: During the week of June 13th, CRST anticipates producing the list of Opt-Ins with their SSN and payee identifies for Opt-Ins with data in LME system. The SSNs and payee identifiers for Opt-Ins with legacy data can be derived from legacy data already produced.

1

II. **Plaintiffs' Seventh Set of Requests for Production, Nos. 93-96, 98, Propounded March 8, 2022**
   a. Request Nos. 93-96
      i. Plaintiffs' Position: Plaintiffs limited these requests and interrogatories to the 60 Discovery Opt-ins to account for any undue burden imposed on CRST. The requested information is highly relevant to Plaintiffs' FLSA claims to the extent they show the control CRST exerted over Drivers. Regarding Request No. 96, Plaintiffs request that CRST include any relevant information contained in the Discovery Opt-Ins' electronic files as described in Phil Klopp's deposition and requested in Request No. 107.
      ii. CRST's Response: CRST has produced Independent Contractor Operating Agreements (ICOAs), Equipment Leases, 1099s, or driver files for Opt-Ins who have been deposed or whose depositions were within three business days of occurring. During the week of June 13th, CRST will produce these documents for an additional four Opt-Ins and will continue searching for and producing documents for the responsive Discovery Opt-Ins. Regarding Request No. 96, CRST will produce whatever responsive documents they have, including documents from Drivers' files, electronic files as described in Phil Klopp's deposition, and qualification files.

   b. Request No. 97
      i. Plaintiffs' Position: 49 CFR Section 376.12(k)(6) requires CRST return drivers' escrow funds no later than "45 days from the date of termination." Thus, Plaintiffs are amenable to CRST using the date that it uses to begin the 45-day countdown as the termination date for purposes of this request. Further, 49 CFR Section 376.12(b) requires the lease to say when the lease begins and ends. Plaintiffs would accept the date an Opt-In's lease begins to represent their hire date for purposes of this request.
      ii. Defendants' Position: Defense Counsel will inquire whether CRST electronically records when Opt-Ins are hired, terminated, and signed an ICOA addendum, including whether CRST records a date from which it counts the 45-days for purposes of § 376.12(k)(6).

   c. Request No. 98
      i. Plaintiffs' Position: Plaintiffs limited this request to the 60 Discovery Opt-ins to account for any undue burden imposed on CRST. The documents are highly relevant to Plaintiffs' FLSA claims to the extent they show the control CRST exerted over Drivers, and Plaintiffs have noticed the depositions of the individuals listed in the request.
      ii. Defendants' Position: CRST will produce the requested emails but cannot provide a date of production at this time.

d. Request No. 99
   i. Plaintiffs' Position: In response to CRST's objections as to the burden of the request. Plaintiffs revise the request in the following manner:

      > For the Relevant Time Period, all documents concerning Discovery Opt-In Plaintiffs' termination and/or default of ICOA or lease, acceleration of lease payments, communications with HireRight, DAC or DriverFacts, (or similar employment history reporting companies), verification reports from other motor carriers, and communications with credit agencies and/or debt collectors.

   ii. Defendants' Position: CRST will search for and produce documents responsive to Plaintiffs' revised request.

e. Request No. 100
   i. Plaintiffs' Position: Plaintiffs clarify that this request does not seek the health information of individuals that Opt-Ins hired. Rather, Plaintiffs are seeking the documents that Drivers submitted to evidence coverage pursuant to ICOA ¶10(C).
   ii. Defendants' Position: CRST will produce any documents Drivers submitted pursuant to ICOA ¶10(c).

f. Request No. 101
   i. Plaintiffs' Position: This request seeks the Discovery Opt-In Plaintiffs' communication with CRST's internal and external recruiters. It is highly relevant to Plaintiffs' fraud claims.
   ii. Defendants' Position: CRST will produce responsive documents to the extent that they do not overlap with documents produced in response to RFP 21.

g. Request No. 102
   i. Plaintiffs' Position: These requests are limited to the 60 Discovery Opt-Ins and are highly relevant to Plaintiffs' unjust enrichment claims to the extent they show unconscionability. The requests are also relevant Plaintiffs' fraud claim to the extent it shows that Drivers were justified in relying on CRST's false representations in deciding to return to working at CRST after terminating their ICOA.
   ii. Defendants' Position: CRST will produce responsive documents regarding CRST's communications with Discovery Opt-Ins following the termination of their ICOA.

3

III. **Plaintiffs' Third Set of Interrogatories, Nos. 11-13, Propounded March 8, 2022**
   a. Plaintiffs' Position: Plaintiffs limited these interrogatories to the 60 Discovery Opt-in Plaintiffs to account for any undue burden imposed on CRST. The requested information is highly relevant to Plaintiffs' FLSA claims to the extent they show the control CRST exerted over Drivers.
   b. Defendants' Position: Defendants will amend its responses to Interrogatories Nos. 12 and 13 to reflect the information contained in Defense Counsel's June 12th letter. CRST will provide a substantive response to Interrogatory No. 11 but cannot at this time provide a date certain for the response.

IV. **Plaintiffs' Sixth Set of Requests for Production, No. 91—Propounded February 28, 2022**
   a. Plaintiffs' Position: Request No. 91 seeks information that is highly relevant to Plaintiffs' TILA Claims and Plaintiffs limited the request to data pertaining to Opt-in Plaintiffs. Plaintiffs clarified that Plaintiffs are not seeking the pdf documents of billing invoices CRST previously produced; rather, Plaintiffs are seeking the itemized information contained in billing invoices, such as CRST010125, CRST010127, CRST010266, CRST010420, in structured format.
   b. Defendants' Position: CRST will produce the data for the 60 Opt-Ins. Defense Counsel will provide Plaintiffs an update on the timing of the production by June 17, 2022, although Defense Counsel may not have a firm date of production to share this week.

V. **Plaintiffs' First Set of Interrogatories, No. 3, Propounded December 22, 2020**
   a. Plaintiffs' Position: Following the parties' March 15th meet and confer, Defense Counsel informed Plaintiffs via letter on April 5th that CRST "will provide its last known contact information for managers or recruiters listed who it no longer employs and who decline to be represented by my firm for the purposes of this case." CRST has not produced a list to date.
   b. Defendants' Position: During the week of June 13th, CRST will produce a list of former driver managers and recruiters with last-known contact info for those individuals.

VI. **Plaintiffs' Second Set of Requests for Production, Propounded July 8, 2021**
   a. Nos. 11 and 13
      i. Plaintiffs' Position: For Plaintiffs to analyze Drivers' maintenance and other reserve funds held in escrow by CRST, it is necessary that a detailed accounting of the changes to these escrow account balances are included in the dataset
      ii. Defendants' Position: As discussed during the parties' March 15, 2022 meet and confer, challenges related to the legacy system data prevented CRST from producing escrow balance data in the same manner as it did for LME data. Nevertheless, CRST is reviewing data it already produced

4

to Plaintiffs and compiled in a way it believes may allow for account balance information to be more readily interpreted. CRST anticipates updating its assessment of the data during the week of June 13.

  b. Nos. 21 and 22
    iii. Plaintiffs' Position: On December 30, 2021, Plaintiffs provided CRST with search terms and custodians to use to search CRST's emails for responsive documents, per CRST's request. During the parties' March 15th meet and confer, and CRST's subsequent March 23rd letter, CRST indicated that it would search emails using Plaintiffs' search terms and custodians and keep Plaintiffs apprised of its progress.
    iv. Defendants' Position: CRST will provide an update on the timeframe for producing the results of the email searches by June 17, 2022.

VII. **Plaintiffs' Fourth Set of Requests for Production, Propounded October 7, 2021**
  c. Nos. 67, 71, 75, 76, 77, and 78
    i. Plaintiffs' Position: As set out in Plaintiffs' Counsel's May 17, 2022 letter, these requests remain outstanding.
    ii. Defendants' Position: Defense Counsel will provide an update on this production by June 24, 2022.

IX. **Qualcomm Message Data- Plaintiffs' Third Set of Requests for Production, Propounded September 10, 2021**
  a. Plaintiff's Position: Defendants produced the Opt-Ins Plaintiffs' Qualcomm messages in response to Plaintiffs' Third Set of Requests for Production. Defendants produced the Qualcomm messages in the correct format, but the production does not include all the data that Defendants were required to produce. In particular, spreadsheets Bates stamped CRST016965 and CRST016966 contain only the Qualcomm messages Drivers sent CRST, but do not include CRST's response to the Drivers.
  b. Defendants' Position: CRST is aware of the problem and working to correct it. Defense Counsel Spolyar expects to have an update on the timing of the production by June 17th.

X. **Privilege Log- Second Set of Requests for Production, Propounded July 8, 2021**
  a. Plaintiffs' Position: In an effort to obtain document production or a privilege log in response to Request Nos. 5-7, Plaintiffs agreed to further limit the time period covered by the Requests to the period of September 18, 2015 to September 18, 2020, limit Request Nos. 5 and 7 to the responsive "legal analysis or opinion," and limit Request No. 6 to responsive "legal or financial analysis or opinion."
  b. Defendants' Position: CRST will not produce documents or a privilege log in response to Plaintiffs' Second Set of RFP Nos. 5-7 as they seek only privileged information and Plaintiffs have not provided a basis for overcoming the privilege

## XI. Conclusion

Please let us know promptly if you disagree with any of the foregoing.

Sincerely,

*s/ Mike Sweeney*

Mike Sweeney

6