IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| ANTHONY CERVANTES and MIKE CROSS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CRST INTERNATIONAL, INC. and CRST EXPEDITED, INC.,<br><br>Defendants. | Case No. 1:20-cv-00075-CJW-KEM<br><br>Honorable Judge C.J. Williams<br><br>**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL** |

Defendants, CRST International, Inc. and CRST Expedited, Inc. (collectively "CRST"), submit the following response in opposition to Plaintiffs' Motion to Compel (Doc. 277).

## INTRODUCTION

CRST has produced over 29,000 pages of documents (many of which are spreadsheets containing thousands of rows of data) in response to the 110 Requests for Production that Plaintiffs have served. Of the 110 Requests, only four are the subject of Plaintiffs' Motion to Compel. The nature of the parties' dispute with respect to each of these four requests is the same, and it is straight forward. Each of the disputed requests was crafted so that *any* documents responsive to the Requests would be protected by the attorney client privilege and/or work product doctrine.

As Plaintiffs' counsel confirmed in one of her meet and confer letters, this was precisely Plaintiffs' intent: "It is important to note that the *only* information at issue here is attorney client communications." *Letter from Meagan Rafferty to James Hanson,* dated February 8, 2022 (Doc. 277-18) (emphasis added). Neither during the meet and confer process, nor in their motion, do Plaintiffs contend that they have *any* basis on which to pierce the privilege. Plaintiffs' sole basis for requesting the production of the facially privileged documents is their position that CRST

1

waived the protections of the attorney client privilege and work product doctrine because, although CRST objected to undertaking the empty exercise of creating a privilege log to catalog documents the parties agree would be privileged.

None of the cases on which Plaintiffs' rely support, let alone hold, that CRST's objections to the requests and the burden of creating a privilege log effectuated a waiver of the protections afforded by the attorney client privilege and work product doctrine.

## BACKGROUND

Plaintiffs assert that CRST willfully failed to pay individuals who elected to participate in CRST's Lease Purchase program the federal minimum wage. In furtherance of establishing CRST's "scienter," Plaintiffs propounded the following Requests:

> **Plaintiffs' First Set of Requests for Production, No. 21:** All documents containing or concerning any claim, complaint, worker compensation claim, governmental communication, audit, award, formal or informal opinion, legal opinion or investigation pertaining to the legality or propriety of:
> a. [CRST]'s treatment of Drivers as independent contractors.
> b. [CRST]'s non-payment of minimum wages, individually or collectively to any individual or class of worker.
>
> **Plaintiffs' Second Set of Requests for Production, No. 5**: All documents containing or concerning any legal analysis, or formal or informal opinion of FLSA lawsuits brought against other carriers based on their classification of drivers as independent contractors, including but not limited to lawsuits against Western Express, Swift Transportation Co., and Central Trucking Inc.
>
> **Plaintiffs' Second Set of Requests for Production, No. 6**: All documents concerning any legal or financial formal or informal opinion, review, or investigation pertaining to:
> a. [CRST]'s decision to implement the Lease Purchase Program;
> b. [CRST]'s decision to implement the Lead Driver Program;
> c. [CRST]'s determination of Drivers' base compensation rates.
>
> **Plaintiffs' Second Set of Requests for Production, No. 7**: All documents containing or concerning any claim, complaint, governmental communication, audit, award, formal or informal opinion, legal opinion or investigation pertaining to the legality or propriety of [CRST]'s Lead Driver Program.

2

Save for the request for "financial opinions," in Request No. 6,[1] every document responsive to any of these requests would be protected from disclosure by the attorney client privilege or the work product doctrine.

Plaintiffs readily acknowledge that the information they are requesting is privileged. "It is important to note that the *only* information at issue here is attorney client communications." *Letter from Meagan Rafferty to James Hanson,* dated February 8, 2022 (Doc. 277-18) (emphasis added). When CRST asked whether Plaintiffs had any basis or theory under which they would be entitled to pierce the attorney client privilege, Plaintiffs never suggested that they had a basis to do so. *See Letter from James H. Hanson to Michael Sweeny,* dated April 5, 2022 (Doc. 277-19). CRST also offered to stipulate that its good faith defense to the alleged failure to pay Plaintiffs the minimum wage was not predicated on an advice of counsel defense. *See Letter from James H. Hanson to Michael Sweeny,* dated November 7, 2021 (Doc. 277-14).

To date, including in their Motion to Compel, Plaintiffs have articulated no basis on which they believe they would be entitled to view the privileged documents they requested other than to say CRST waived its objection because it did not provide a privilege log. Plaintiffs have also failed to articulate how a privilege log would provide them with any information they do not already know or have. As Plaintiffs acknowledge, each of the documents they seek is privileged; "the *only* information at issue here is attorney client communications." *Letter from Meagan Rafferty to James Hanson,* dated February 8, 2022 (Doc. 277-18) (emphasis added).   Creating a privilege log will require CRST to (a) spend hundreds, if not thousands, of hours collecting and cataloging documents, and (b) pay its counsel for a similar amount of time reviewing and logging the same.

---

[1] CRST advised Plaintiffs that CRST had no documents reflecting a "financial opinion, review or investigation." *See Letter from James H. Hanson to Michael Sweeny, dated November 7, 2021* (Doc. 277-14)*.*

*See Declaration of Lisa Stephenson* (Doc. 278-4).

# ARGUMENT

**A.     Plaintiffs are not entitled to the discovery they seek.**

Federal Rule of Civil Procedure 26(b)(1) defines the scope of discoverable information and expressly excludes from that scope privileged materials.

> Parties may obtain discovery regarding any *nonprivileged matter* that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1) (emphasis added). Read in its entirety, the rule not only precludes a party from specifically *requesting* privileged documents, it also limits the burden a party responding to such a request must bear in protecting privileged documents from discovery. There is no need to prepare a privilege log when it would only serve to tell Plaintiffs what they already know—that every responsive document is privileged. As the advisory notes to the 1993 amendments to Rule 26 explain, "a party can seek relief through a protective order under subdivision (c) if compliance with the requirement for providing [a privilege log] would be an unreasonable burden." The juxtaposition of the thousands of hours and attendant expense of creating a privilege log with the absence of any benefit to Plaintiffs render the request for a privilege log unduly burdensome. On this basis, and after meeting and conferring with Plaintiffs' counsel, CRST moved for a protective order (Doc. 278) the same day that Plaintiffs filed their Motion to Compel.

**B.     CRST did not waive the attorney client privilege.**

Plaintiffs' Motion to Compel is devoid of any claim that they were prejudiced by the absence of a privilege log; Plaintiffs acknowledge that the documents they seek are privileged. Plaintiffs' Motion is similarly silent on any basis to pierce the privilege. Instead, Plaintiffs' Motion

is predicated solely on their assertion that "CRST has waived any privilege" because it did not produce a privilege log. None of the cases on which Plaintiffs' rely for this proposition involve requests that were designed to discover privileged information. *See, e.g., In re VeroBlue Farms USA, Inc.*, 21-CV-3017-CJW-KEM, 2021 WL 3260087, at *4 (N.D. Iowa June 30, 2021) (denying interlocutory appeal of a bankruptcy contempt order for party's failure to respond to more than 40 interrogatories, requests for production, and requests for admission, as well as a failure to comply with a court order); *Stagger v. Experian Info. Sols., Inc.*, 2021 WL 5299791, * 3 (N.D. Il. Nov. 15, 2021) (addressing waiver when request sought "policy changes and implementation, including software and algorithms" and not legal analysis or opinions); *Surgery Ctr. At 900 N. Michigan Ave, LLC v. Am. Phys. Ass. Corp, Inc.* 317 F.R.D. 620, 631 (N.D. I. 2016) (seeking internal emails about specific claim and defendants did not dispute "producibility of such information"). And none support, let alone hold, that failing to produce a privilege log in response to requests that seek only privileged documents effectuates a waiver of the privilege.

To the contrary, the cases on which Plaintiffs' rely make clear that waiver "of the privilege is reserved as a serious sanction 'for cases of unjustified delay, inexcusable conduct and bad faith.'" *RightChoice Managed Care v. Hospital Partners, Inc.,* 489 F. Supp.3d 907, 914 (W.D. Mo. 2020); *Progressive Caus. Ins. Co. v. FDIC,* 298 F.R.D. 417, 421 (N.D. Iowa 2014) (same); *Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist Ct. for D. Mont.,* 408 F.3d 1142, 1147 (9th Cir. 2005) (rejecting *per se* waiver for failing to produce privilege log and ordering documents produced that had been produced in prior litigation). Plaintiffs have cited no authority that would expand the scope of discoverable material to privileged documents. Nor do they cite any authority that would effectuate a waiver of the attorney client privilege for failing to produce a privilege log in response to Requests that the propounding party acknowledges are designed *only* to discover

5

Case 1:20-cv-00075-CJW-KEM    Document 287    Filed 07/01/22    Page 5 of 7

"attorney client communications."

## CONCLUSION

As Plaintiffs' counsel explained in the meet and confer process, "the *only* information at issue here is attorney client communications." *Letter from Meagan Rafferty to James Hanson,* dated February 8, 2022 (Doc. 277-18) (emphasis added). Privilege logs are required when the propounding party needs "sufficient information" "to assess the claim of privilege." *Progressive Caus.,* 298 F.R.D. at 421. When the propounding party acknowledges that every document responsive to their Requests is privileged, producing a privilege log that would take thousands of hours to compile is unnecessary and unduly burdensome.

CRST respectfully requests that Plaintiffs' Motion to Compel be denied.

Dated: July 1, 2022          Respectfully submitted,

/s/James H. Hanson
James H. Hanson (admitted *pro hac vice*)
James T. Spolyar (admitted *pro hac vice*)
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204
P: 317-492-9205
F: 317-687-2414
jhanson@scopelitis.com
jspolyar@scopelitis.com

Adam C. Smedstad (admitted *pro hac vice*)
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
3214 West McGraw Street, Suite 301F
Seattle, WA 98199
P: 206-288-6192
F: 206-299-9375
asmedstad@scopelitis.com

/s/Kevin J. Visser
Kevin J. Visser
SIMMONS PERRINE MOYER BERGMAN PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401-1266
P: 319-366-7641
F: 319-366-1917
kvisser@spmblaw.com

*Attorneys for Defendants,*
*CRST International, Inc. and CRST Expedited, Inc.*

4861-5130-6023, v. 2