IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| ANTHONY CERVANTES and MIKE CROSS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CRST INTERNATIONAL, INC., and CRST EXPEDITED, INC.,<br><br>Defendants. | Case No. 1:20-cv-00075-CJW-KEM<br><br>Honorable Judge C.J. Williams |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE LEE COBLENTZ FROM CRST'S FIRST AMENDED WITNESS LIST AND PRECLUDE HIS TESTIMONY AT TRIAL**

## Table of Contents

INTRODUCTION ..................................................................................................................1
    I.    Relevant Procedural and Factual Background ................................................................1
    II.    Argument ........................................................................................................................2
        A.    Mr. Coblentz Is Not a Replacement Witness and the Court Should Bar His Testimony from Trial ..................................................................................................................2
CONCLUSION ....................................................................................................................6

**INTRODUCTION**

In accordance with the Court's directive during the Final Pretrial Conference, Plaintiffs respectfully move the Court to strike Lee Coblentz from CRST's first amended witness list, dated October 15, 2024, and preclude Mr. Coblentz from testifying at trial.

**I.    Relevant Procedural and Factual Background**

On August 19, Defendants filed an amendment to their initial disclosures adding Mr. Coblentz and five driver witnesses for the first time. The next day, Plaintiffs moved to strike Defendants' Second Supplemental Disclosures as untimely and exclude the six untimely disclosed witnesses. Doc 380. In resisting Plaintiffs' motion, CRST represented to the Court that that, although Mr. Reges left CRST in December 2023, "CRST's counsel was not made aware of Mr. Reges' departure until July 22, 2024," and that "CRST identified and disclosed Lee Coblentz in the Supplemental Disclosures so that he may serve as a replacement witness for Phil Reges at trial." Doc. 385-1 at ¶ 20-21. CRST also represented that it did not anticipate Coblentz's testimony at trial will be materially different from Reges' deposition testimony. *Id*. at ¶¶ 23-24.

While Plaintiffs' motion to strike was fully briefed and pending before the Court, the parties exchanged trial witness lists on the due date, October 3, 2024. In its witness list, CRST listed Mr. Reges who had apparently become available, but did not list Mr. Coblentz. Exhibit 1 (CRST's October 3rd Witness List) at ¶¶2, 7, 8, 12, 14, 15. *See* Exhibit 1 (Defendants did list the five driver witnesses who were subject to Plaintiffs pending motion to exclude.). Unaware that Mr. Reges had become available and was on Defendants' witness list, Chief Magistrate Judge Mahoney ruled Plaintiffs' motion to strike on October 10, 2024, and granted Plaintiffs' request to exclude four of the five driver witnesses listed in CRST's late disclosures. However, based on the premise that Mr. Coblentz was still intended as a replacement witness for Mr. Reges, Chief Magistrate Judge Mahoney found that CRST's late disclosure of Mr. Coblentz as a replacement

1

witness was harmless. *Id.* at 10. Given that Plaintiffs did not have the opportunity to depose Mr. Coblentz during discovery, however, Chief Magistrate Judge Mahoney ordered CRST to submit a declaration from Mr. Coblentz "going line-by-line through [Mr. Reges'] deposition answers and adopting or denying those statements." *Id.* at 11. Chief Magistrate Judge Mahoney also ordered that Plaintiffs be given the opportunity to depose Mr. Coblentz, with costs borne by CRST, if the required declaration from Mr. Coblentz disclosed that he lacks personal knowledge about an answer or does not know the answer to questions posed in Mr. Reges' deposition. *Id.*

Five days after the Court's order, on October 15, 2024, CRST served Plaintiffs with an amended trial witness list, adding Mr. Coblentz, *in addition to Mr. Reges remaining on the list*, as an in-person witness. *See* Exhibit 2 (CRST's October 15, 2024 Witness List) at ¶¶ 5, 13. On October 22, 2024, CRST provided Plaintiffs with a copy of Mr. Coblentz's declaration. *See* Ex. 2. Contrary to the Court's order, Mr. Coblentz's declaration does not merely indicate whether he lacks the personal knowledge about an answer or is adopting or denying Mr. Reges's deposition testimony. Instead, Mr. Coblentz provides additional information as likely trial testimony beyond the parameters set by Chief Magistrate Judge and that which was provided by Mr. Reges in his deposition. *See* Exhibit 3 at ¶¶ 4-6.

**II.    Argument**

**A. Mr. Coblentz Is Not a Replacement Witness and the Court Should Bar His Testimony from Trial**

In the order granting in part Plaintiffs' motion to strike CRST's Second Supplemental Disclosures, Chief Magistrate Judge Mahoney found that CRST failed to timely disclose Mr. Coblentz as a witness under Fed. R. Civ. P. 26(e). Doc. 398 at 9. As more fully set forth in Plaintiffs' moving brief in support of their motion to strike, Doc. 380-1, pursuant to Rule 37(c), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not

2

allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial . . ." Fed. R. Civ. P. 37(c)(1). In the Eighth Circuit, exclusion under Rule 37(c)(1) is the "default, self-executing sanction" for failing to comply with Rule 26, unless "the failure was substantially justified or is harmless." *Vanderberg v. Petco Animal Supplies Stores, Inc*., 906 F.3d 698, 702 (8th Cir. 2018). To determine whether the failure to disclose was substantially justified or harmless, Courts consider four factors: "(1) the importance of the excluded material; (2) the explanation of the party for its failure to comply with the required disclosure; (3) the potential prejudice that would arise from allowing the material to be used at trial or on a motion; and (4) the availability of a continuance to cure such prejudice." *Bruhn Farms Joint Venture v. Fireman's Fund Ins. Co*., No. 13-CV-4106-CJW, 2017 WL 632105, at *5 (N.D. Iowa Feb. 13, 2017) (citing Fed. R. Civ. P. 37(c)(1)).

Chief Magistrate Judge Mahoney's analysis of whether CRST's late disclosure of Mr. Coblentz was substantially justified or harmless was based on CRST's representation that it disclosed Mr. Coblentz "so that he may serve as a *replacement* witness for Phil Reges at trial" implicitly representing that Mr. Reges was unavailable to testify at trial *See* Doc. 385-1 at ¶21 (emphasis added); Doc. 398 at 9-14. The Court cited to caselaw permitting untimely disclosed "witnesses meant to 'replace' a previously disclosed witness" to testify at trial. Doc. 398 at 10, n. 12 (citing *Green Payment Sols., LLC v. First Data Merch. Servs. Corp*., No. CV 18-1463 DSF (ASX), 2019 WL 4221402, at *1 (C.D. Cal. July 2, 2019) (denying motion to strike defendants' untimely disclosed witnesses where the witnesses were disclosed to testify "*in place of*" the previously deposed 30(b)(6) witness) (emphasis added); *VirnetX Inc. v. Apple Inc.*, No. 6:12-CV-00855-RWS, 2018 WL 10471118, at *1 (E.D. Tex. Mar. 7, 2018) (granting defendants' request to

supplement its initial disclosures to add a "*replacement*" witness for a 30(b)(6) witness who is "*not available to testify*") (emphasis added).

Given that CRST has guaranteed the presence of Mr. Reges and Mr. Coblentz at trial by including them on Defendants' trial witness list, CRST clearly cannot satisfy its burden to establish that its failure to timely disclose Mr. Coblentz was substantially justified or harmless under the Eighth Circuit's four-factor test. First, the importance of Mr. Coblentz's testimony weighs in favor of excluding him from trial. Now that CRST has ensured Mr. Reges will testify at trial, Mr. Coblentz's testimony (which CRST has insists will be consistent with Mr. Reges), is irrelevant. If Mr. Coblentz's testimony will, in fact, be the same as Mr. Reges', his testimony should be excluded as cumulative pursuant to Fed. R. Evid. 403. *See Burckhard v. BNSF Ry. Co.*, 837 F.3d 848, 856-57 (8th Cir. 2016). Moreover, it is not clear that Mr. Coblentz's testimony will be relevant. He has been CRST's Vice President of Network Performance (Mr. Reges' prior position) only since January 2024. But the damages period in this case only extends to November 3, 2023, the deadline for affirmative expert reports. *See* Doc. 327. Mr. Reges, who worked until December 2023, and who is now available, will be able to testify to his experience as CRST's Vice President of Network Performance during the applicable damages period, while Mr. Coblentz's experience in the same position falls outside the applicable period.

Second, as detailed in Plaintiffs' opening brief in support of their motion to strike, CRST's justification for failing to timely disclose Mr. Coblentz no longer exists. It is not clear whether Defendants checked to see if Mr. Reges was available before their August disclosure of Mr. Coblentz as a replacement witness, but, in any event, he became available and, recognizing that their excuse for adding Mr. Coblentz as a witness had disappeared, Defendants listed Mr. Reges as a live witness on their October 3rd witness list (along with the five drivers Plaintiffs sought to

4

exclude) but did not list Mr. Coblentz. Nevertheless, twelve days later CRST amended its witness list to include both Mr. Reges and Mr. Coblentz. Ex. 2 ¶5.

Third, permitting CRST to call Mr. Coblentz at trial will prejudice Plaintiffs, because CRST is attempting to introduce new testimony through Mr. Coblentz even though he has not been subject to any discovery during the discovery period, and trial is set to begin in one week. Contrary to the Court's order that Mr. Coblentz go "line-by-line through [Mr. Reges'] deposition answers and adopt[] or deny[] those statements," Doc. 398 at 11, CRST took the liberty in Mr. Coblentz's declaration to introduce new testimony in response to questions posed during Mr. Reges' deposition. *See* Ex. 3 at ¶¶4-6 (answering questions posed to Mr. Reges with new information). CRST waited to provide Plaintiffs with Mr. Coblentz's declaration until October 22nd, nearly two weeks after the Court issued its order. *See* Ex. 3. This has left Plaintiffs with insufficient time to depose Mr. Coblentz in the midst of preparing for trial. The prejudice to Plaintiffs in permitting CRST to introduce Mr. Coblentz at trial "is obvious here," especially considering that CRST did not follow the Court's order. *Bruhn Farms Joint Venture*, 2017 WL 632105, at *5 (barring plaintiffs from seeking recovery of newly disclosed damages that plaintiffs revealed in their supplemental interrogatory response made within 60 days of the close of discovery and 90 days before trial). The prejudice to Plaintiffs is further compounded by the fact that the witness CRST claims Mr. Coblentz is replacing, Mr. Reges, whom Plaintiffs deposed during the discovery period, will be present at trial and available to testify.

Fourth, the harm and prejudice from CRST's untimely disclosure cannot be cured by a continuance given that trial is one week away. Indeed, the prejudice caused by CRST's multiple failures to timely disclose Mr. Coblentz, including in their Rule 26(e) disclosures and their initial

5

witness list, was magnified by CRST's failure to provide Mr. Coblentz' declaration until nearly two weeks after the Court's order requiring it to do so.

## CONCLUSION

Plaintiffs respectfully request the Court strike Mr. Coblentz from CRST's first amended witness list, dated October 15, 2024, and exclude Mr. Coblentz from testifying at trial pursuant to Rule 37(c)(1).

Respectfully submitted this 28th day of October 2024.

By: */s/ Rebecca King*

Rebecca King (*pro hac vice*)
Michael J.D. Sweeney (*pro hac vice*)
Anamaria Segura (*pro hac vice*)
Getman, Sweeney & Dunn, PLLC
260 Fair Street
Kingston, New York 12401
Telephone: (845) 255-9370
Fax: (845) 255-8649
rking@getmansweeney.com
msweeney@getmansweeney.com
asegura@getmansweeney.com

Susan Martin *(pro hac vice)*
Daniel Bonnett
Jennifer Kroll *(pro hac vice)*
MARTIN & BONNETT, P.L.L.C.
4647 N. 32nd St., Suite 185
Phoenix, AZ 85018
Telephone: (602) 240-6900
Facsimile: (602) 240-2345
smartin@martinbonnett.com
dbonnett@martinbonnett.com
jkroll@martinbonnett.com

Edward Tuddenham *(pro hac vice)*
42 Ave Bosquet 75007
Paris, France

6

33 06 84 79 89 30
edwardtuddenham@gmail.com

ATTORNEYS FOR PLAINTIFFS