IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| ANTHONY CERVANTES and MIKE CROSS, *individually and on behalf of all other similarly situated persons*,<br><br>Plaintiffs,<br><br>vs.<br><br>CRST INTERNATIONAL, INC. and CRST EXPEDITED, INC.,<br><br>Defendants. | No. 20-CV-75-CJW-KEM<br><br><br><br>**ORDER** |

_____

This matter is before the Court on two motions. Plaintiffs filed a motion to strike Lee Coblentz from defendants' witness list and preclude his testimony at trial. (Docs. 405 & 405-1). Defendants filed a resistance. (Doc. 408).

Defendants also filed a motion to strike regarding Scott Workman and plaintiffs' exhibits 159 and 160. (Docs. 406 & 406-1). Plaintiffs filed a resistance. (Doc. 407).

### I. PLAINTIFFS' MOTION TO STRIKE

Plaintiffs move to strike Lee Coblentz from defendants' witness list and preclude him from testifying at trial. Chief Judge Mahoney previously filed an order holding that Coblentz may testify as a replacement witness even though Coblentz was disclosed late. (Doc. 398). Defendants' justification allowing Coblentz to testify was the fact that Coblentz was replacing Phil Reges—Reges left CRST within the past year or so and Coblentz was hired in his place—and Coblentz would essentially be testifying the same as Reges. Now, however, defendants list both Reges and Coblentz on their witness list.

Defendants' justification for the late disclosure is no longer present and Coblentz is no longer needed as a replacement witness, as there is nobody to replace.

Thus, the Court **grants** plaintiffs' motion to strike Coblentz from defendants' witness list, and Coblentz will not be allowed to testify at trial.

## II. DEFENDANTS' MOTION TO STRIKE

Defendants move to strike Scott Workman from plaintiffs' witness list and preclude him from testifying at trial, and to strike plaintiffs' exhibits 159 and 160. Workman is a data analyst associated with plaintiffs' counsel's firm who created spreadsheets as Federal Rule of Evidence 1006 summaries. The summaries are plaintiffs' exhibits 159 and 160. Plaintiffs stated generally in their initial disclosures as far back as April 2022 that there would be witness(es) of this nature, but never listed the witness(es) name until the parties provided witness lists to each other on October 3, 2024. In their disclosures, plaintiffs invited defendants to inquire about the Rule 1006 witness if they wished.

The Court agrees with defendants' arguments regarding Workman. Plaintiffs' disclosures were not specific enough. A general category is not specific enough in this situation. Disclosures and discovery impose a responsibility on one party to provide information to the other. One does not comply with this duty by imposing a duty on the opposing party to inquire further. Thus, the Court **grants** defendants' motion to strike Workman from plaintiffs' witness list, and Workman will not be allowed to testify at trial.

As for plaintiffs' exhibits 159 and 160, the Court will withhold ruling until it sees the evidence come in. Of course, a Rule 1006 summary must fairly summarize the evidence and assist a fact finder in understanding evidence that has been introduced into evidence previously. The Court does not know what the evidence will be at this stage, so it cannot know whether exhibits 159 and 160 fairly summarize the evidence that will

be introduced at trial. Plaintiffs may also be able to lay a proper foundation for the exhibits through other previously disclosed witnesses. As for defendants' other arguments regarding data manipulation and whether the headings include argumentative language, the Court will also take them up at trial if needed. Thus, the Court **holds in abeyance** defendants' objection to plaintiffs' exhibits 159 and 160.

For these reasons, the Court **grants** plaintiffs' motion to strike Lee Coblentz from defendants' witness list and to preclude Coblentz from testifying at trial. (Doc. 405).

The Court **grants** defendants' motion to strike Scott Workman from plaintiffs' witness list and to preclude Workman from testifying at trial. (Doc. 406).

The Court **holds in abeyance** defendants' objections to plaintiffs' exhibits 159 and 160.

**IT IS SO ORDERED** this 1st day of November, 2024.

_____
C.J. Williams, Chief Judge
United States District Court
Northern District of Iowa