IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| ANTHONY CERVANTES and MIKE CROSS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CRST INTERNATIONAL, INC., and CRST EXPEDITED, INC.,<br><br>Defendants. | Case No. 1:20-cv-00075-CJW-KEM<br><br>Honorable Judge C.J. Williams |

**JOINT PROPOSED DISCOVERY DEADLINES FOR TILA DAMAGES**

On July 25, 2025, the Court issued its Findings of Fact and Conclusions of Law. Doc. 455 ("Findings and Conclusions"). In its Findings and Conclusions, the Court found that the total Truth in Leasing Act ("TILA") damages for the class members are $1,794,000.00. *Id.* at 44. The Court ordered the Parties to meet and confer concerning the reopening of discovery for the limited purpose of determining the amount of TILA damages each individual class member suffered, if any, and submit proposed deadlines to the Court for conducting TILA damages discovery within 30 days of the Findings and Conclusions. *Id.* The Parties met and conferred to discuss the discovery needed to determine the amount of TILA damages on a class member by class member basis, including the calculation of pre- and post- judgment interest under Title 26, U.S.C. § 6621(a)(2) and Title 28, U.S.C. § 1961.

**A. Proposed Discovery**

The Parties propose a discovery period of 90 days from the date the Court enters an order approving the proposed discovery plan within which to complete discovery for the limited purpose of determining the amount of TILA damages each individual class member suffered. During the

1

90-day discovery period, Plaintiffs will propound written discovery, including interrogatories and requests for production, on Defendants. The written discovery will seek the information necessary to identify the amount of TILA damages each class member suffered, if any, as calculated by Dr. Song. To calculate pre-judgment interest for the class members with TILA damages, Plaintiffs will also seek written discovery from Defendants on a class member by class member basis of the date of each load that resulted in TILA damages and amount of damages for each of those loads. Plaintiffs' discovery requests will include, but are not limited to:

1. Discovery to determine whether Dr. Song's offsetting methodology for her calculation of $1,794,000.00 was calculated on an aggregate basis for each class member or on a load-by-load basis for each class member and obtain related data, calculations, and explanations in order to assist in determining individual class member TILA damages. This includes production of any of Dr. Song's intermediary tables and associated code that she used to calculate her TILA damages. If she created and used intermediary tables but no longer has them in her possession or access to them, additional discovery is contemplated to determine what steps would be required to reproduce the tables (including intermediary tables) used to arrive at her total TILA damages calculations, and a request that Defendants reproduce them and produce them to Plaintiffs.

    Defendants intend to object to this discovery as Dr. Song has already provided Plaintiffs with her work papers and code related to her calculations. Defendants provided Plaintiffs with all of this information shortly after disclosing their expert report, and Defendants object to incurring any additional expense related to discovery as the expert discovery deadline expired on January 12, 2024. Plaintiffs

2

have not provided the Court with class member by class member damages and have therefore failed to meet their burden of proof on the TILA claim.

Plaintiffs, on the other hand, believe that discovery on the precise methodology Dr. Song used to arrive at her aggregate TILA damages calculations on a class member-by-class member basis is appropriate given the Court's ruling on TILA damages. This methodology was not among Dr. Song's workpapers that were produced, but she necessarily had to make those computations to arrive at her aggregate TILA damages. Plaintiffs understand the Court's ruling to encompass that discovery.

2. Discovery requesting Defendants identify the individuals who were involved in creating the intermediary tables used in Dr. Song's TILA damages calculations. Defendants will object to any such discovery based on the same objection set forth in paragraph 1.

3. To the extent necessary, Plaintiffs may seek to depose the individual(s) involved in creating the intermediary tables and/or Dr. Song. Defendants will object to any such discovery based on the same objection set forth in paragraph 1.

4. Any discovery dispute shall be promptly brought to the attention of the Court if, after good faith consultation, the Parties are unable to resolve the dispute.

5. Upon completion of discovery, the Parties will meet and confer in good faith and notify the Court no later than 135 days after entry of an order setting the TILA damages discovery deadlines that the Parties have agreed on individual class member damages or if a further hearing before the Court for such purpose is required.

### B. Reservation of All Objections and Legal Arguments

Pursuant to the Court's July 25, 2025 Order, Plaintiffs and Defendants engaged in meet and confer sessions for the purpose of reaching an agreement with respect to the TILA damages

discovery permitted by the Court's Findings of Fact and Conclusions of Law and in order to comply with the Court's order regarding determination and calculation of the amount of TILA damages each class members suffered, if any, including pre- and post-judgment interest. Doc. 455 at 44. In doing so, neither Plaintiffs nor Defendants waive any right, objection or argument with regard to the Court's Findings and Conclusions and expressly reserve any and all rights to seek any post-judgment relief whether by motion or appeal as may be available to any party whether by rule, statute or otherwise. Plaintiffs intend on filing a motion for attorneys' fees, costs, and expenses as prevailing parties under the TILA claims following the Court's entry of final judgment in this matter and consistent with the Court's instructions. Doc. 455 at 45. Defendants intend to object to Plaintiffs' motion for fees, costs, and expenses because Plaintiffs did not accept Defendants' pre-trial Rule 68 offer of judgment as to the TILA claims.

Respectfully submitted this 22nd day of August 2025.

<table>
<tr><td>

*/s/ James H. Hanson*
James H. Hanson (admitted *pro hac vice*)
James T. Spolyar (admitted *pro hac vice*)
Robert A. Rowlett (admitted *pro hac vice*)
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204
P: 317-492-9205
F: 317-684-2414
jhanson@scopelitis.com
jspolyar@scopelitis.com
rrowlett@scopelitis.com

Adam C. Smedstad (admitted *pro hac vice*)
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
5470 Shilshole Avenue NW, Suite 520
Seattle, WA 98107
P: 206-288-6192
F: 206-299-9375
asmedstad@scopelitis.com

Thomas D. Wolle
SIMMONS PERRINE MOYER BERGMAN PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401-1266
P: 319-366-7641
F: 319-366-1917
twolle@spmblaw.com

ATTORNEYS FOR DEFENDANTS

</td><td>

*/s/ Rebecca King*
GETMAN, SWEENEY & DUNN, PLLC
Rebecca King (*PHV*)
Anamaria Segura (*PHV*)
Michael J.D. Sweeney (*PHV*)
260 Fair Street
Kingston, NY 12401
(845) 255-9370
asegura@getmansweeney.com
rking@getmansweeney.com
msweeney@getmansweeney.com

MARTIN & BONNETT, P.L.L.C.
Daniel Bonnett
Susan Martin (*PHV*)
Jennifer Kroll (*PHV*)
Michael M. Licata (*PHV*)
4747 N. 32nd Street, Suite 185
Phoenix, Arizona 85018
(602) 240-6900
dbonnett&martinbonnett.com
smartin@martinbonnett.com
jkroll@martinbonnett.com
mlicata@martinbonnett.com

Edward Tuddenham
42 Ave Bosquet
75007 Paris, France
33 684 79 89 30
edwardtuddenham@gmail.com

ATTORNEYS FOR PLAINTIFFS

</td></tr>
</table>